UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JESSICA B. SERRETT, | Plaintiff, | **Confidentiality Stipulation and Proposed Protective Order**<br><br>23-CV-6291 (LJV/LGF) |
| -vs- | | |
| BARRY PORSCH, et al., | Defendants. | |

**WHEREAS**, the parties agreed to these terms of confidentiality, and the Court finding that good cause exists for issuing an appropriately tailored confidentiality Order under Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that these restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely in connection with the action.

3. If a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and absent a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production may require a designation of "For Attorneys' or Experts' Eyes Only."

5.     Before disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.

6.     Disclosing a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8.     Under Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing

contained herein is intended to or shall limit a party's right to review documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.  Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed under seal. The parties shall follow the Court's procedures for requests for filing under seal.

April 9, 2024

**SO STIPULATED AND AGREED:**

s/ Gregory L. Silverman
Gregory L. Silverman, Esq.
Gregory L. Silverman, Esq. P.C.
*Attorneys for Plaintiff*
118 Genesee Street
Geneva, New York 14456
greg@silverman-law.com

s/ Matthew D. Brown
Matthew D. Brown
Assistant Attorney General
*Attorney for Defendants*
Rochester Regional Office
NYS Attorney General's Office
144 Exchange Blvd., Suite 200
Rochester, New York 14614
(585) 327-3257

s/ AJ Bosman
AJ Bosman, Esq.
Bosman Law Firm, LLC
*Attorneys for Plaintiff*
2000 McConnellsville Road
Blossvale, New York 13308
aj@bosmanlawfirm.com

**SO ORDERED:**
April 10, 2024

_____
Hon. Leslie G. Foschio
United States Magistrate Judge

3

## EXHIBIT A

**Agreement**

I was informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Serrett v. Porsch et al.* (Civ. Action No. 23-CV-6291 (LJV/LGF)) are designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I agree that I will disclose no information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Date: _____

_____         _____
Printed Name                                                   Signature


Signed in the presence of:


_____
Attorney