**Exhibit 3**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JESSICA B. SERRETT, | **Defendants' Response to Plaintiff's General Document Demands** |
| Plaintiff, | |
| -vs- | 23-CV-6291 (LJV/LGF) |
| BARRY PORSCH, et al., | |
| Defendant. | |

Defendants respond to Plaintiff's Request for the Production of Documents:

## GENERAL OBJECTIONS

1.      Defendants object to Plaintiff's First Request for the Production of Documents to the extent it contains requests beyond the scope and requirements of the Federal Rules of Civil Procedure; the Local Rules of Civil Procedure for the Western District of New York; and/or any order issued by the Court.

2.      Defendants object to Plaintiff's Request for Production to the extent it calls for information or documentation protected from disclosure by the attorney-client privilege; protected by the attorney work-product doctrine; is protected as material prepared in anticipation of litigation; protected by the Deliberative Process Privilege (also known as the governmental privilege or executive privilege); or is otherwise immune from discovery or beyond the scope of permissible discovery under the Federal Rules of Civil Procedure; the Local Rules of Civil Procedure for the Western District of New York; and/or any order issued by the Court.

3.      Defendants object to Plaintiff's Request for Production to the extent it is intended, or can be construed, to impose a continuing obligation to supplement and/or amend Defendants' responses, or any document production made, beyond the requirements of the Federal Rules of Civil Procedure; the Local Rules of Civil Procedure for the Western District of New York; and/or any order issued by the Court.

1

4.      Defendants object to Plaintiff's Request for Production to the extent it seeks information and/or documents not in Defendants' possession, control, or custody and that are or may be known or available to persons no longer employed by and/or that are not available to Defendants after a reasonably diligent search of Defendants' files or locations where such documents and information are typically kept in the ordinary course of business, because any such Demand for Production is overly broad and imposes an undue burden on Defendants.

5.      Defendants object to Plaintiff's Request for Production to the extent it seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to Plaintiff's Request for Production to the extent it seeks expert disclosures in contravention of Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(b)(3)(A) and (B).

7.      Defendants reserve these objections and all others made throughout its response to Plaintiff's Request for Production, notwithstanding its production of documents and other things in response to same, and such responses are made without waiver of these General Objections.

8.      These responses are given without prejudice to Defendants' right to produce evidence of any subsequently discovered fact or facts they may later recall or learn. Defendants accordingly reserve the right to supplement and amend all responses as additional facts are ascertained, further evidence is gathered, analyses are made, legal research is completed, and contentions are made.

## <u>RESERVATION OF RIGHTS</u>

A.      To the extent Defendants produce documents or information in response to a Demand for Production it does so without conceding the materiality, admissibility, or relevance of any such document.

2

B.      Defendants reserve all objections to the use of any documents it produces. All such objections may be interposed by Defendants at the time of trial or as otherwise required by the rules or order of the Court.

C.      Defendants reserve the right to amend, supplement, or withdraw its responses and objections to a Demand for Production.

D.      Where the production of any document by Defendants under a demand may be deemed a waiver of any privilege or rights, such waiver will be deemed a limited waiver of any privilege or rights and will be deemed a limited waiver regarding that document only. Any inadvertent production of any document will not be deemed or construed to constitute a waiver of any privilege or right of Defendants and Defendants reserve their right to demand Plaintiff return to it any such document and all copies.

## **RESPONSES**

1.      All documents contained in Plaintiff's personnel file concerning her time working as a court attorney for the New York State judicial branch.

**Response:**     Plaintiff's entire personnel file was produced with mandatory disclosure

2.      All documents contained in Defendant Porsch's personnel file concerning his time as an elected judge.

**Response:**     Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

3.      All documents contained in Defendant Pawelczak's personnel file concerning his time working as an employee for the judicial branch of New York State.

3

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

4.    All documents contained in Defendant Field's personnel file concerning her time working as an employee for the judicial branch of New York State.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

5.    All documents contained in Christopher Folk's personnel file concerning his time working as an employee for the judicial branch of New York State.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the Office of Court Administration ("OCA"). Defendants further object that this request is over-broad and unduly burdensome.

6.    All communications concerning Plaintiff from July 1, 2022 to the present involving:

    a.    Defendant Porsch;

    b.    Defendant Pawelczak;

    c.    Defendant Fields;

    d.    Amy Monachino;

    e.    Amie DeCicca;

    f.    Lisa Cerra;

    g.    Peggy Innis;

    h.    Suzanne Leisenring;

i.     Christina Lotts;

j.     Lindsey Sholly; and

k.     Any individual identified in Interrogatory No. 3.

