# Exhibit 4

# GREGORY L. SILVERMAN, PLLC

118 Genesee St.                                                          greg@silverman-law.com
Geneva, NY  14456                                                              585.480.6686

March 8, 2024

**VIA EMAIL ONLY**
Matthew Brown, Esq.
Assistant Attorney General
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York
matthew.brown@ag.ny.gov

    **RE:**    **Jessica Serrett v. Barry Porsch et al.; Case No. 23-CV-6291
           (LJV/LGF)**

    **SUBJECT:**  **Defendants' deficiencies in their discovery responses.**

Dear Matt:

   This letter is to inform you of certain deficiencies in your clients' responses and objections to Plaintiff's First Set of Requests for the Production of Documents ("RFP"), and to provide you with the opportunity to remedy the same. Specific documents Plaintiff seeks are as follows below.

RFP Nos. 2, 3, and 4: Defendants' respective personnel files.

   These requests seek documents contained in Defendants' respective personnel files. You objected on relevance grounds. But given that all Defendants "played a significant role in the decision or incident giving rise to the lawsuit," documents in their personnel file are discoverable. *See Vitale v. GST BOCES*, No. 12-CV-6694FPG, 2014 WL 3385212, at *3 (W.D.N.Y. July 9, 2014); *see also Diaz v. Local 338 of Retail, Wholesale Dep't Store Union, United Food & Commercial Workers*, 13-CV-7187 SJF SIL, 2014 WL 4384712, at *3 (E.D.N.Y. Sept. 3, 2014) ("personnel files of individuals alleged to have engaged in the purported discrimination…are discoverable, subject to an appropriate protective order"). Further, the documents in the personnel files may be admissible at trial when they can "shed light on facts and issue in a plaintiff's case, like motive, intent, or knowledge." *See Lewis v. Triborough Bridge*, No. 97 CIV. 0607, 2001 WL 21256, at *3 (S.D.N.Y. Jan. 9, 2001) (plaintiff could introduce evidence relating to the company's decision to rely on an employee to investigate the plaintiff's claims given the employee's history).

RFP No. 5: All documents contained in Christopher Folk's personnel file concerning his time working as an employee for the judicial branch of New York State.

   Defendants object on the basis that they lack possession, custody, or control ("PCC") over records maintained by the Office of Court Administration ("OCA"). Defendants, however, at least maintain "control" over such documents:

March 8, 2024
Page 2

> The concept of "control" has been construed broadly. If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party. Rule 37 imposes upon the party resisting discovery the burden of showing that its resistance was substantially justified.

*In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177 (S.D.N.Y. 2006) (citations omitted) (holding that a foreign corporation's former senior executive officer had sufficient control over requested corporate documents to support order compelling him to produce them).

Further, the USDC-SDNY has held that state employees sued in their individual capacity had PCC of documents maintained by their employer. In *Hamilton v. Kerik* the court ordered prison officers sued in their individual capacities to answer interrogatories, rejecting their argument that any information requested "would be in the possession, custody, and control of New York State." No. 01CV6934GELHBP, 2002 WL 31834428, at *1-2 (S.D.N.Y. Dec. 17, 2002). When the plaintiff served a subpoena on the defendant's employer, the court directed the defendants to "respond to the subpoena as if it were a document request under" FRCP 34.

As Defendants Fields and Pawelczak are employed by the OCA, and Defendant Porsch's work paid and supervised by the OCA, all Defendants have possession, custody, and/or control over documents "maintained" by the OCA. This is shown, for example, in Defendant Pawelczak's responses to Interrogatory No. 5 and Defendants' responses to RFP Nos. 1, 6, 32, 35, 42.

Finally, you objected on relevance grounds. But such documents are relevant to the parties' claims and defenses because Christopher Folk, as Defendant Porsch's former law clerk, upon information and belief, was either terminated or resigned under circumstances that show he was treated more favorably than Plaintiff. Defendant Porsch has alleged that Plaintiff was terminated in part due to poor performance. Upon information and belief, Defendant Porsch also believed Mr. Folk was a poorly performing employee, but was not summarily terminated like Plaintiff. Accordingly, the requested documents are relevant to Plaintiff's claims. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (holding that inference of discrimination could be drawn from evidence that plaintiff was treated "less favorably than a similarly situated employee outside [her] protected group").

RFP No. 6: All communications concerning Plaintiff from July 1, 2022 to the present involving Defendant Porsch; Defendant Pawelczak; Defendant Fields; Amy Monachino; Amie DeCicca; Lisa Cerra; Peggy Innis; Suzanne Leisenring; Christina Lotts; Lindsey Sholly; Any individual identified in Interrogatory No. 3.

First, I apologize for the error about the timeline. I meant to request communications concerning Plaintiff from July 1, 2021, not 2022. I have reasserted this request with the correct date in the Second Set of Requests for the Production of Documents.

March 8, 2024
Page 3

As stated above, the objection about PCC over documents maintained by the OCA is improper. You noted your request to the OCA to search the parties' emails to or from Plaintiff, or mentioning Plaintiff, from January 10, 2022 through February 21, 2022. This time period is improperly limited, as responsive documents concerning the claims and defenses of this action should encompass communications concerning Plaintiff from July 1, 2021 to the present.

