# Exhibit 13

# GREGORY L. SILVERMAN, ESQ., PLLC

118 Genesee St.                                                                                  greg@silverman-law.com
Geneva, NY  14456                                                                                     585.480.6686

November 22, 2024

<u>**VIA EMAIL ONLY**</u>
Pedro Morales, Esq.
Assistant Deputy Counsel
NYS Office of Court Administration
25 Beaver St, 10th Floor
New York, NY 10004
pmorales@nycourts.gov

|        |        |
|--------|--------|
| **RE:** | **Jessica Serrett v. Barry Porsch et al.; Case No. 23-CV-6291 (LJV/LGF)** |
| **SUBJECT:** | **Unified Court System's (UCS) deficiencies in their responses to Plaintiff's Subpoena Duces Tecum.** |

Dear Mr. Morales,

This letter is in response to our phone conversation on October 4, 2024 about the issues addressed in my discovery deficiency letter dated September 16, 2024, which was in response to UCS's July 31, 2024 response to Plaintiff's Subpoena Duces Tecum.

This letter is to inform you of my understanding of what we discussed, and specifically, what requested documents UCS will not produce. If my understandings may be incorrect, please let me know.

## I.    Plaintiff's Subpoenaed Requests for Production.

**Request No. 5:**
Pltf.'s Request:
All documents contained in Christopher Folk's personnel file concerning his time working for the UCS and/or Barry Porsch.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
Christopher Folk was Defendant Porsch's law clerk before Plaintiff. Upon information and belief, he was either terminated or resigned under circumstances that show he was treated more favorably than Plaintiff. Defendant Porsch has alleged that Plaintiff was terminated, in part, due to poor performance. Upon information and belief, Defendant Porsch also believed Mr. Folk was a poorly performing employee, but kept his job for an extended period of time and not swiftly terminated like Plaintiff. Accordingly, the requested documents are relevant. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (holding that inference of discrimination could

November 22, 2024
Page 2

be drawn from evidence that plaintiff was treated "less favorably than a similarly situated employee outside [her] protected group").

10/4 meet and confer:
I understood that UCS will not produce such documents.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

**Request No. 6:**
Pltf.'s Request:
All communications, including without limitation text or chat messages on work or personal devices, concerning Jessica Serrett, from July 1, 2021 to the present involving the following current or former UCS employees or judges: a. Barry Porsch; b. Ronald Pawelczak; c. Amy Fields; d. Amy Monachino; e. Amie DeCicca; f. Lisa Cerra; g. Peggy Innis; h. Suzanne Leisenring; i. Carol Winslow; j. Lindsey Sholly; k. Joseph Waldorf; l. Stacy Astudillo; and/or m. William Taylor.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, vague, ambiguous, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
These documents are relevant, as the individuals referenced are either Defendants, worked with Defendant Porsch and Plaintiff during her employment, or were otherwise involved with Plaintiff's termination. Communications involving these individuals concerning Plaintiff during this time period are relevant.

10/4 meet and confer:
I understood that UCS will produce such documents involving Amy Monachino because she was named in the Complaint, but will not for others.

UCS's 10/24 letter:
Electronic mail messages sent or received by Amy Monachino concerning Jessica Serrett for the period of July 1, 2021 to the present which are being produced in response to Document Request No. 6. This material is enclosed as documents number-stamped UCS000686 to UCS000838.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel documents involving the other individuals referenced in this request.

November 22, 2024
Page 3

**Request No. 8:**
Pltf.'s Request:
All communications and documents concerning the end of Jessica Serrett's employment as Barry Porsch's law clerk/court attorney in or around February 2022.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential or legally privileged from disclosure.

Pltf's 9/16 deficiency letter:
The primary basis of Plaintiff's claims in this action are that her termination as Defendant Porsch's law clerk was a product of unlawful discrimination and retaliation. Such documents are relevant.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 9:**
Pltf.'s Request:
All communications, from January 18, 2022 to February 14, 2022, involving Jessica Serrett and the following current or former UCS employees or judges: a. Angela Szewczyk b. Joseph Waldorf; c. Nicole Fantigrossi; and d. Nicole Botti.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential or legally privileged from disclosure.

Pltf's 9/16 deficiency letter:
These documents are relevant because on January 18, 2022, Plaintiff informed Defendant Porsch that she was planning on fostering a child, and Plaintiff believes she communicated with the individuals listed about her concern that Defendant Porsch's demeanor towards her had changed.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

November 22, 2024
Page 4

**Request No. 10:**

Pltf.'s Request:

All communications involving Barry Porsch concerning Jessica Serrett's work on or involvement, from November 1, 2021 to February 14, 2022 with:

a.   Supreme Court cases or other Supreme Court matters;

b.   Cases or matters other than Supreme Court Cases.

USC's Response:

UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:

Defendant Porsch has alleged that he terminated Plaintiff, in part, based on poor work performance. Plaintiff contends that such defense is pretextual. Communications involving Defendant Porsch and Plaintiff about her work are thus relevant.

