# Exhibit 14

# GREGORY L. SILVERMAN, ESQ., PLLC

118 Genesee St.                                                              greg@silverman-law.com
Geneva, NY  14456                                                                585.480.6686

November 22, 2024

**VIA EMAIL ONLY**
Denetra Roberts, Esq. and Joel Terragnoli, Esq.
Office of NYS AG, Buffalo Regional Office
350 Main Street, Suite 300A
Buffalo, NY  14202
denetra.roberts@ag.ny.gov
joel.terragnoli1@ag.ny.gov

> **RE:**      **Jessica Serrett v. Barry Porsch et al.; Case No. 23-CV-6291 (LJV/LGF)**
>
> **SUBJECT:**  **Defendants' deficiencies in their responses to Plaintiff's Requests for production.**

Dear Joel and Denetra,

This letter is to inform you of what Plaintiff alleges are deficiencies in your responses to Plaintiff's discovery requests, which will hopefully allow us to intelligently meet and confer about how to resolve these issues before a motion to compel may be necessary.

## I.   Background of Plaintiff's attempts to obtain responsive documents in Defendants' possession, custody, and control.

As you know, the progress of discovery was initially delayed in this matter because the attorney who was handling this matter for Defendants, Matthew Brown, Esq., passed away unexpectedly in the spring of 2024. I understand that you were assigned to this case a few months later.

It is Plaintiff's position that attempts to obtain documents responsive to her Rule 34 requests has been hindered based on Defendants' changing position on whether they would work with the NYS Unified Court System ("UCS") to obtain responsive documents in their "control." Mr. Brown, as shown in Defendants' Responses to Plaintiff's 1st Request for Production (RFP) represented that Defendants would, for many RFPs, work with UCS to obtain responsive documents.

After you were substituted as counsel, you informed me that based on purported conflict concerns, Defendants would not work with the UCS to obtain responsive documents as in Defendants' control.  In response, and in an attempt to avoid unnecessary discovery disputes, I separately served a subpoena duces tecum on the UCS on August 6, 2024, received UCS's boilerplate objections without responsive documents on August 20, provided UCS's counsel with a discovery deficiency letter on September 16, held a telephonic meet and confer with UCS's counsel on October 4, and received UCS's initial document production later in October.

While Plaintiff will continue to seek responsive documents from UCS, we also reserve the right to demand documents in Defendants' control instead of subpoenaing them from UCS.

November 22, 2024
Page 2

**II.     Text message production.**

You have produced some text messages which involve Plaintiff and non-party Aime DiCicca, who is Defendant Porsch's secretary. *See, e.g.,* Defendants000007-14.

Please confirm that any and all texts messages that concern Plaintiff in any way from the time she began working with Defendant Porsch – specifically possessed by individuals working in the Seneca County Courthouse, like Ms. DiCicca – have been searched for and produced.

**III.    Attachments not included with the preceding email**

There are various emails which say they include attachments, but no attachments occur after the email. *See, e.g.,* Defendants000289, 291. Please advise whether you will review the production and reproduce emails with its attachments immediately following the email. *See Buckeye Ventures, Inc. v. Trafalgar Cap. Specialized Inv. Fund, Luxembourg*, No. 09-60299-CIV, 2009 WL 10667899, at *3 (S.D. Fla. Aug. 20, 2009) (citing cases where courts instructed producing party to match e-mails with attachments, and holding the same).

**IV.    Plaintiff's 2nd Set of RFPs**

I don't believe Defendants ever responded to Plaintiff's 2nd Set of RFPs, which I assume was because of the need to substitute counsel. They are enclosed here. Please advise on when Plaintiff can expect responses.

**V.     Plaintiff's 1st Set of RFPs.**

Below I set forth the history of communications concerning certain RFPs from Plaintiff's 1st Set of RFPs, and end with Plaintiff's follow up requests.

