# Exhibit 15



Office of the New York State
Attorney General

Letitia James
Attorney General

January 22, 2025

VIA US MAIL
Gregory L. Silverman, Esq.
Gregory L. Silverman, Esq. P.C.
118 Genesee Street
Geneva, New York 14456

Re: **Jessica Serrett v. Barry Porsch, et al. (23-cv-6291)**
**23-cv-6291**

Dear Mr. Silverman:

Enclosed find supplemental responses to Plaintiff's First Set of Document Demands, Defendants Second Supplemental Rule 26 Disclosure and a privilege log.

With respect to section II of Plaintiff's November 22, 2024 correspondence, Defendants note that there does not appear to a be a request for text messages in Plaintiff's First Set of Document Demands. As such, in response to same, Defendants assert the objections and responses provided in response to Request No. 6 of their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supplemental Rule 26 Disclosure, dated October 16, 2024, Exhibits A & D and Defendants' Second Supplemental Rule 26 Disclosure, dated January 22, 2025, Exhibits C & D.

With respect to section III, the attachments referenced in Bates Nos. 289 & 291 were previously produced as Bates Nos. 377-379 & 380-381, respectively.

Very truly yours,

*s/ Denetra D. Roberts*
DENETRA D. ROBERTS
JOEL J. TERRAGNOLI
Assistant Attorney Generals

Encl.

Buffalo Regional Office | Main Place Tower, Suite 300A 350 Main Street | Buffalo NY 14202
716-853-8400 | ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA B. SERRETT,<br><br>                              Plaintiff,<br>-vs-<br><br>BARRY PORSCH, et al.,<br><br>                             Defendant. | **Defendants' Supplemental Response to Plaintiff's 1ˢᵗ General Document Demands**<br><br>23-CV-6291 (LJV/LGF) |

Defendants provide supplemental responses to Plaintiff's 1ˢᵗ Request for the Production of Documents:

## GENERAL OBJECTIONS

Defendants reassert all general objections as contained in their October 27, 2023 responses.

## RESERVATION OF RIGHTS

A. To the extent Defendants produce documents or information in response to a Demand for Production it does so without conceding the materiality, admissibility, or relevance of any such document.

B. Defendants reserve all objections to the use of any documents it produces. All such objections may be interposed by Defendants at the time of trial or as otherwise required by the rules or order of the Court.

C. Defendants reserve the right to amend, supplement, or withdraw its responses and objections to a Demand for Production.

D. Where the production of any document by Defendants under a demand may be deemed a waiver of any privilege or rights, such waiver will be deemed a limited waiver of any privilege or rights and will be deemed a limited waiver regarding that document only. Any inadvertent production of any document will not be deemed or construed to constitute a waiver of

1

any privilege or right of Defendants and Defendants reserve their right to demand Plaintiff return to it any such document and all copies.

## **RESPONSES**

6. All communications concerning Plaintiff from July 1, 2022 to the present involving:

    a. Defendant Porsch;

    b. Defendant Pawelczak;

    c. Defendant Fields;

    d. Amy Monachino;

    e. Amie DeCicca;

    f. Lisa Cerra;

    g. Peggy Innis;

    h. Suzanne Leisenring;

    i. Christina Lotts;

    j. Lindsey Sholly; and

    k. Any individual identified in Interrogatory No. 3.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supplemental Rule 26 Disclosure ("Supp Rule 26"), dated October 16, 2024, Exhibits A & D and Defendants' Second Supplemental Rule 26 Disclosure ("2d Supp Rule 26"), dated January 22, 2025, Exhibits C & D.

7. All communications and documents concerning the hiring of Plaintiff to be Defendant Porsch's law clerk.

2

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Rule 26 Disclosure ("Rule 26"), dated October 23, 2023; Supp Rule 26, Exhibits A & D; and 2d Supp Rule 26, Exhibits B & C.

8. All communications and documents concerning the end of Jessica Serrett's employment as Barry Porsch's law clerk/court attorney in or around February 2022.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A & D and 2d Supp Rule 26, Exhibits B.

10. All communications involving Barry Porsch concerning Jessica Serrett's work on or involvement, from November 1, 2021 to February 14, 2022, with:

    a. Supreme Court cases or other Supreme Court matters;

    b. Cases or matters other than Supreme Court cases.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A & D and 2d Supp Rule 26, Exhibits B.

11. All documents and communications from January 1, 2021 to the present concerning any problems, issues, or management of the docket of, or progress of work on, Supreme Court cases or matters pending in Seneca County.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' 2d Supp Rule 26, Exhibit E. Additionally, see Bates No. 2421 for a color copy of Bates No. 437.

12. All communications concerning the possibility of, and actual, termination or separation of Christopher Folk's employment with UCS and/or Barry Porsch, involving Barry Porsch and: a. Craig Doran; b. William Taylor; c. Ronald Pawelczak; and/or d. any other Person.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibit A.

13. All communications and documents concerning Plaintiff's complaint filed with the NYS Division for Human Rights against, among others, Defendant Porsch, and docketed as Case No. 10216303. Please provide a privilege log for any documents or communications asserted to be protected by the attorney-client privilege or work product doctrine.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A.

