UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

————————————————————————————

JESSICA B. SERRETT,

                                 Plaintiff,

        v.                                                       Index No. 6:23-cv-06291

BARRY PORSCH, et al.,

                                 Defendants.

————————————————————————————

## **MEMORANDUM OF LAW IN OPPOSITION TO**
## **<u>PLAINTIFF'S MOTION TO COMPEL</u>**

LETITIA JAMES
Attorney General of the State of New York
JOEL J. TERRAGNOLI
DENETRA ROBERTS
*Attorney for Defendants*
Assistant Attorneys General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
Tel: (716) 853-8449
Joel.Terragnoli1@ag.ny.gov
Denetra.Roberts@ag.ny.gov

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STANDARD OF REVIEW ...................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

    I.    ANY DOCUMENTS CONCERNING COMPLAINTS WITH OR PROCEEDINGS
BEFORE THE CJC INVOLVING DEFENDANT PORSCH ARE
CONFIDENTIAL/PRIVILEGED AND EXEMPT FROM DISCOVERY. ............................... 2

    II.    DEFENDANTS CANNOT BE COMPELLED TO PRODUCE ADDITIONAL
DOCUMENTS THEY DO NOT HAVE. ......................................................................... 5

CONCLUSION ...................................................................................................................... 7

## PRELIMINARY STATEMENT

Plaintiff's motion to compel under Federal Rule of Civil Procedure ("FRCP") Rule 37(a) should be denied. Any materials in Defendants' possession or control concerning complaints, investigations, or other proceedings before the New York State Commission on Judicial Conduct ("CJC") are privileged and exempt from discovery under federal common and state statutory law.

Defendants also told Plaintiff they searched their records and produced all non-privileged and responsive documents they have. The CJC-materials aside, Plaintiff has not identified any non-privileged documents that Defendants have allegedly withheld that she hopes to compel, nor any facts supporting her belief that additional responsive documents in Defendants' "control" exist elsewhere, indicating this motion is little more than a fishing expedition. Therefore, Plaintiff's motion to compel, along with her request for attorney's fees, should be denied.

## STANDARD OF REVIEW

FRCP 26(c) states that  a party may obtain discovery concerning any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case, subject to certain limitations. But "such inquiries should be accompanied by objective support rather than mere speculation," and discovery is not intended to facilitate "fishing expeditions". *Glencore Ltd. v. Lousi Dreyfus Co. B.V.*, 2025 U.S. Dist. LEXIS 53195, at *7 (S.D.N.Y. Mar. 19, 2025).

FRCP 37(a) permits parties to move to compel the production of documents or other discovery if the movant certifies they have unsuccessfully attempted to obtain the discovery in question without court action. But a party "cannot be compelled to produce documents they do not have." *McMillian v. Cnty. of Cortland*, 2008 U.S. Dist. LEXIS 146156, at *3 (N.D.N.Y. Sept. 15, 2008). Further, "[t]he burden is on the party seeking to compel discovery to cast doubt on the

responding party's assertion that it does not have the requested information." *Gary Freidrich Enters., LLC v. Marvel Enters., Inc.*, 2011 U.S. Dist. LEXIS 67766, at *5 (S.D.N.Y. June 21, 2011).

## FACTUAL BACKGROUND

The Court is respectfully referred to the accompanying declaration of Joel J. Terragnoli dated April 14, 2025 ("Terragnoli Decl."), for the facts underlying this opposition.

## ARGUMENT

**I.      ANY DOCUMENTS CONCERNING COMPLAINTS WITH OR PROCEEDINGS BEFORE THE CJC INVOLVING DEFENDANT PORSCH ARE CONFIDENTIAL/PRIVILEGED AND EXEMPT FROM DISCOVERY.**

In part, Plaintiff seeks to compel Defendants' production of any responsive documents reflecting Defendant Porsch's involvement in proceedings before the New York State Commission on Judicial Conduct ("CJC"). ECF No. 26-1, at *8-9 (RFP Request Nos. 30, 31). Defendants' prior counsel first objected on relevance and other grounds, and then later, in response to Plaintiff's November 2024 "deficiency letter", argued any records and communications reflecting complaints filed against Judge Porsch with the CJC are privileged and exempt from disclosure. *See id.* at *9.

