| | |
|---|---|
| **From:** | Terragnoli, Joel |
| **To:** | Gregory L. Silverman |
| **Cc:** | Roberts, Denetra |
| **Subject:** | RE: Serrett Motion to Compel |
| **Date:** | Thursday, April 10, 2025 1:50:00 PM |

Greg,

I did not mention Judge Taylor as an example. I was trying to explain my clients don't "control" the two categories of documents you specifically identify for which I haven't already made a responsive production, those being: (1) text messages referred to in DEF230; and (2) "Judge Taylor's communications with the 'DCAJ' on this issue", which you say are also mentioned at the end of DEF230.

As for (1), my clients don't have any such text messages. As for (2), the last paragraph of DEF230 doesn't identify any actual writings, and seems to refer to a series of conversations. But even if that paragraph did refer to a writing, no, I don't think my clients have "control" over Judge Taylor's written communications to the District Court Administrative Judge concerning a potential investigation by the OCA Inspector General. As evidence of this, please note your own exhibit 9, where OCA objected to this demand on the grounds that the requested materials are "confidential or legally privileged from disclosure." ECF No. 26-11, at *22-23 (response to Doc. Request No. 42. Your email below notes you did not ask my clients for Chris Folks' personnel file, but that is the point. You know there are OCA records that are outside my clients' control.

I'm not willing to withdraw our objections, which I think were appropriate, but let's assume I did. What then? My clients cannot be compelled to produce what does not exist, and you point to no evidence showing our productions are incomplete. For the demands where you have moved to compel, what facts support your belief that more documents exist beyond the materials I produced and identified below?

Joel


**Joel J. Terragnoli**
*Assistant Attorney General*
Office of NYS Attorney General
Buffalo Regional Office
350 Main Street
Main Place Tower, Suite 300A
Buffalo, NY  14202
716-853-8449

**From:** Gregory L. Silverman <greg@silverman-law.com>
**Sent:** Thursday, April 10, 2025 9:56 AM
**To:** Terragnoli, Joel <Joel.Terragnoli1@ag.ny.gov>
**Cc:** Roberts, Denetra <Denetra.Roberts@ag.ny.gov>
**Subject:** RE: Serrett Motion to Compel

Joel,

The court in *Hamilton* also ordered the state employees sued in their individual capacity to answer certain interrogatories, rejecting their argument that any information requested "would be in the possession, custody, and control of New York State."

I understand your position to be that your clients will not obtain any documents in their control, which is defined as the practical ability to obtain responsive documents. *See Flag Telecom* (page 7 of my MOL). To your example about Judge Taylor – are you saying your clients don't have the practical ability to work with UCS and obtain those emails?

As to Chris Folk's personnel file, I never specifically requested that in a Rule 34 demand to your clients.

Finally, will you withdraw your objections concerning the requests I moved to compel?

Greg


**Gregory L. Silverman, Esq., PLLC**
118 Genesee St.
Geneva, NY 14456
Tel: 585-480-6686

---

**From:** Terragnoli, Joel <Joel.Terragnoli1@ag.ny.gov>
**Sent:** Tuesday, April 8, 2025 9:27 AM
**To:** Gregory L. Silverman <greg@silverman-law.com>
**Cc:** Roberts, Denetra <Denetra.Roberts@ag.ny.gov>
**Subject:** RE: Serrett Motion to Compel

Greg,

Thanks for the response. I've read *Hamilton*. It does not say an employee "controls" every record generated by their employer, which you seem to imply. The part of the decision where the Court directed the employees to respond to a third party subpoena notes, "[c]uriously, defendants have failed to address plaintiff's request [to compel defendants to respond to the third party subpoena]. In light of plaintiff's *pro se* status, I conclude it is appropriate to treat plaintiff's subpoena as a document request. Defendants are directed to respond to the subpoena as if it were a document request." *Hamilton v. Kerik*, 2002 U.S. Dist. LEXIS 24194, at *16 (S.D.N.Y.).

Your client is represented and my clients responded to your Rule 34 demands. I've identified documents we produced in response to each demand from your motion to compel and explained we haven't withheld any non-privileged materials. I can't see any part of the *Hamilton* decision that is analogous here.

My clients have access to their own emails, correspondence, etc., from their work accounts and records. They searched those records for documents responsive to your demands and produced them (see below). Aside text messages related to the January 7th note, which I've stated before my clients do not have, your motion does not identify any specific documents my

clients allegedly have "control" over that have been withheld (unless you are claiming my clients have the right to access Judge Taylor's emails requested in RFP No. 3, subpart e, which I don't think you do).

Your motion seems to acknowledge there are UCS records my clients would not have a clear right to obtain, such as Chris Folk's personnel file, which is why you only moved to compel against UCS on that issue. But again, that is a specific, identifiable item. If there is some factual basis for your belief that other specific, identifiable records exist that my clients have access to but have not produced, please let me know what that those facts are, as your motion does not do so.

Alternatively, I would ask again that you reconsider this part of your motion. My clients cannot be compelled to produce records that do not exist, and I cannot guess what it is that you are looking for.

