UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSICA B. SERRETT,

                        Plaintiff,

        -against-                              23-cv-6291 (LVJ) (LGF)

BARRY PORSCH, RONALD PAWELCZAK,
AMY FIELDS, and JANE DOES, et al.,

                        Defendants.
_____


## MEMORANDUM OF LAW IN OPPOSITION
## PLAINTIFF'S MOTION TO COMPEL DISCLOSURE
## FROM NON-PARTY NEW YORK STATE UNIFIED COURT SYSTEM


                                              **DAVID NOCENTI**
                                                Counsel, Office of Court Administration
                                            New York State Unified Court System
                                            25 Beaver Street - 10th Floor
                                            New York, New York 10004
                                            (212) 428-2150

                                            Attorney for Non-Party
                                                New York State Unified Court System


PEDRO MORALES
   <u>Of Counsel</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS ................................................................................................................................ 1

POINT ONE
   PLAINTIFF'S MOTION TO COMPEL PRODUCTION
   FROM UCS SHOULD BE DENIED WHERE THE INFORMATION
   PLAINTIFF IS SEEKING FROM NON-PARTY UCS IS PRIVILEGED
   AGAINST DISCLOSURE, IS ACCESSIBLE TO THE PARTY-
   DEFENDANTS, AND IS NOT RELEVANT TO PLAINTIFF'S CLAIMS ................... 4

     A.  Plaintiff is not entitled to Former Law Clerk Christopher Folk's
         Personnel Records where the Need for these Confidential
         Business Records have not been Demonstrated by Plaintiff ............................... 5

     B.  Having Received the Redacted Final Report of UCS' Investigation
         of Plaintiff, Plaintiff is not Entitled to the Work Product
         of the Investigators Who Conducted the Investigation ....................................... 6

     C.  UCS Should Not Be Required to Produce Information
         Concerning Plaintiff's Potential Unemployment Benefits
         Because that Information is not Relevant to Plaintiff's Claims .......................... 9

     D.  UCS Should not be Required to Produce Documents
         Over which the Defendants Have Possession and
         Control and Are in a Better Position to Locate .................................................. 10

POINT TWO
   PLAINTIFF IS NOT ENTITLED TO ATTORNEYS FEES ........................................ 11

CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**
Cirale v Pine St. Corp., 35 N.Y.2d 113 (1974) ................................................................. 7
Dept. of the Interior v Klamath Water Users Protective Assn., 532 U.S. 1 (2001) ............. 7
Dipace v Goord, 218 F.R.D. 399 (S.D.N.Y. 2003) ............................................................ 7
Doe v. Ribach, 7 Misc.3d 341 (Sup. Ct. Albany Co. 2005) ................................................ 7
Dzanis v. JPMorgan Chase & Co., 2011 WL 5979650 (S.D.N.Y. Nov. 30, 2011) .............. 6
Harris v Schmidt, 117 A.D.3d 1569 (4th Dept. 2014) ........................................................ 6
Matter of Klein v Lake George Park Commn., 261 A.D.2d 774 (3rd Dept. 1999) .............. 7
Matter of World Trade Ctr. Bombing Litgn., 93 N.Y.2d 1 (1999) ...................................... 6
Mitchell v. Metropolitan Life Ins. Co., Inc., 2004 WL 2439704 (S.D.N.Y. Nov. 2, 2004) .. 6
Stevens v Metropolitan Suburban Bus Auth., 117 A.D.2d 733 (2d Dept. 1986) .................. 6

**Rules**
Fed. R. Civ. P. 26 (b) (1) .................................................................................................. 5
Fed. R. Civ. P. 26 (c) ....................................................................................................... 6
Fed. R. Civ. P. 37 (a) (5) ................................................................................................ 11
Fed. R. Civ. P. 45 (d) (2) .................................................................................................. 6
Fed. R. Civ. P. 45 (e) (2) .................................................................................................. 6
Fed. R. Civ. P. Rule 45 (d) (2) (B) (i) ............................................................................... 4
Fed. R. Civ. P. Rule 45 (d) (2) (B) (ii) .............................................................................. 4

**Regulations**
22 NYCRR § 50.1 ............................................................................................................ 7

## PRELIMINARY STATEMENT

Plaintiff Jessica Serrett moves pursuant to Rules 45 (b) (2) (B) (i) and 37 (a) (1) for an order compelling New York State Unified Court System ("UCS") to comply with a subpoena duces tecum that seeks production of the personnel records of a former law clerk, the work product of the UCS investigator who investigated plaintiff for misconduct, documents concerning communications between the parties to the action, plaintiff's application for unemployment benefits, and the documents referenced in a document prepared by one of the defendants.

UCS opposes the motion on the ground that UCS personnel records and internal investigation records are privileged from disclosure, and that the remaining documents sought are either not relevant to plaintiff's claims given the allegations in the complaint, or can be more efficiently located and produced by the party-defendants who as UCS personnel have access to and can provide any responsive documents.