**Response:**     Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome. Defendants object that they do not recognize the name "Christina Lotts". Without waiving the foregoing objections, Defendants state that their counsel, out of a spirit of cooperation, requested that the OCA search the emails of custodians Defendants Porsch, Pawelczak, and Fields and of Plaintiff Serrett for all emails to/from Serrett or mentioning Serrett for the period January 10, 2022, to February 21, 2022. Defendants' counsel is reviewing such emails and will produce responsive, non-privileged emails obtained from OCA. Also, without waiving the foregoing objections, Defendants are collecting and will produce copies all non-privileged, non-email communications in Defendants' possession, custody, and control that are to/from Plaintiff Serrett and/or discuss Plaintiff Serrett.

7.     All communications and documents concerning the hiring of Plaintiff to be Defendant Porsch's law clerk.

**Response:**     Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

5

8.      All communications and documents concerning the end of Plaintiff's employment as Defendant Porsch's law clerk.

**Response:**    Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

9.      All communications, from January 18, 2022 to February 14, 2022, involving Plaintiff and:

a.    Angela Szewczyk

b.    Joseph Waldorf;

c.    Nicole Fantigrossi; and

d.    Nicole Botti.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome.

10.     All communications involving Defendant Porsch concerning Plaintiff's work on or involvement, from November 1, 2021 to February 14, 2022, with:

a.    Supreme Court cases or other Supreme Court matters;

b.    Cases or matters other than Supreme Court cases.

6

**Response:**    Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

11.    All documents and communications from January 1, 2021 to the present concerning any issues or alleged "crisis" relating to the management of the docket of, or progress of work on, Supreme Court cases or matters pending in Seneca County.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

12.    All communications concerning the possibility of, and actual, termination or separation of Christopher Folk's employment with Defendant Porsch, involving Defendant Porsch and:

      a.    Justice Craig Doran;

      b.    Justice William Taylor;

      c.    Defendant Pawelczak; and/or

      d.    Any other Person.

**Response:**    Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object

7

to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

13.    All communications and documents concerning Plaintiff's complaint filed with the NYS Division for Human Rights against, among others, Defendant Porsch, and docketed as Case No. 10216303. Please provide a privilege log for any documents or communications asserted to be protected by the attorney-client privilege or work product doctrine.

**Response:**    Defendants objects to the extent this request seeks information protected by the attorney-client privilege, without waiving the foregoing objection, Defendants state that the entire nonprivileged DHR file was produced with Defendants mandatory discovery.

14.    All communications and documents concerning this Action involving any Defendant which are not protected by the attorney-client privilege or work product doctrine.

**Response:**    Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

15.    All documents and communications concerning Plaintiff's intention to care for a foster child from January 18, 2022 to the present.

**Response:**    Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

16.    All documents and communications concerning Plaintiff's proposal to take time off of work during the months of February and March 2022.

**Response:**    Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

8

17.     All documents and communications concerning the placement of a foster child in Plaintiff's care at any time.

**Response:**     Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

18.     All emails or other communications involving both Defendants Pawelczak and Porsch on February 4, 2022.

**Response:**     Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control regarding emails involving both Defendants Pawelczak and Porsch on February 4, 2022 that are about Plaintiff Serrett.

19.     All documents and communications concerning Plaintiff's potential unemployment benefits from February 14, 2022 to the present, including without limitation communications involving the New York State Department of Labor.

**Response:**     Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection,

Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

20.    All documents concerning Plaintiff's receipt of Covid-19 vaccines.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

21.    All documents and communications concerning the meeting with Justice Taylor in Seneca County on or around February 1, 2022 as alleged in paragraph 40 of the Complaint, including without limitation any document exchanged during such meeting.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

22.    Transcripts of court proceedings of any and all cases and matters heard in any Seneca County court on December 3, 2021, including without limitation those referenced in paragraph 29 of the Complaint.

10

**Response:** Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

23. Transcripts of court proceedings of any and all cases and matters heard in any Seneca County court on January 18, 2022, including without limitation those referenced in paragraph 32 of the Complaint.

**Response:** Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

24. All documents and communications concerning Plaintiff's role hearing, listening to, or meeting with any parties or counsel involved in case pending in Seneca County on December 3, 2021.

**Response:** Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

25. All documents and communications concerning Plaintiff's role hearing, listening to, or meeting with any parties or counsel involved in case pending in Seneca County on January 18, 2022

11

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

26.    All documents concerning any policy or written guidelines concerning a New York State judge's law clerk or court attorney hearing, listening to, or meeting with parties in a pending case without the presence of a judge.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

27.    All documents and communications concerning Plaintiff's communications with Defendant Fields in 2022 about potentially taking FMLA leave.

**Response:**    Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

28.    Any policies or procedures applicable to Plaintiff's communications with Defendant Fields in 2022 about potentially taking FMLA leave.

**Response:**    Defendants object to the extent this request seeks "policies or procedures applicable to" communications. To the extent this request seeks policies or procedures regarding FMLA leave, Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without

12

waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

29.    All FMLA forms furnished to Plaintiff, and any completed forms returned by Plaintiff, between December 1, 2021 and February 14, 2022.