Defendants' objection that this request is overbroad and unduly burdensome is also improper. A limited time frame and number of individuals are identified, which includes the parties themselves.

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

RFP No. 7: All communications and documents concerning the hiring of Plaintiff to be Defendant Porsch's law clerk.

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP No. 8: All communications and documents concerning the end of Plaintiff's employment as Defendant Porsch's law clerk.

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

RFP No. 9: All communications, from January 18, 2022 to February 14, 2022, involving Plaintiff and Angela Szewczyk; Joseph Waldorf; Nicole Fantigrossi; and Nicole Botti.

You objected on relevance grounds. But communications with the individuals listed would concern Plaintiff's employment with Defendant Porsch after Plaintiff informed him about her intent to foster a child, and thus are relevant to the parties' claims and defenses.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP No. 10: All communications involving Defendant Porsch concerning Plaintiff's work on or involvement, from November 1, 2021 to February 14, 2022, with: Supreme Court cases or other Supreme Court matters; cases or matters other than Supreme Court cases.

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2).

March 8, 2024
Page 4

RFP No. 11: <u>All documents and communications from January 1, 2021 to the present concerning any issues or alleged "crisis" relating to the management of the docket of, or progress of work on, Supreme Court cases or matters pending in Seneca County.</u>

You objected on relevance grounds. But Plaintiff alleges that there was no such crisis concerning the management of, or work on Supreme Court cases pending in Seneca County, and that Defendant Porsch's allegations about such a crisis was an excuse.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP No. 12: <u>All communications concerning the possibility of, and actual, termination or separation of Christopher Folk's employment with Defendant Porsch, involving Defendant Porsch and Justice Craig Doran; Justice William Taylor; Defendant Pawelczak; and/or Any other Person.</u>

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP No. 13: <u>All communications and documents concerning Plaintiff's complaint filed with the NYS Division for Human Rights against, among others, Defendant Porsch, and docketed as Case No. 10216303. Please provide a privilege log for any documents or communications asserted to be protected by the attorney-client privilege or work product doctrine.</u>

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Further, your response stating that the "entire nonprivileged DHR file was produced" does not encompass all the documents and communications requested.

RFP Nos. 14-17

Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

RFP No. 18: <u>All emails or other communications involving both Defendants Pawelczak and Porsch on February 4, 2022.</u>

You stated that your response will be limited to "emails involving both Defendants Pawelczak and Porsch on February 4, 2022 that are about Plaintiff Serret." It appears that you

March 8, 2024
Page 5

have disclosed some responsive documents (Defendants000145), please advise whether all responsive documents have been produced.

Further, please advise whether there any other communications involving both Defendants Pawelczak and Porsch on February 4, 2022, including without limitation text messages, chats, or other written communications.

RFP Nos. 19 and 20: documents concerning Plaintiff's unemployment benefits and receipt of the Covid vaccine.

You objected on relevance grounds. However, Plaintiff alleges that she was initially denied unemployment benefits because the NYS DOL informed her that her former employer had informed them that she was terminated for not receiving the Covid vaccine. Plaintiff alleges she had received it. Such documents are indeed relevant to the parties' claims and defenses.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Finally, to the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

RFP No. 21: All documents and communications concerning the meeting with Justice Taylor in Seneca County on or around February 1, 2022 as alleged in paragraph 40 of the Complaint, including without limitation any document exchanged during such meeting

You objected on relevance grounds. But these requested documents are relevant to the parties' claims and defenses. Plaintiff first told Defendant Porsch of her intent to foster a child on January 18, 2022. This meeting, weeks later, inherently involved Plaintiff's job duties-indeed the reason why she was hired. Documents about this meeting are relevant.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP Nos. 22-26: Documents concerning Plaintiff hearing cases or matters before the Seneca County court on December 3, 2021, January 18, 2022, and applicable policies.

You objected on relevance grounds. But Defendant Porsch allowed Plaintiff to hear cases that came before the Seneca County Court on these dates. The requested documents are relevant to the parties' claims and defenses, namely Defendants' defense that Plaintiff was fired for legitimate reasons, including poor performance, lack of trust, etc. They may also show that Defendant Porsch violated relevant policies, rules, or laws concerning when and how a judge's court attorney/law clerk can hear cases instead of the sitting judge.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

March 8, 2024
Page 6

<u>RFP No. 27</u>: All documents and communications concerning Plaintiff's communications with Defendant Fields in 2022 about potentially taking FMLA leave.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

<u>RFP No. 28</u>: Any policies or procedures applicable to Plaintiff's communications with Defendant Fields in 2022 about potentially taking FMLA leave.

Defendants object to the extent this request seeks "policies or procedures applicable to" communications. We apologize for any confusion. This request seeks policies or procedures applicable to Plaintiff potentially taking FMLA leave concerning placement of a foster child under the FMLA.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

<u>RFP Nos. 30-31</u>: Documents and communication concerning any NYS Commission on Judicial Conduct concerning Defendant Porsch.