10/4 meet and confer:

I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:

Plaintiff plans to move to compel.

**Request No. 11:**

Pltf.'s Request:

All documents and communications from January 1, 2021 to the present concerning any problems, issues, or management of the docket of, or progress of work on, Supreme Court cases or matters pending in Seneca County.

USC's Response:

UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, vague, ambiguous, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:

Defendant Porsch has alleged that he terminated Plaintiff, in part, based on poor work performance. Plaintiff contends that such defense is pretextual. Communications involving Defendant Porsch and Plaintiff about her work are thus relevant.

10/4 meet and confer:

I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:

Plaintiff plans to move to compel.

November 22, 2024
Page 5

**Request No. 12:**
Pltf.'s Request:
All communications concerning the possibility of, and actual, termination or separation of Christopher Folk's employment with UCS and/or Barry Porsch, involving Barry Porsch and: a. Craig Doran; b. William Taylor; c. Ronald Pawelczak; and/or d. any other Person.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
As stated above, Christopher Folk, as Defendant Porsch's former law clerk, upon information and belief, was either terminated or resigned under circumstances that show he was treated more favorably than Plaintiff. Defendant Porsch has alleged that Plaintiff was terminated, in part, due to poor performance. Upon information and belief, Defendant Porsch also believed Mr. Folk was a poorly performing employee, but his employment did not end so abruptly like Plaintiff's. Accordingly, the requested documents are relevant. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (holding that inference of discrimination could be drawn from evidence that plaintiff was treated "less favorably than a similarly situated employee outside [her] protected group").

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

**Request No. 14:**
Pltf.'s Request:
All communications and documents concerning this Action involving Barry Porsch, Ronald Pawelczak, and/or Amy Fields which are not protected by the attorney-client privilege or work product doctrine.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, vague, ambiguous, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
Non-privileged documents and communications concerning Plaintiff's complaint filed with USDC-WDNY are directly relevant to Plaintiff's claims and defenses in the case.

10/4 meet and confer:
I understand that UCS is standing on its objection.

November 22, 2024
Page 6

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 15:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's intention to care for a foster child from January 18, 2022 to the present.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
Plaintiff alleges she was forced to resign in lieu of termination because she communicated her plans to foster a child and become a mother. Such documents are relevant.

10/4 meet and confer:
I understand that UCS is standing on its objection.
Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 16:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's request or proposal to take time off of work during the months of February and March 2022 for the purposes of caring for a foster child.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
Plaintiff alleges she was forced to resign in lieu of termination because she communicated her plans to foster a child and become a mother. Such documents are relevant.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

November 22, 2024
Page 7

**Request No. 17:**
Pltf.'s Request:
All documents and communications concerning the placement of a foster child in Jessica Serrett's care at any time.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
Plaintiff alleges she was forced to resign in lieu of termination because she communicated her plans to foster a child and become a mother. Such documents are relevant.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

**Request No. 21**
Pltf.'s Request:
All documents and communications concerning an in-person meeting involving William Taylor and Barry Porsch in Seneca County on or around February 1, 2022.

USC's Response:
UCS objects to this request on the grounds that it is over unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
Plaintiff first informed Defendant Porsch of her intent to foster a child on January 18, 2022. This meeting, weeks later, inherently involved Plaintiff's job duties, but Defendant Porsch did not inform her of it. Documents about this meeting are relevant as they could show the explanation for Plaintiff's termination is pretextual.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

**Request No 26:**
Pltf.'s Request:
All documents concerning any policy or written guidelines concerning a New York State judge's law clerk or court attorney hearing, listening to, or meeting with parties in a pending case without the presence of a judge.

November 22, 2024
Page 8

USC's Response:
UCS objects to this request on the grounds that it is over unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
Defendant Porsch allowed Plaintiff to hear/conference cases that came before the Seneca County Court on these dates. The requested documents are relevant to the parties' claims and defenses, namely the defense that Plaintiff was fired for legitimate reasons, including poor performance, lack of trust, etc. They may also show that Defendant Porsch violated relevant policies, rules, or laws concerning when and how a judge's court attorney/law clerk can hear cases instead of the sitting judge.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 27:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's communications with Any Fields on 2022 about potentially taking leave under the Family and Medical Leave Act ("FMLA").

USC's Response:
UCS objects to this request on the grounds that it is unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
Plaintiff maintains an FMLA interference claim against Defendant Fields concerning Plaintiff's desire to take FMLA leave to care for her foster child, making this request directly relevant.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 29:**
Pltf.'s Request:
All FMLA forms furnished to Jessica Serrett, and any completed FMLA forms returned by Jessica Serrett. between December 1, 2021 and February 14, 2022.