**Request No. 6:**
Pltf.'s Request:
All communications, including without limitation text or chat messages on work or personal devices, concerning Jessica Serrett, from July 1, 2021 to the present involving the following current or former UCS employees or judges: a. Barry Porsch; b. Ronald Pawelczak; c. Amy Fields; d. Amy Monachino; e. Amie DeCicca; f. Lisa Cerra; g. Peggy Innis; h. Suzanne Leisenring; i. Carol Winslow; j. Lindsey Sholly; k. Joseph Waldorf; l. Stacy Astudillo; and/or m. William Taylor.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome. Defendants object that they do not recognize the name "Christina Lotts". Without waiving the foregoing objections, Defendants state that their counsel, out of a spirit of cooperation, requested that the OCA search the emails of custodians Defendants Porsch, Pawelczak, and Fields and of Plaintiff Serrett for all emails to/from Serrett or mentioning Serrett for the period January 10, 2022, to February 21, 2022. Defendants' counsel is reviewing such emails and will produce responsive, non-privileged emails obtained from OCA. Also, without waiving the foregoing objections, Defendants are

November 22, 2024
Page 3

collecting and will produce copies all non-privileged, non-email communications in Defendants' possession, custody, and control that are to/from Plaintiff Serrett and/or discuss Plaintiff Serrett.

Pltf's 3/8 deficiency letter:
First, I apologize for the error about the timeline. I meant to request communications concerning Plaintiff from July 1, 2021, not 2022. I have reasserted this request with the correct date in the Second Set of Requests for the Production of Documents.
As stated above, the objection about PCC over documents maintained by the OCA is improper. You noted your request to the OCA to search the parties' emails to or from Plaintiff, or mentioning Plaintiff, from January 10, 2022 through February 21, 2022. This time period is improperly limited, as responsive documents concerning the claims and defenses of this action should encompass communications concerning Plaintiff from July 1, 2021 to the present. Defendants' objection that this request is overbroad and unduly burdensome is also improper. A limited time frame and number of individuals are identified, which includes the parties themselves.
To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Pltf.'s 11/22 follow up:
Please advise whether you will expand the scope of the time period of the search from July 1, 2021 to the present, and produce a privilege log.

Additionally, please advise of the status of your collection and production of all "non-privileged, non-email communications in Defendants' possession, custody, and control that are to/from Plaintiff Serrett and/or discuss Plaintiff Serrett."

**Request No. 7:**
Pltf.'s Request:
All communications and documents concerning the hiring of Plaintiff to be Defendant Porsch's law clerk.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023. Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

November 22, 2024
Page 4

Pltf.'s 11/22 follow up:
Please advise on whether all responsive documents will be produced, and whether you will produce a privilege log as referenced above.

**Request No. 8:**
Pltf.'s Request:
All communications and documents concerning the end of Jessica Serrett's employment as Barry Porsch's law clerk/court attorney in or around February 2022.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Pltf.'s 11/22 follow up:
Please advise on whether all responsive documents will be produced, and whether you will produce a privilege log as referenced above.

**Request No. 10:**
Pltf.'s Request:
All communications involving Barry Porsch concerning Jessica Serrett's work on or involvement, from November 1, 2021 to February 14, 2022 with:
a.  Supreme Court cases or other Supreme Court matters;
b.  Cases or matters other than Supreme Court Cases.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2).

Pltf.'s 11/22 follow up:
Please advise on whether all responsive documents have been produced, and whether you will produce a privilege log, excluding privileged communications which post-date the filing of this Action on May 26, 2023.

November 22, 2024
Page 5

**Request No. 11:**
Pltf.'s Request:
All documents and communications from January 1, 2021 to the present concerning any problems, issues, or management of the docket of, or progress of work on, Supreme Court cases or matters pending in Seneca County.

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But Plaintiff alleges that there was no such crisis concerning the management of, or work on Supreme Court cases pending in Seneca County, and that Defendant Porsch's allegations about such a crisis was an excuse.
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Pltf.'s 11/22 follow up:
Please advise on whether you will withdraw your objection on relevance grounds, and whether all responsive documents will be produced.
Also, please produce the spreadsheet bates-stamped as Defendants000437 as a native file. The preceding email states that certain areas are shaded blue, which is not visible in its current form.