14. All communications and documents concerning this Action involving any Defendant which are not protected by the attorney-client privilege or work product doctrine.

**Response:** Defendants reassert their original response as contained in their October 27, 2023 response. Refer to Defendants' Supp Rule 26, Exhibits A & D; and 2d Supp Rule 26, Exhibits B & C.

15. All documents and communications concerning Jessica Serrett's intention to care for a foster child from January 18, 2022 to the present.

**Response:** Refer to Response No. 14.

16. All documents and communications concerning Jessica Serrett's request or proposal to take time off of work during the months of February and March 2022 for the purposes of caring for a foster child.

**Response:** Refer to Response No. 14.

17. All documents and communications concerning the placement of a foster child in Jessica Serrett's care at any time.

**Response:** Refer to Response No. 14.

18. All emails or other communications involving both Defendants Pawelczak and Porsch on February 4, 2022.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A & D and 2d Supp Rule 26, Exhibit B.

19. All documents and communications concerning Plaintiff's potential unemployment benefits from February 14, 2022 to the present, including without limitation communications involving the New York State Department of Labor.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A & D and 2d Supp Rule 26, Exhibit B.

21. All documents and communications concerning the meeting with Justice Taylor in Seneca County on or around February 1, 2022 as alleged in paragraph 40 of the Complaint, including without limitation any document exchanged during such meeting.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A & D.

24. All documents and communications concerning Plaintiff's role hearing, listening to, or meeting with any parties or counsel involved in case pending in Seneca County on December 3, 2021.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibit A and 2d Supp Rule 26, Exhibits D & E.

25. All documents and communications concerning Plaintiff's role hearing, listening to, or meeting with any parties or counsel involved in case pending in Seneca County on January 18, 2022

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibit A and 2d Supp Rule 26, Exhibit E.

26. All documents concerning any policy or written guidelines concerning a New York State judge's law clerk or court attorney hearing, listening to, or meeting with parties in a pending case without the presence of a judge.

**Response:** Defendants reassert their original objections as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' 2d Supp Rule 26, Exhibit E.

27. All documents and communications concerning Jessica Serrett's communications with Any Fields on 2022 about potentially taking leave under the Family and Medical Leave Act ("FMLA").

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibit D.

29. All FMLA forms furnished to Plaintiff, and any completed forms returned by Plaintiff, between December 1, 2021 and February 14, 2022.

**Response:** Defendants are not in possession of any such documents.

30. All documents and communications concerning any New York State Commission on Judicial Conduct case, matter, or investigation involving Defendant Porsch.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Defendants further object as said documents are privileged. *See Mora v. Koch*, 79 Misc. 3d 434, 439-40 (Sup. Ct. Dutchess Cnty. Apr. 4, 2023) ("Complaints to Judicial Conduct Commission are "absolutely privileged".).

31. All documents and communications involving any Defendant concerning any New York State Commission on Judicial Conduct matter or investigation involving Defendant Porsch.

**Response:** Refer to Response No. 30.

37. All call logs concerning phone calls Defendant Porsch and/or Defendant Pawelczak made or received on January 18, 2022, and any day during February 4-14, 2022.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response.

39. All documents concerning any litigation hold concerning Plaintiff's New York State Division for Human Rights Complaint or this Action.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, Defendants are not in possession of any such documents.

40. All documents and communications concerning Jessica Serrett's work performance at any time.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, refer to Defendants' Supp Rule 26, Exhibits A & D and 2d Supp Rule 26, Exhibits B & D.

42. All audio or video recordings of Jessica Serrett, except for those where Jessica Serrett appears in person or virtually during a scheduled hearing, meeting or other appearance for a case or matter.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response. Without waiver of said objections, and an in a good faith attempt to respond to this demand, Defendants have requested any responsive audio or video recordings from OCA. Defendants have been informed by non-party OCA that no such recordings exist.

43. All documents and communications concerning any complaints or grievances made concerning any Defendant.

**Response:** Defendants reassert their original objections and responses as contained in their October 27, 2023 response.

*Defendants state that discovery is ongoing and reserve the right to supplement these responses.*

Dated: January ____, 2025

**Letitia James**
Attorney General for the State of New York
*Attorney for Defendants*

*s/ Denetra D. Roberts*
Denetra D. Roberts
Joel J. Terragnoli
Assistant Attorney General
NYS Office of the Attorney General
350 Main Street, Suite 300A
Buffalo, New York 14202

# Serrett v. Porsch, WDNY Civ. No. 23-6291

## Defendants' Privilege Log:

(1) Any emails and/or other communications between the NYS Office of the Attorney General and one or more of the defendants concerning this litigation after it was commenced (Attorney Client/Work Product Privilege).

(2) Email chain involving defendant Amy Fields and counsel for the New York State Office of Court Administration concerning her request for legal advice on Family Medical Leave Act issue (Attorney Client Privilege)

(3) All correspondence and/or other communications between defendant Barry Porsch and the New York State Commission on Judicial Conduct ("CJC") concerning proceedings before the CJC involving defendant Porsch (Privileged under New York Judiciary Law §§ 44-45 and New York state case law)