Plaintiff's complaint raises both federal and state law claims. Thus, under Federal Rule of Evidence 501 and applicable case law (*see, e.g., Von Bulow v. Von Bulow,* 811 F.2d 136, 141 (2d Cir. 1987)), the privilege analysis with respect to any CJC documents pertaining to Defendant Porsch is governed by federal common law.[1]

---

[1] If state law applied the analysis would be the same, as New York courts have unequivocally declared CJC records are absolutely privileged, absent a waiver. *Anonymous v. Bureau of Prof'l Med. Conduct*, 2 N.Y.3d 663 (2004) ("The statutes governing judges and lawyers clearly require that disciplinary proceedings remain confidential, even after termination, where there is no finding of wrongdoing."); *Stern v. Morgenthau*, 62 N.Y.2d 331, 337 (1984) (noting Judge can waive privilege and release CJC records); *Nichols v. Gamso*, 35 N.Y.2d 35, 38 (1974) ("Internal judicial investigations of charges or complaints against judicial officers are confidential, and no authority,

2

Materials generated as part of judicial disciplinary proceedings and related investigations are confidential/privileged. *See Landmark Communications v. Va.*, 435 U.S. 829, 835 (1978). Discussing *Landmark*, the Second Circuit explained that four interests justify protecting the confidentiality of judicial disciplinary proceedings, including: "(1) encouraging the filing of complaints; (2) protecting judges from unwarranted complaints; (3) maintaining confidence in the judiciary by avoiding premature announcement of groundless complaints; and (4) facilitating the work of the commission by giving it flexibility to accomplish its mission through voluntary retirement or resignation of offending judge." *Kamasinski v. Judicial Review Council*, 44 F.3d 106, 110 (2d Cir. 1994) (citing *Landmark*, *supra*, at 835-37).

The Second Circuit further found that keeping such materials confidential advanced the interests of attracting qualified judges, increasing assistance with investigations, procuring complete and truthful testimony, ensuring the independence of the state's judiciary, and increasing outsiders' ability to monitor the judiciary." *Id.* It noted "it is instructive that Congress has concluded that confidentiality of inquiries into federal judicial misconduct is of great value. *See* 28 U.S.C. § 372(c)(14) (all papers, documents and records of investigations into judicial misconduct are confidential)." *Id.* Finally, *Kamasinski* concluded that "[t]he state's interest in the quality of its judiciary [] is an interest of the highest order." *See id.*

These interests all are furthered by a finding that any CJC materials either in the possession and/or "control" of Defendant Porsch are privileged and exempt from disclosure. Plaintiff should not be permitted to harass a sitting Judge through discovery requests that potentially implicate ongoing judicial misconduct investigations, and/or any documents that were generated in response

---

decisional or statutory, suggests otherwise."); *Mora v. Koch*, 79 Misc. 3d 434, 439-40 (Sup. Ct. Dutchess Cnty. Apr. 4, 2023) (complaints to CJC are "absolutely privileged").

to past unsubstantiated complaints that were dismissed, without more than some conclusory claims that such materials might be "relevant" to her claims or useful for impeachment purposes (ECF No. 26-1, at *9-11). To the extent that any CJC investigation into Defendant Porsch result in a finding of misconduct and/or the imposition of discipline, the CJC would be required by law to submit its findings to the New York Court of Appeals, who would then be required to make the related findings and conclusions available for public inspection. *See* N.Y. Judiciary Law § 44(7). But unless and until that occurs, the confidentiality/privilege discussed above applies.

Considerations of comity also support a finding that any CJC records concerning Judge Porsch are privileged and exempt from disclosure. *See United States v. One Parcel of Property Located at 31-33 York Street*, 930 F.2d 139, 141 (2d Cir. 1991) ("as a matter of comity federal courts accord deference to state-created privilege," though construing those privileges narrowly). There is no question that state law, specifically New York Judiciary Law § 45, provides that "all complaints, correspondence, [CJC] proceedings and transcripts thereof, other papers and data and records of the [CJC] shall be confidential and shall not be made available to any person except pursuant to [Judiciary § 44]." Judiciary Law § 44 permits the publication of the findings of wrongdoing and/or disciplinary determinations of the CJC under certain circumstances. Defendant Porsch has the right to access certain records concerning complaints filed against him with the CJC, and to disclose them if he so chooses. *See* Judiciary Law § 45(1).

Federal ***and*** state law both recognize the importance of confidentiality with respect to documents generated by investigatory bodies in response to complaints of judicial misconduct. Plaintiff's motion fails to identify any authority that states otherwise. Plaintiffs' sole argument on the CJC documents issue – that Judge Porsch could voluntarily choose to disclose otherwise privileged documents (ECF No. 26-1, at *11) – is irrelevant. Judge Porsch has chosen to invoke

the privilege he is afforded under both Federal common law and State law, and he has no obligation

to waive it here. Plaintiff's motion to compel the production of the CJC records should be denied.