Joel

**Joel J. Terragnoli**
*Assistant Attorney General*
Office of NYS Attorney General
Buffalo Regional Office
350 Main Street
Main Place Tower, Suite 300A
Buffalo, NY  14202
716-853-8449

---

**From:** Gregory L. Silverman <greg@silverman-law.com>
**Sent:** Saturday, April 5, 2025 5:28 PM
**To:** Terragnoli, Joel <Joel.Terragnoli1@ag.ny.gov>
**Cc:** Roberts, Denetra <Denetra.Roberts@ag.ny.gov>
**Subject:** RE: Serrett Motion to Compel

**[EXTERNAL]**

Hi Joel,

Thanks for the email. Apologies for my delay. I've been underwater responding to a MSJ.

I can't agree to withdraw these requests, in part, based on your representation that you will only produce documents in your clients' possession, but not in their control. See my cite to *Hamilton v. Kerik* on page 7 of my Memo of Law. If you have authority saying that's incorrect, I'm glad to review.

Greg

**Gregory L. Silverman, Esq., PLLC**
118 Genesee St.
Geneva, NY 14456
Tel: 585-480-6686

**From:** Terragnoli, Joel <Joel.Terragnoli1@ag.ny.gov>
**Sent:** Friday, March 28, 2025 11:40 AM
**To:** Gregory L. Silverman <greg@silverman-law.com>
**Cc:** Roberts, Denetra <Denetra.Roberts@ag.ny.gov>
**Subject:** Serrett Motion to Compel

Hello Greg,

We conferred with our clients (again) about your discovery demands in response to your motion. I am attaching one additional email we received wherein Judge Porsch relayed the mere fact of Christopher Folk's resignation to a Yates County Family Court Clerk. While I do not think this is in any way relevant to your client's claims in this litigation (it provides no information on why Folk's employment ended, the timing of which is not in dispute), I wanted to provide it to show our continued good faith efforts to comply with our discovery obligations, while simultaneously showing we are scraping the bottom of the discovery barrel here.

While we still intend to oppose your request for any CJC materials, I am asking that Plaintiff withdraw her other requests against our clients given our prior representations (and reiteration here) that Defendants have produced to you all relevant, non-privileged documents they are aware of, These productions include a large amount of materials responsive to the categories noted in your motion to compel, including (not likely not limited to) the following:

*ECF No. 26-1, Part A: Documents concerning Plaintiff's communications with Amy Field in 2022 about potentially taking FMLA leave. See* DEF30-33, 85-92, 114, 286, 462-65, 564, 1277-79, 1390-1397, 2127, 2307.

*ECF No. 26-1, Part C: Documents/communications concerning the January 7, 202[2] meeting involving Defendants Porsch and Pawelczak.* On our call we confirmed that Defendant Pawelczak was the author of the document DEF230, and, to the extent we have any documents related to DEF230, they have been produced. *See* DEF141-42, 230, 770, 1345-46, 1438.

*ECF No. 26-1, Part D: Documents/communications concerning Plaintiff's intentions to become pregnant or foster/adopt a child. See* DEF1, 30-33, 35, 38, 40 43, 49, 55, 61, 112-15, 213, 285, 500 526, 563 619, 624, 733-916 (Ontario DSS file), 917-1200 (Yates DSS file), 1510, 1527, 1530, 1533-36, 1546, 1551, 1680-81, 1686, 1690, 2098, 2126-28, 2165, 2168, 2176, 2178, 2181, 2187-89, 2213-15, 2287, 2289, 2302-06, 2308-09, 2321-22, 2324-25, 2341, 2343,44, 2346, 2349, 2355, 2361, 2367, 2371, 2382, 2404-06, 2408-09, 2413, 2416, 2420, 2426-27, 2430, 2462-64, 2604, 2606-07, 2609, 2612, 2618, 2620-21, 2624, 2648, 2671-76.

*ECF No. 26-1, Part E-1: Communications concerning Mr. Folk's separation of employment with Defendant Porsch. See* DEF 221, 618-19, 631, 734, 1308, 1607-09, 1618-21, 1665, 2643, 2905.

*ECF No. 26-1, Part F: Documents and communications concerning Plaintiff's unemployment benefits from February 14, 2022 to the present, including communications involving the NYS Dept. of Labor. See* DEF 348, 365-70, 402-16, 470-72, 495-97, 753-54, 1667-68, 2189, 2206-2211, 2248, 2251, 2254-56, 2306, 2311-13, 2336-38, 2464.

Our clients are not intentionally withholding any non-privileged documents. Aside from challenging our privilege designation of the CJC materials, it is not quite clear what other relief you hope to achieve. Therefore, please advise whether you will agree to withdraw Plaintiff's requests in Parts A, C, D, E-1 and F, of your motion to compel with respect to our clients. Doing so would not preclude you from continuing your motion with respect to UCS' subpoena response, but it would narrow the issues the court would need to resolve, which I believe is in everyone's best interests.

Regards,

Joel


**Joel J. Terragnoli**
*Assistant Attorney General*
Office of NYS Attorney General
Buffalo Regional Office
350 Main Street
Main Place Tower, Suite 300A
Buffalo, NY  14202
716-853-8449


**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

## Hon. Barry L. Porsch

**From:** Hon. Barry L. Porsch
**Sent:** Monday, November 1, 2021 10:52 AM
**To:** Kerri L. Searles
**Subject:** law clerk

Please take note, and advise your staff, that Christopher Folk resigned as my law clerk about three weeks ago. I hired Jessica Serrett, and she started working part time for me today, and will be full time in two weeks.
Thanks,
Barry

DEF002905