## FACTS

The procedural history concerning this matter are set forth in the accompanying Declaration of Pedro Morales, dated April 14, 2025 ("Morales Decl."). Briefly, the facts are as follows:

In the complaint, plaintiff alleges the following: In 2021, defendant Barry Porsch, a Supreme Court Justice in Seneca County, hired plaintiff as his law clerk. Morales Decl., Ex. A ¶¶ 26 – 32. In January 2022, after learning that she and her husband had been

selected to be the foster parents to an infant, plaintiff contacted Amy Fields, Human Resources administrator, to inquire about applying for intermittent leave under the Family and Medical Leave Act. Morales Decl., Ex. A ¶¶ 34 – 37. Fields incorrectly informed plaintiff that plaintiff was entitled only to continuous leave, not intermittent leave. Morales Decl., Ex. A ¶ 37. Plaintiff informed Porsch that she needed to take leave from work to care for her foster child. Morales Decl., Ex. A ¶¶ 38, 43 – 44. Porsch informed defendant Ronald Pawelczak, Executive Assistant for the Seventh Judicial District, that he no longer wished to retain plaintiff as his law clerk because she intended to take leave to care for her foster child. Morales Decl., Ex. A ¶¶ 53 – 54. Porsch informed plaintiff that there was a crisis with the Seneca County Supreme Court cases and requested that plaintiff provide a report of the status of those cases. Morales Decl., Ex. A ¶¶ 57 – 59. On February 14, 2022, Porsch called plaintiff into his office and informed her that he was requesting her resignation and that if she did not submit her resignation, he would terminate her. Plaintiff resigned. Morales Decl., Ex. A ¶¶ 68 – 70. Plaintiff subsequently learned that the Seventh Judicial District informed the Department of Labor that she was terminated from her law clerk position for failing to receive the COVID vaccine. Morales Decl., Ex. A ¶ 76.

Based on the preceding allegations, plaintiff asserts a claim against Porsch and Pawelczak for sex and familial status discrimination in violation of the equal protection clause of the 14th Amendment to the United States Constitution and the New York State Human Rights Law. Morales Decl., Ex. A ¶¶ 78 – 87, 93 – 97. Plaintiff also asserts a claim

2

against Fields for interference with her rights under the Family and Medical Leave Act. Morales Decl., Ex. A ¶¶ 98 – 105.

On August 6, 2024, plaintiff served UCS with a subpoena duces tecum consisting of 43 document requests, Exhibit "B," to which UCS timely served an objection. After counsel for plaintiff and UCS met and conferred about UCS' objection to the subpoena, UCS amended its objections and served documents in response to 11 of the 43 document requests. Morales Decl. ¶¶ 7 -13.

Plaintiff seeks an order compelling the production of documents in response to six document requests. Specifically, plaintiff seeks production of the following records: (i) personnel records for Christopher Folk, a former law clerk, and any internal correspondence concerning his separation from UCS; (ii) correspondence between UCS and the New York State Department of Labor concerning plaintiff's unemployment benefits, (iii) communications by and between plaintiff and defendant Amy Fields concerning plaintiff's potential request for leave under the Family and Medical Leave Act, (iv) communications concerning plaintiff's plans to become pregnant and become a foster parent; and (v) all documents referenced in a memorandum prepared by defendant Ronald Pawelczak, including records pertaining to an internal investigation of plaintiff conducted by UCS Office of the Inspector General ("IGO"). Morales Decl. ¶ 2; Notice of Plaintiff's Motion to Compel, dated March 28, 2025, p. 1.

3

POINT ONE

PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM UCS SHOULD BE DENIED WHERE THE INFORMATION PLAINTIFF IS SEEKING FROM NON-PARTY UCS IS PRIVILEGED AGAINST DISCLOSURE, IS ACCESSIBLE TO THE PARTY-DEFENDANTS, AND IS NOT RELEVANT TO PLAINTIFF'S CLAIMS

Rule 45 of the Federal Rules of Civil Procedure provides that where a timely objection is made to a subpoena duces tecum, the serving party may move for an order compelling production. Fed. R. Civ. P. Rule 45 (d) (2) (B) (i). Rule 45 further provides that the court considering the motion must protect "a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. Rule 45 (d) (2) (B) (ii). Rule 45 also provides that in the event the motion to compel is granted, the objector is required to produce only the information or documents "as directed by the court." *Id.*

Rule 26 of the Federal Rules of Civil Procedure defines the scope of disclosure that the server of the subpoena may obtain from persons who are not a party to the action. Specifically, the server of the subpoena is only entitled to disclosure of non-privileged matter that is relevant to the server's claims and proportional to the needs of the claims in the case, considering the following factors: (i) importance of the issues at stake, (ii) amount in controversy, (iii) parties' relative access to relevant information, (iv) parties resources,

(v) importance of the disclosure in resolving the issues, and (vi) whether the burden of disclosure outweighs its likely benefits. Fed. R. Civ. P. 26 (b) (1).