**Response:**    Defendants will produce any responsive documents in Defendants' possession, custody, and control.

30.    All documents and communications concerning any New York State Commission on Judicial Conduct case, matter, or investigation involving Defendant Porsch.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objections, Defendants state they have no responsive documents.

31.    All documents and communications involving any Defendant concerning any New York State Commission on Judicial Conduct matter or investigation involving Defendant Porsch.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objections, Defendants state they have no responsive documents.

32.     All documents identifying instances where Plaintiff signed onto Microsoft Teams during a scheduled hearing or conference of any case or matter pending in Seneca County from November 2021 to February 2022.

**Response:**     Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome. Without waiving the foregoing objections, Defendants state that their counsel, out of a spirit of cooperation, requested that the OCA search for records relating to Plaintiff Serrett signing on to Microsoft Teams and will produce any responsive information.

33.     All documents concerning any policies and procedures applicable to the New York State judicial branch's compliance with federal or state anti-discrimination and retaliation laws, including without limitation Title VII and NY Exec. Law § 296-a(1)(b).

**Response:**     Defendants will produce responsive policies and procedures in their possession, custody, and control.

34.     All documents concerning any of your affirmative defenses, including those as set forth in paragraphs 19-30 of your Answer.

**Response:**     Defendants have no responsive materials, but state that discovery is ongoing and reserve the right to supplement this response.

35.     Please produce the letter, and any drafts of such letter, which was provided to Plaintiff on February 14, 2022 communicating her resignation, in their native format with any and all metadata intact.

14

**Response:**    Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objections, Defendants state that their counsel, out of a spirit of cooperation, requested that the OCA provide said document in its native format with all metadata intact and will produce the same.

36.    All communications and documents concerning any consideration, investigation, review (legal or otherwise), input or guidance concerning the decision to provide Plaintiff the opportunity to resign in lieu of termination at any time, both before and after February 14, 2022.

**Response:**    Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objections, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

37.    All call logs concerning phone calls Defendant Porsch and/or Defendant Pawelczak made or received on January 18, 2022, and any day during February 4-14, 2022.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. To the extent this request is for copies of call logs regarding calls about Plaintiff Serrett, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

38.    All documents concerning, or referred to in responding to, any of your Answers to Plaintiff's First Set of Interrogatories or First Set of Requests for the Production of Documents.

**Response:**    All responsive documents are produced herewith.

15

39.    All documents concerning any litigation hold concerning Plaintiff's New York State Division for Human Rights Complaint or this Action.

**Response:**    Defendants object that the phrase "concerning any litigation hold" is vague. To the extent that Plaintiff seeks a copy of any "litigation hold" letter sent from Defendants' counsel to Defendants, Defendants object that such communication is protected by the attorney-client privilege.

40.    All documents and communications concerning Plaintiff's work performance at any time.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome. Without waiving the foregoing objections, Defendants state that to the extent this request seeks documents or communications regarding Plaintiff's work performance while working for Judge Porsch, without waiving the foregoing objections Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

41.    All documents concerning Plaintiff's resignation on February 14, 2022.

**Response:**    Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

42.    All audio or video recordings of Plaintiff, except for those where Plaintiff appears in person or virtually during a scheduled hearing, meeting or other appearance for a case or matter.

16

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome. Without waiving the foregoing objections, Defendants state that out of a spirit of cooperation, Defendants' counsel requested the OCA to search for any audio or video of Plaintiff and will produce any responsive material provided by OCA.

43.    All documents and communications concerning any complaints or grievances made concerning any Defendant.

**Response:**    Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is not limited to a reasonable time-period or limited regarding the nature of grievances/complaints requested.

44.    All documents identified in your Initial Disclosures.

**Response:**    Such documents were produced with Defendants' initial disclosures.

45.    All statements or affidavits, written or oral and transcribed, signed or unsigned, taken from or given by you which concern the subject matter of this litigation.

**Response:**    Defendants object to the extent this request seeks information protected by the attorney-work product privilege. Without waiving the foregoing objection, Defendants state they have no responsive material.

17

46.    All statements or affidavits, written or oral and transcribed, signed or unsigned, which were taken from or given by any other person not a party to this action which concern the subject matter of this litigation.

**Response:**    Defendants object to the extent this request seeks information protected by the attorney-work product privilege. Without waiving the foregoing objection, Defendants state they have no responsive material.

47.    All documents on which you intend to rely in support of your defenses, if not already produced in response to the preceding requests.

**Response:**    Defendants have no responsive materials, but state that discovery is ongoing and reserve the right to supplement this response.

*Defendants state that discovery is ongoing and reserves the right to supplement these responses.*

October 27, 2023

**Letitia James**
Attorney General for the State of New York
*Attorney for Defendants*


s/ *Matthew  D. Brown*
Matthew D. Brown
Assistant Attorney General
NYS Office of the Attorney General
144 Exchange Boulevard
Suite 200
Rochester, New York 14614
(585) 327-3257
matthew.brown@ag.ny.gov

18