You objected on relevance grounds. But if the CJC has a matter concerning Defendant Porsch, it may disclose potential impropriety or wrongdoing by Defendant Porsch that it relevant in this action, either because it directly relates to Plaintiff or is relevant for impeachment purposes.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Finally, Defendants state that they "have no" responsive documents RFP Nos. 30 and 31. The standard is whether Defendants have any responsive documents in their PCC.

<u>RFP Nos. 32</u>: All documents identifying instances where Plaintiff signed onto Microsoft Teams during a scheduled hearing or conference of any case or matter pending in Seneca County from November 2021 to February 2022.

You objected on relevance grounds. But the documents disclosed to date show Defendant Porsch informed Plaintiff that on February 4, 2022, the day she was to pick up her foster child, that it did not serve him for her to listen in on any Family Court matters. Any instances that Plaintiff had logged on to Microsoft Teams during a hearing or conference of any case with Defendant Porsch is relevant because his admonition of Plaintiff the morning of February 4, 2022 could tend to support Plaintiff's claims if he did not previously admonish her for similar conduct.

To the extent Defendants object that this request is overly broad and unduly burdensome, Plaintiff understands that there should be a log tied to Plaintiff's Microsoft Teams account while she was working that should be readily obtainable.

March 8, 2024
Page 7

Finally, Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP No. 33: All documents concerning any policies and procedures applicable to the New York State judicial branch's compliance with federal or state anti-discrimination and retaliation laws, including without limitation Title VII and NY Exec. Law § 296-a(1)(b).

Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

RFP No. 34: All documents concerning any of your affirmative defenses, including those as set forth in paragraphs 19-30 of your Answer.

Your response states that Defendants "have no" responsive materials. Please advise whether there are any responsive documents in Defendants' PCC.

RFP Nos. 35: Please produce the letter, and any drafts of such letter, which was provided to Plaintiff on February 14, 2022 communicating her resignation, in their native format with any and all metadata intact.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP Nos. 36: All communications and documents concerning any consideration, investigation, review (legal or otherwise), input or guidance concerning the decision to provide Plaintiff the opportunity to resign in lieu of termination at any time, both before and after February 14, 2022.

To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP Nos. 37: All call logs concerning phone calls Defendant Porsch and/or Defendant Pawelczak made or received on January 18, 2022, and any day during February 4-14, 2022.

You objected on relevance grounds. But any phone calls Defendants Porsch and/or Pawelczak may have made or received on the dates above are indeed relevant as they could tend to indicate conversations concerning Plaintiff Serrett.

March 8, 2024
Page 8

RFP No. 40: <u>All documents and communications concerning Plaintiff's work performance at any time.</u>

You objected on relevance grounds. But documents disclosed to date show that Defendants will defend against Plaintiff's claims by arguing she was untrustworthy and a poor worker. To determine whether this defense has merit, or is pretextual, documents responsive to this request are relevant.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

In response to your objection that this request is overly broad and unduly burdensome, Plaintiff will limit the time frame from July 1, 2021 to February 14, 2022.

RFP No. 41: <u>All documents concerning Plaintiff's resignation on February 14, 2022.</u>

Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

RFP No. 42: <u>All audio or video recordings of Plaintiff, except for those where Plaintiff appears in person or virtually during a scheduled hearing, meeting or other appearance for a case or matter.</u>

You objected on relevance grounds. But any recording of Plaintiff outside of when she appears during a scheduled appearance for a case or matter is reasonably calculated to lead to discoverable evidence because the substance of such recordings, and the motivations for the recordings outside of the normal course of telephone and Teams conferences, is relevant.

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

RFP No. 43: <u>All documents and communications concerning any complaints or grievances made concerning any Defendant.</u>

You objected on relevance grounds. But similar to Plaintiff's personnel files, any complaints or grievances concerning any Defendant could "shed light on facts and issue in a plaintiff's case, like motive, intent, or knowledge." *See Lewis v. Triborough Bridge*, No. 97 CIV. 0607, 2001 WL 21256, at *3 (S.D.N.Y. Jan. 9, 2001). Further, potential impeachment evidence is discoverable. *See Moss v. Stinnes Corp* ., 92 Civ. 3788(JFK), 1997 WL 570675 at *2 (S.D.N.Y. Sept. 12, 1997) ("Parties may utilize discovery to obtain information for impeachment purposes.").

Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

March 8, 2024
Page 9

       To the extent that Defendants seek a limited time period, Plaintiff will limit this request to 10 years from the date of her NYSDHR Complaint filing, or from March 2012 to the present.

RFP Nos. 45-46: Statements concerning the subject matter of this litigation.

       Defendants state that they "have no" responsive material. Please state whether Defendants have any documents in their PCC.

       All rights reserved; none waived. I look forward to hearing from you.

                Sincerely,

                Greg Silverman

cc:    AJ Bosman, Esq. (via email only)
       Rob Strum, Esq. (via email only)
       Jessica Serrett (via email only)