USC's Response:
UCS objects to this request on the grounds that it is unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

November 22, 2024
Page 9

Pltf's 9/16 deficiency letter:
Plaintiff maintains an FMLA interference claim against Defendant Fields concerning Plaintiff's desire to take FMLA leave to care for her foster child, making this request directly relevant.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

**Request No. 31:**
Pltf.'s Request:
All documents identifying instances where Jessica Serrett signed onto Microsoft Teams during a hearing or conference of any case or matter pending in Seneca County from November 1, 2021 to February 14, 2022.

USC's Response:
UCS objects to this request on the grounds that it is unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
Documents disclosed to date show Defendant Porsch informed Plaintiff that on February 4, 2022, the day she was to pick up her foster child, that it did not serve him for her to listen in on any Family Court matters. But Plaintiff alleges that Defendant Porsch had not so admonished her before for similar conduct. It is expected that a log tied to Plaintiff's Microsoft Teams account while she was working exists and should be readily obtainable.

10/4 meet and confer:
I understand that UCS was checking to see if IT could produce a log.

Pltf.'s 11/22 response:
Please advise on whether UCS has discovered responsive documents, and will produce.

**Request No. 37:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's work performance at any time.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, vague, and ambiguous, and seeks documents not relevant to the claims in this action, and maintained by UCS as confidential, and legally privileged from disclosure.

November 22, 2024
Page 10

Pltf's 9/16 deficiency letter:
Defendant Porsch has alleged that he terminated Plaintiff, in part, based on poor work performance. Plaintiff contends that such defense is pretextual. Communications involving Defendant Porsch and Plaintiff about her work are thus relevant.

10/4 meet and confer:
I understand UCS's position to be that it will not disclose documents concerning this request outside of Plaintiff's personnel file.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 38:**
Pltf.'s Request:
All documents concerning Jessica Serrett's resignation on February 14, 2022.

USC's Response:
UCS objects to this request on the grounds that it is unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action, and maintained by UCS as confidential.

Pltf's 9/16 deficiency letter:
Such documents are relevant to Plaintiff's resignation in lieu of termination, which she alleges was discriminatory and retaliatory

10/4 meet and confer:
I understand UCS's position to be that it will not disclose documents concerning this request outside of Plaintiff's personnel file.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 39:**
Pltf.'s Request:
All audio or video recordings of Jessica Serrett, except for those where Jessica Serrett appears in person or virtually during a scheduled hearing, meeting or other appearance for a case or matter.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, vague, ambiguous, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
Any recordings of Plaintiff would be relevant, as they could shine light on facts and issues such as motive, intent, or knowledge.

10/4 meet and confer:
I understand that UCS is standing on its objection.

November 22, 2024
Page 11


Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 41:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's intentions or plans to become pregnant, or foster/adopt a child.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
The documents are relevant as Plaintiff alleges that she resigned in lieu of termination because she wanted to foster a child and become a mother.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


**Request No. 42:**
Pltf.'s Request:
All documents and communications concerning the enclosed document bates-stamped Defendants000230 and its contents, including without limitation: a. the native file of the document; b. all texts referred to in the document; c. any OCA Inspector General documents or communications concerning Plaintiff or any Defendant; d. "Carol's emails [attached] to this note"; e. The last paragraph, which begins with "On or about 6PM…" and ends with "…for a possible investigation by the OCA IG Office."

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, seeks documents not relevant to the claims in this action, and maintained by UCS as confidential or legally privileged from disclosure.

Pltf's 9/16 deficiency letter:
This document bates-stamped Defendants000230 concerns purported concerns about the Plaintiff about one month before her termination. It is relevant to the parties' claims and defenses.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.

November 22, 2024
Page 12

**Request No. 43:**

Pltf.'s Request:
All documents and communications from Plaintiff to former Judge Richard Dollinger and/or his assistant Kim Keskin concerning Judicial Referee Daniel Majchrzak, Jr.

USC's Response:
UCS objects to this request on the grounds that it is over broad, unduly oppressive and burdensome, and seeks documents not relevant to the claims in this action.

Pltf's 9/16 deficiency letter:
In document bates-stamped Defendants000230, Defendant Porsch states that Plaintiff had told his secretary that she was having an affair with a judge working in Monroe County. Plaintiff was not having any "affair," but believes this may be a reference to the concerns she was having with Judicial Referee Majchrzak while she was working in the Monroe County courts, and she believes there are written communications about this involving her and former Judge Richard Dollinger and/or his assistant Kim Keskin.

10/4 meet and confer:
I understand that UCS is standing on its objection.

Pltf.'s 11/22 response:
Plaintiff plans to move to compel.


## II.    Conclusion.

As stated above, I plan to move to compel on certain requests after conferring further with Defendants on their production. If UCS's position changes on any requests, please let me know.


Sincerely,

Greg Silverman

cc via email only:     Denetra Roberts, Esq.
Joel Terragnoli, Esq.
AJ Bosman, Esq.
Rob Strum, Esq.
Jessica Serrett