**Request No. 12:**
Pltf.'s Request:
All communications concerning the possibility of, and actual, termination or separation of Christopher Folk's employment with UCS and/or Barry Porsch, involving Barry Porsch and: a. Craig Doran; b. William Taylor; c. Ronald Pawelczak; and/or d. any other Person.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.
Pltf's 3/8 deficiency letter:
To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

November 22, 2024
Page 6

Pltf.'s 11/22 follow up:
The prior deficiency letter mistakenly omitted Plaintiff's position regarding your relevance objection is improper. Christopher Folk, as Defendant Porsch's former law clerk, upon information and belief, was either terminated or resigned under circumstances that show he was treated more favorably than Plaintiff. Defendant Porsch has alleged that Plaintiff was terminated, in part, due to poor performance. Upon information and belief, Defendant Porsch also believed Mr. Folk was a poorly performing employee, but his employment did not end so abruptly like Plaintiff's. Accordingly, the requested documents are relevant. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (holding that inference of discrimination could be drawn from evidence that plaintiff was treated "less favorably than a similarly situated employee outside [her] protected group").
Please advise whether you will produce documents in response to this request, and whether you will produce a privilege log, excluding privileged communications which post-date the filing of this Action on May 26, 2023.


**Request No. 13:**
Pltf.'s Request:
All communications and documents concerning Plaintiff's complaint filed with the NYS Division for Human Rights against, among others, Defendant Porsch, and docketed as Case No. 10216303. Please provide a privilege log for any documents or communications asserted to be protected by the attorney-client privilege or work product doctrine.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege, without waiving the foregoing objection, Defendants state that the entire nonprivileged DHR file was produced with Defendants mandatory discovery.

Pltf's 3/8 deficiency letter:
To the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023. Further, your response stating that the "entire nonprivileged DHR file was produced" does not encompass all the documents and communications requested.

Pltf.'s 11/22 follow up:
Further, please advise on whether all responsive documents will be produced – specifically noting that the "entire nonprivileged DHR file" does not encompass all potentially responsive documents.

Please also advise whether you will produce a privilege log, excluding privileged communications which post-date the filing of this Action on May 26, 2023.

November 22, 2024
Page 7

**Request No. 14:**
Pltf.'s Request:
All communications and documents concerning this Action involving any Defendant which are not protected by the attorney-client privilege or work product doctrine.

Defs.' Response:
Defendants will  produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

Pltf.'s 11/22 follow up:
Please advise whether all responsive documents will be produced, including without limitation text messages.


**Request No. 15:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's intention to care for a foster child from January 18, 2022 to the present.

Defs.' Response:
Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

Pltf.'s 11/22 follow up:
Please advise whether all responsive documents will be produced, including without limitation text messages.


**Request No. 16:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's request or proposal to take time off of work during the months of February and March 2022 for the purposes of caring for a foster child.

Defs.' Response:
Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

November 22, 2024
Page 8

<u>Pltf's 3/8 deficiency letter:</u>
Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

<u>Pltf.'s 11/22 follow up:</u>
Please advise whether all responsive documents will be produced, including without limitation text messages.

**Request No. 17:**
<u>Pltf.'s Request:</u>
All documents and communications concerning the placement of a foster child in Jessica Serrett's care at any time.

<u>Defs.' Response:</u>
Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

<u>Pltf's 3/8 deficiency letter:</u>
Your response indicates that you will produce documents within Defendants' PCC. Please confirm that Defendants' search for documents includes those maintained by OCA.

<u>Pltf.'s 11/22 follow up:</u>
Please advise whether all responsive documents in Defendants' PCC will be produced, including without limitation text messages.

**Request No. 18:**
<u>Pltf.'s Request:</u>
All emails or other communications involving both Defendants Pawelczak and Porsch on February 4, 2022.

<u>Defs.' Response:</u>
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control regarding emails involving both Defendants Pawelczak and Porsch on February 4, 2022 that are about Plaintiff Serrett.

<u>Pltf's 3/8 deficiency letter:</u>
You stated that your response will be limited to "emails involving both Defendants Pawelczak and Porsch on February 4, 2022 that are about Plaintiff Serret." It appears that you have disclosed some responsive documents (Defendants000145), please advise whether all responsive documents have been produced.

November 22, 2024
Page 9

Further, please advise whether there any other communications involving both Defendants Pawelczak and Porsch on February 4, 2022, including without limitation text messages, chats, or other written communications.

Pltf.'s 11/22 follow up:
Please respond to the requests from the 3/8 letter above.

**Request No. 19:**
Pltf.'s Request:
All documents and communications concerning Plaintiff's potential unemployment benefits from February 14, 2022 to the present, including without limitation communications involving the New York State Department of Labor.