## II.    DEFENDANTS CANNOT BE COMPELLED TO PRODUCE ADDITIONAL DOCUMENTS THEY DO NOT HAVE.

Plaintiff also asks the Court to compel Defendants to produce the following records:

- Defendant Fields' communications with Plaintiff about FMLA Leave. ECF No. 26-1, at *7 (ECF No. 26-1, at *6 (Part A));

- Documents and communications concerning a January 7, 2024 meeting involving Defendants Porsch and Pawelczak (*id.* at *12 (Part C));

- Documents and communications concerning Jessica Serrett's intentions or plans to become pregnant, or foster/adopt a child (*id.* at *14 (Part D));

- All communications concerning the possibility of, and actual, termination or separation of Christopher Folk's employment with UCS and/or Barry Porsch, involving Barry Porsch and: a. Craig Doran; b. William Taylor; c. Ronald Pawelczak; and/or d. any other Person (*id.* at *15 (Part E-1)); and

- All documents and communications concerning Plaintiff's potential unemployment benefits from February 14, 2022 to the present, including without limitation communications involving the New York State Department of Labor (*id.* at *18 (Part F)).

Defendants have produced nearly 3,000 pages of documents in this litigation, in addition

to the 870 pages of documents produced by UCS. Defendants searched their records and produced

all non-privileged documents they have that they believe are responsive to Plaintiff's demands.

Terragnoli Decl. ¶¶ 26-31, Ex. A. As evidence of their compliance with those discovery obligations,

hundreds of pages from those documents were matched to the demands in Plaintiff's motion and

specifically identified by bates number in Defendants' email to Plaintiffs' counsel dated March 28,

2024. *Id.* Ex. A, at *4-5.

Defendants have not withheld any additional documents that appear to be responsive to

these demands, and, as previously stated to Plaintiff's counsel, they have already produced all non-

privileged and responsive documents they have. Defendants cannot be compelled to produce what they do not have. *Ramos v. Hy*, 2023 U.S. Dist. LEXIS 3504, at *5 (W.D.N.Y. Jan. 9, 2023) ("Defendants cannot be compelled to provide that which they do not possess.") Thus, Plaintiff's motion to compel should be denied. *See Marseet v. Rochester Inst. Of Tech*, 2023 U.S. Dist. LEXIS 15672, at *33 (W.D.N.Y. Jan. 30, 2023) (denying motion to compel as moot where nonmovant explained it had already produced the documents at issue).

Plaintiff was repeatedly asked to provide facts or other evidence suggesting that Defendants' document productions were incomplete, and/or to identify specific documents Defendants legally "control" but did not produce. *See* Terragnoli Decl. Ex. A. She failed to do so, and, therefore, has likewise failed to meet her burden of proof on this motion to compel. *Gary Friedrich Enters., supra.* Her motion to compel should be denied.

### III.    <u>PLAINTIFF'S REQUEST FOR ATTORNEY FEES SHOULD BE DENIED.</u>

Rule 37(a)(5)(A) provides that a party who successfully moves to compel may recover his or her attorney fees in making that motion. "Attorney fees, however, need not be awarded where the opposing party's position was 'substantially justified.'" *Gugino v. City of Buffalo*, 2024 U.S. Dist. LEXIS 96381, at *34 (W.D.N.Y. May 30, 2024). "'Substantially justified' does not mean 'justified to a high degree, but rather has been said to be satisfied if there is a 'genuine dispute,' over a legal issue." *Id.* (citing *Coleman v. Dydula*, 175 F.R.D. 177, 181 (W.D.N.Y. 1997)). Alternatively, a request for attorney fees should be denied where circumstances would make an award of expenses unjust. FRCP 37(a)(5)(A).

Plaintiff's motion should be denied for the reasons above. But if any part of that motion is successful, her request for attorney fees should still be denied because Defendants' actions in this case were substantially justified.

With respect to the CJC-privilege issue, there is a genuine legal dispute over whether those materials are in fact privileged and exempt from disclosure. *See infra* Part I.

Further, to the extent Plaintiff has reasonably articulated her document demands, Defendants have produced the non-privileged, responsive documents within their possession/control, so it is unclear what files or other records she wants that Defendants could be ordered to compel. *See infra* Part II. Therefore, Plaintiff's request for attorney fees should be denied.

## <u>CONCLUSION</u>

Plaintiff's motion to compel should be denied in its entirety.

Dated: April 14, 2025
Buffalo, New York

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

By:    */s/ Joel J. Terragnoli*
DENETRA ROBERTS
JOEL J. TERRAGNOLI
*Attorney for Defendants*
Assistant Attorneys General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
Tel: (716) 853-8449
Denetra.Roberts@ag.ny.gov
Joel.Terragnoli1@ag.ny.gov