Applying these factors, plaintiff -- as the server of the subpoena -- is not entitled to the information sought by the six document requests for the following reasons set forth below. Plaintiff's motion should therefore be denied.

### A. Plaintiff is not entitled to Former Law Clerk Christopher Folk's Personnel Records where the Need for these Confidential Business Records have not been Demonstrated by Plaintiff

Information concerning Christopher Folk's work history or the circumstances leading to his separation from service is not relevant to plaintiff's claims. As the complaint shows, plaintiff is claiming sex and familial status discrimination based on her termination from employment shortly after informing her employer (Porsch) that she wanted to take time off from work to receive a foster child into her home. The complaint does not contain a claim that plaintiff was treated differently than a similarly situated person. Indeed, Christopher Folk, the former employee whose personnel records she seeks, is not even mentioned in the four-corners of the complaint.

Even if the personnel file was relevant to plaintiff's claims, it should not be produced because UCS maintains the personnel records of UCS nonjudicial personnel -- both current and former -- as confidential business records. Morales Decl. ¶ 17. Under the law, Christopher Folk has a right to maintain the contents of his personnel file private. *See*

*Harris v Schmidt*, 117 A.D.3d 1569, 1569 (4th Dept. 2014); *Stevens v Metropolitan Suburban Bus Auth.*, 117 A.D.2d 733 (2d Dept. 1986). In as much as Christopher Folk's personnel records may contain information that this former employee may have imparted to UCS in confidence, an <u>in camera</u> review of the file should be conducted to determine what portion (if any) of the personnel files contains information relevant to plaintiff's claims. *See Harris v. Schmidt*. Should the Court determine that any aspect of Christopher Folk's personnel records are relevant to plaintiff's claims, UCS respectfully requests that the Court protect the confidentiality of those records by directing that they be produced pursuant to a protective order. *See* Fed. R. Civ. P. 26 (c) and 45 (d) (2) and (e) (2). *See Mitchell v. Metropolitan Life Ins. Co., Inc.*, 2004 WL 2439704 (S.D.N.Y. Nov. 2, 2004); *Dzanis v. JPMorgan Chase & Co.*, 2011 WL 5979650 (S.D.N.Y. Nov. 30, 2011).

**B. Having Received the Redacted Final Report of UCS' Investigation of Plaintiff, Plaintiff is not Entitled to the Work Product of the Investigators Who Conducted the Investigation**

The IGO's file of the investigation it conducted of plaintiff is protected by the public interest and deliberative process privileges. The public interest privilege against the disclosure of governmental information inheres to categories of official confidential information in the care and custody of governmental entities. *See Matter of World Trade Ctr. Bombing Litgn.*, 93 N.Y.2d 1, 8 (1999). The privilege applies to confidential communications made to and between public officers which the public interest requires not

be divulged. *See Cirale v Pine St. Corp.*, 35 N.Y.2d 113, 117 (1974) (stating "[t]he hallmark of this privilege is that it is applicable when the public interest would be harmed if the material were to lose its cloak of confidentiality.") A government agency's need to encourage the reporting of possible violations of the law by protecting the anonymity of informants constitutes a public interest warranting the assertion of the privilege. *See Matter of Klein v Lake George Park Commn.*, 261 A.D.2d 774, 774 (3rd Dept. 1999) (citing cases); *Doe v. Ribach*, 7 Misc.3d 341, 344 (Sup. Ct. Albany Co. 2005).

Under the deliberative process privilege, a government entity's predecisional and deliberative "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" are privileged from disclosure. *See Dipace v Goord*, 218 F.R.D. 399, 403 (S.D.N.Y. 2003), *quoting Dept. of the Interior v Klamath Water Users Protective Assn.*, 532 U.S. 1, 8 (2001). The purpose of the privilege is to enhance the quality of agency decisions by protecting open and frank discussion within the government. *Dipace*, 218 F.R.D. at 403.

Here, the public interest privilege applies to the IGO investigative file because the public has a strong interest in a court system staffed by persons having the character necessary to support the governmental goal of providing for the fair and impartial administration of justice. *See, e.g.*, 22 NYCRR § 50.1. Maintaining as confidential UCS internal investigations of employee misconduct is critical to the ability of the court system to police itself. By assuring complainants and witnesses that statements made during an

investigation will be kept confidential, the court system is able to facilitate the candid exchange of information necessary to identify and assess unacceptable employee conduct and develop recommendations for corrective action. Morales Decl. ¶ 33. In short, the need to protect the integrity of the investigative process in service of the public requires that the information collected during such investigations not be publicly disclosed in a lawsuit.