Defs.' Response:
Defendants objects to the extent this request seeks information protected by the attorney-client privilege. Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. However, Plaintiff alleges that she was initially denied unemployment benefits because the NYS DOL informed her that her former employer had informed them that she was terminated for not receiving the Covid vaccine. Plaintiff alleges she had received it. Such documents are indeed relevant to the parties' claims and defenses. Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.
Finally, to the extent Defendants are withholding any documents due to the attorney-client privilege, Plaintiff requests the disclosure of a privilege log under Local Rule 26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

Pltf.'s 11/22 follow up:
Please advise whether: you will withdraw your relevance objection, after such withdrawal all responsive documents will be produced, and whether you will produce a privilege log as referenced above.

**Request No. 21**
Pltf.'s Request:
All documents and communications concerning the meeting with Justice Taylor in Seneca County on or around February 1, 2022 as alleged in paragraph 40 of the Complaint, including without limitation any document exchanged during such meeting.

November 22, 2024
Page 10

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But these requested documents are relevant to the parties' claims and defenses. Plaintiff first told Defendant Porsch of her intent to foster a child on January 18, 2022. This meeting, weeks later, inherently involved Plaintiff's job duties-indeed the reason why she was hired. Documents about this meeting are relevant.
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Pltf.'s 11/22 follow up:
Please advise on whether you will withdraw your relevance objection, and after withdrawing it, whether all responsive documents will be produced.

**Request No. 24**
Pltf.'s Request:
All documents and communications concerning Plaintiff's role hearing, listening to, or meeting with any parties or counsel involved in case pending in Seneca County on December 3, 2021.

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But Defendant Porsch allowed Plaintiff to hear cases that came before the Seneca County Court on these dates. The requested documents are relevant to the parties' claims and defenses, namely Defendants' defense that Plaintiff was fired for legitimate reasons, including poor performance, lack of trust, etc. They may also show that Defendant Porsch violated relevant policies, rules, or laws concerning when and how a judge's court attorney/law clerk can hear cases instead of the sitting judge.
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Pltf.'s 11/22 follow up:
Please advise on whether you will withdraw your relevance objection, and after withdrawing it, whether all responsive documents will be been produced.

November 22, 2024
Page 11

**Request No. 25:**
Pltf.'s Request:
All documents and communications concerning Plaintiff's role hearing, listening to, or meeting with any parties or counsel involved in case pending in Seneca County on January 18, 2022

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But Defendant Porsch allowed Plaintiff to hear cases that came before the Seneca County Court on these dates. The requested documents are relevant to the parties' claims and defenses, namely Defendants' defense that Plaintiff was fired for legitimate reasons, including poor performance, lack of trust, etc. They may also show that Defendant Porsch violated relevant policies, rules, or laws concerning when and how a judge's court attorney/law clerk can hear cases instead of the sitting judge.
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Pltf.'s 11/22 follow up:
Please advise on whether you will withdraw your relevance objection, and after withdrawing it, whether all responsive documents will be produced.


**Request No 26:**
Pltf.'s Request:
All documents concerning any policy or written guidelines concerning a New York State judge's law clerk or court attorney hearing, listening to, or meeting with parties in a pending case without the presence of a judge.

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But Defendant Porsch allowed Plaintiff to hear cases that came before the Seneca County Court on these dates. The requested documents are relevant to the parties' claims and defenses, namely Defendants' defense that Plaintiff was fired for legitimate reasons, including poor performance, lack of trust, etc. They may also show that Defendant Porsch violated relevant policies, rules, or laws concerning when and how a judge's court attorney/law clerk can hear cases instead of the sitting judge.
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Pltf.'s 11/22 follow up:
Please advise on whether you will withdraw your relevance objection, and after withdrawing it, whether all responsive documents will be produced.

November 22, 2024
Page 12

**Request No. 27:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's communications with Any Fields on 2022 about potentially taking leave under the Family and Medical Leave Act ("FMLA").

Defs.' Response:
Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Without waiving the foregoing objection, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

Pltf.'s 11/22 follow up:
Please advise whether all responsive documents in Ms. Fields' possession or custody will be produced.

**Request No. 29:**
Pltf.'s Request:
All FMLA forms furnished to Plaintiff, and any completed forms returned by Plaintiff, between December 1, 2021 and February 14, 2022.