Further, to the extent that the investigation record, reflects the opinions, analysis, or recommendation of any UCS officer, that record is protected against disclosure under the deliberative process privilege. The investigation record is predecisional in nature and at the heart of a confidential intra-agency process designed to guide and inform top state court officials in carrying out their responsibilities regarding employee discipline. Disclosure here would adversely affect the process in the future by establishing a precedent denying investigators and high-level administrators the assurance of the confidentiality necessary to promote the candid and comprehensive expression of opinions, conclusions and recommendations in connection with the investigation of employee conduct. Morales Decl. ¶¶ 31 – 33.

Here, the record of the investigation consists of notes and summaries of persons interviewed by an IGO investigator, the internal records of the court system, records received from third parties, and the mental impressions and recommendations of the investigator. Disclosure of documents pertaining to the court system's confidential, internal investigation of the underlying misconduct would discourage the filing of

8

meritorious complaints of misconduct and would impair the court system's ability to investigate such complaints and take appropriate action. Moreover, given that UCS has produced the final investigative report of the IGO's investigation of plaintiff, plaintiff has sufficient information concerning the subject of the IGO investigation that is referenced in document number-stamped Defendants000230.

### C. UCS Should Not Be Required to Produce Information Concerning Plaintiff's Potential Unemployment Benefits Because that Information is not Relevant to Plaintiff's Claims

While the complaint refers to plaintiff's communication with the New York State Department of Labor concerning the termination of her employment, see Morales Decl., Ex. A, ¶ 76, these allegations are clearly tangential at best to plaintiff's claim of sex and familial status discrimination and interference with her rights under the Family and Medical Leave Act. Furthermore, given that these allegations relate to plaintiff's unemployment benefits, the Department of Labor is the more appropriate source for the information concerning the processing of plaintiff's application for unemployment benefits. It would therefore be unnecessarily burdensome for UCS to conduct a review of its records for information responsive to the document request seeking this information.

### D. UCS Should not be Required to Produce Documents Over which the Defendants Have Possession and Control and Are In a Better Position to Locate

The Complaint alleges that plaintiff and Amy Fields, the Human Resources administrator, communicated with plaintiff concerning the latter's desire to seek leave under the Family and Medical Leave Act. *See* Morales Decl., Ex. A ¶¶ 34 – 37. The Complaint alleges that the plaintiff informed Porsch of her intention to foster a child and that Porsch informed Pawelczak of plaintiff's intentions. *See* Morales Decl., Ex. A ¶¶ 38, 43 – 44, 53 – 54. Finally, document number-stamped Defendants000230, which was authored by Pawelczak, refers to text messages and emails. Morales Decl., Ex. B at p. 11. Given the preceding, UCS objects to the document request that requires UCS to provide information concerning the communications that plaintiff and Fields had about leave under the Family and Medical Leave Act where Fields is the more appropriate source for this information. Similarly, UCS objects to the document request for information concerning plaintiff's intention to foster a child or become pregnant because Porsch and Pawelczak are the best sources for that information. Finally, UCS objects to plaintiff's request for all documents referenced in document number-stamped Defendants000230 because Pawelczak, the author of Defendants000230, is clearly the proper source for this information. To require UCS to expend it resources to duplicate the efforts that the party-defendants may or should have expended to provide information responsive to this request creates an unnecessary burden for UCS.

POINT TWO

PLAINTIFF IS NOT ENTITLED TO ATTORNEYS FEES

Rule 37 (a) (5) of the Federal Rules of Civil Procedure authorizes the Court to require a party to an action who opposes a motion to compel disclosure to pay the expenses of the party who prevails on a motion where the objection to the disclosure request is not substantially justified. Fed. R. Civ. P. 37 (a) (5). Here, in the event plaintiff prevails on its motion to compel disclosure from UCS, an award of attorney fees is not warranted. USC is a non-party to this action. As a non-party, UCS is permitted under Rule 45 to assert an objection to a non-judicial subpoena and secure direction from this Court as to the disclosure that plaintiff is entitled. As the record shows, UCS has acted in good faith in all respects in response to plaintiff's subpoena. Moreover, UCS' objections to the document request are substantially justified. In light of the preceding, plaintiff's request for attorney fees should be denied.

CONCLUSION

THE MOTION TO COMPEL DISCLOSURE
SHOULD BE DENIED

Dated:   April 14, 2025
         New York, New York

                            **DAVID NOCENTI**

                            Counsel, Office of Court Administration
                            New York State Unified Court System
                            25 Beaver Street - 10th Floor
                            New York, New York 10004
                            (212) 428-2150

                            Attorney for Non-Party
                             New York State Unified Court System,

                            By: _____
                                  Pedro Morales, Esq.
                                  Of Counsel

PEDRO MORALES
Of Counsel