Defs.' Response:
Defendants will produce any responsive documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
N/A

Pltf.'s 11/22 follow up:
Please advise whether all responsive documents will be produced.

**Request Nos. 30 and 31:**
Pltf.'s Request:
30.All documents and communications concerning any New York State Commission on Judicial Conduct case, matter, or investigation involving Defendant Porsch.

31. All documents and communications involving any Defendant concerning any New York State Commission on Judicial Conduct matter or investigation involving Defendant Porsch.

Defs.' Response (identical for Nos. 30 and 31):
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records

November 22, 2024
Page 13

maintained by the OCA. Without waiving the foregoing objections, Defendants state they have no responsive documents.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But if the CJC has a matter concerning Defendant Porsch, it may disclose potential impropriety or wrongdoing by Defendant Porsch that it relevant in this action, either because it directly relates to Plaintiff or is relevant for impeachment purposes. Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.
Finally, Defendants state that they "have no" responsive documents [to] RFP Nos. 30 and 31. The standard is whether Defendants have any responsive documents in their PCC.

Pltf.'s 11/22 follow up:
Upon information and belief, there have been complaints made against Defendant Porsch with the CJC, and as stated above documents concerning such complaints would be relevant.

These documents are in Defendant Porsch's "control" under the judiciary law. First, courts have defined the term "control" in Fed. R. Civ. P. 34(a)(1) "broadly" as "the legal right or the practical ability to obtain the documents." *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177 (S.D.N.Y. 2006).

The Judiciary Law states that documents related to a complaint would be provided to the judge, or within the judge's control. First, Judiciary Law § 44(3) states, in part, that the CJC:

> may require the appearance of the judge involved before it, in which event <u>the judge shall be notified in writing</u> of his required appearance, either personally, at least three days prior to such appearance, or by certified mail, return receipt requested, at least five days prior to such appearance. <u>In either case a copy of the complaint shall be served upon the judge at the time of such notification</u>. The judge shall have the right to be represented by counsel during any and all stages of the investigation in which his appearance is required and to present evidentiary data and material relevant to the complaint. A transcript shall be made and kept with respect to all proceedings at which testimony or statements under oath of any party or witness shall be taken, and <u>the transcript of the judge's testimony shall be made available to the judge without cost</u>. Such transcript shall be confidential except as otherwise permitted by section forty-five of this article.

(Emphasis added.) Further, Judiciary Law § 45(1) states in part that:

> <u>If the judge who is the subject of a complaint so requests in writing, copies of the complaint, the transcripts of hearings by the commission thereon, if any, and the dispositive action of the commission with respect to the complaint</u>, such copies with any reference to the identity of any person who did not participate at any such hearing suitably deleted therefrom, except the subject judge or complainant, <u>shall be made available for inspection and copying to the public, or to any person, agency or body designated by such judge</u>.

November 22, 2024
Page 14

Plaintiff attempted to subpoena the CJC for documents concerning Defendant Porsch. Plaintiff, however, withdrew this subpoena based on CJC's March 21, 2024 letter (enclosed) that the Judiciary Law precluded it from producing documents in response to the subpoena.

Defendant Porsch, however, is able to obtain responsive documents from the CJC upon his request. Please advise whether Defendant Porsch will request from the CJC documents it can provide to him, if any, which are responsive to this Request, and authorize the CJC to disclose them to Plaintiff.

**Request No. 37:**
Pltf.'s Request:
All call logs concerning phone calls Defendant Porsch and/or Defendant Pawelczak made or received on January 18, 2022, and any day during February 4-14, 2022.

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. To the extent this request is for copies of call logs regarding calls about Plaintiff Serrett, Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But any phone calls Defendants Porsch and/or Pawelczak may have made or received on the dates above are indeed relevant as they could tend to indicate conversations concerning Plaintiff Serrett.

Pltf.'s 11/22 follow up:
Please advise whether all responsive documents as pledged in your response have been disclosed, and if not, when we can expect to receive them.

**Request No. 39:**
Pltf.'s Request:
All documents concerning any litigation hold concerning Plaintiff's New York State Division for Human Rights Complaint or this Action.

Defs.' Response:
Defendants object that the phrase "concerning any litigation hold" is vague.
To the extent that Plaintiff seeks a copy of any "litigation hold" letter sent from Defendants' counsel to Defendants, Defendants object that such communication is protected by the attorney-client privilege.

Pltf's 3/8 deficiency letter:
N/A

Pltf.'s 11/22 follow up:
Please advise whether you will withdraw your vagueness objection, and whether you will produce responsive documents, and whether you will disclose a privilege log under Local Rule

November 22, 2024
Page 15

26(d)(2), excluding privileged communications which post-date the filing of this Action on May 26, 2023.

**Request No. 40:**
Pltf.'s Request:
All documents and communications concerning Jessica Serrett's work performance at any time.

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is overbroad and unduly burdensome. Without waiving the foregoing objections, Defendants state that to the extent this request seeks documents or communications regarding Plaintiff's work performance while working for Judge Porsch, without waiving the foregoing objections Defendants will produce any responsive, non-privileged documents in Defendants' possession, custody, and control.

Pltf's 3/8 deficiency letter:
You objected on relevance grounds. But documents disclosed to date show that Defendants will defend against Plaintiff's claims by arguing she was untrustworthy and a poor worker. To determine whether this defense has merit, or is pretextual, documents responsive to this request are relevant.
Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.
In response to your objection that this request is overly broad and unduly burdensome, Plaintiff will limit the time frame from July 1, 2021 to February 14, 2022.

Pltf.'s 11/22 follow up:
Please advise whether you will disclose all documents concerning Plaintiff's work performance with Defendant Porsch. I am willing to narrow the timeline from when Plaintiff began working for Defendant Porsch, or from November 1, 2021 to February 14, 2022.

**Request No. 42:**
Pltf.'s Request:
All audio or video recordings of Jessica Serrett, except for those where Jessica Serrett appears in person or virtually during a scheduled hearing, meeting or other appearance for a case or matter.

Defs.' Response:
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is over-broad and unduly burdensome. Without waiving the foregoing objections, Defendants state that out of a spirit of cooperation, Defendants' counsel requested the OCA to search for any audio or video of Plaintiff and will produce any responsive material provided by OCA.

November 22, 2024
Page 16

<u>Pltf's 3/8 deficiency letter:</u>
You objected on relevance grounds. But any recording of Plaintiff outside of when she appears during a scheduled appearance for a case or matter is reasonably calculated to lead to discoverable evidence because the substance of such recordings, and the motivations for the recordings outside of the normal course of telephone and Teams conferences, is relevant. Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

<u>Pltf.'s 11/22 follow up:</u>
Please advise on the status of your request that OCA provide any audio or video of Plaintiff as requested.

**Request No. 43:**
<u>Pltf.'s Request:</u>
All documents and communications concerning any complaints or grievances made concerning any Defendant.
<u>Defs.' Response:</u>
Defendants object as this request seeks documents neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by the OCA. Defendants further object that this request is not limited to a reasonable time-period or limited regarding the nature of grievances/complaints requested.

<u>Pltf's 3/8 deficiency letter:</u>
You objected on relevance grounds. But similar to Plaintiff's personnel files, any complaints or grievances concerning any Defendant could "shed light on facts and issue in a plaintiff's case, like motive, intent, or knowledge." *See Lewis v. Triborough Bridge*, No. 97 CIV. 0607, 2001 WL 21256, at *3 (S.D.N.Y. Jan. 9, 2001). Further, potential impeachment evidence is discoverable. *See Moss v. Stinnes Corp* ., 92 Civ. 3788(JFK), 1997 WL 570675 at *2 (S.D.N.Y. Sept. 12, 1997) ("Parties may utilize discovery to obtain information for impeachment purposes."). Defendants' objection that they lack PCC over records maintained by the OCA is improper, as stated above.

To the extent that Defendants seek a limited time period, Plaintiff will limit this request to 10 years from the date of her NYSDHR Complaint filing, or from March 2012 to the present.

<u>Pltf.'s 11/22 follow up:</u>
Please advise whether Defendants will produce any complaints or grievances as requested from March 2012 to the present.

## VI.   Conclusion.

After you review, it might be most productive for you to respond in writing, and then we can set up a time to meet and confer. I look forward to hearing from you, and hope we can resolve these issues without court intervention.

November 22, 2024
Page 17

Sincerely,

Greg Silverman

cc via email only:    Pedro Morales, Esq.
AJ Bosman, Esq.
Rob Strum, Esq.
Jessica Serrett