UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSICA B. SERRETT

        Plaintiff,

    v.

BARRY PORSCH, RONALD PAWELCZAK,
AMY FIELDS, and JANE DOES

        Defendants.

Civil Action No. 6:23-cv-06291

# PLAINTIFF'S REPLY MEMORANDUM
# IN SUPPORT OF HER MOTION TO COMPEL

Dated:  April 23, 2025

**GREGORY L. SILVERMAN, ESQ., PLLC**

s/ Gregory L. Silverman
118 Genesee St.
Geneva, NY 14456
Telephone: (585) 480-6686
greg@silverman-law.com
*Attorney for Plaintiff Jessica Serrett*

## INTRODUCTION

The main question to determine is whether Defendants, UCS, or both will be responsible for producing the relevant documents Plaintiff seeks. It should be both. Defendants attempt no rebuttal of the well-settled authority that employees, including state employees, have "control" over documents maintained by their employer. UCS even maintains a policy to assist their employees named in a lawsuit search for and produce responsive documents. Defendants' objection that they lack control over UCS records should be rejected. UCS's main objection, that Defendants should respond instead, ignores its obligation under Rule 45 to search for and produce responsive documents.

Further, Defendant Porsch should be ordered to request records involving him from the Commission on Judicial Conduct. It is black letter law that the general confidentiality afforded these documents is not absolute. The policy reasons justifying the confidentiality of these records must yield to the strong federal interest of broad discovery, truth-seeking, and Plaintiff's attempt to vindicate her federal civil rights. Confidentiality can still be maintained by subjecting these documents to a protective order.

Plaintiff has shown that the documents she seeks are relevant to her claims. Defendants and the UCS should be required to withdraw their improper objections, produce responsive documents, and provide an affidavit detailing the procedures of their search.

## THE IMPROPER OBJECITONS AND SPECIFIC DOCUMENTS PLAINTIFF SEEKS

### A.  Plaintiff's communications with Defendant Fields about FMLA leave.

Defendants' and UCS's contradictory responses concerning this subject is emblematic of the undue delay Plaintiff has needlessly faced when seeking responsive documents. Neither Defendants nor UCS object on relevance grounds. Defendants instead claim they already produced the responsive the documents "they have," and ignore Plaintiff's main argument that

1

they must also search for UCS documents in their "control." UCS, despite its obligations under Rule 45, contends that it is Defendants' sole obligation to search for responsive UCS records.

First, Defendants ignore Plaintiff's basic assertion that they have "control" of documents maintained by UCS, and thus their objections otherwise should be withdrawn. *See* Pltf.'s Mem. of Law at 7 (Dkt. 26-1). Defendants cite no case law, policy, or other sworn representation that they lack the practical ability to obtain responsive documents outside of their immediate possession, but in UCS's custody. Nor can they. Both before and after this motion was filed, UCS pledged to assist Defendants in obtaining responsive documents. *See* Silverman Dec. ¶ 11, Ex. 6 (Dkt. 26-8) (UCS would assist Defendants "by making available relevant UCS records when requested."); Declaration of Pedro Morales, Esq. ("Morales Dec.") ¶ 22 (Dkt. 30) (pursuant to UCS policy, an employee "named as a party to a lawsuit... is expected to comply with the request for information made in that lawsuit and produced responsive information kept by UCS that is in their possession or control....In the event the employee is unable to access documents that they handle as part of their duties and responsibilities, UCS will assist the employee with obtaining those records.").

Instead of working with UCS, Defendants have obstructed Plaintiff's right to timely production with counsel's unexplained claim that "potential conflict of interest issues" prevent collaboration with UCS. *See* Declaration of Joel Terragnoli, Esq. ¶ 16 (Dkt. 29-1). So Defendants attempt to evade the issue of control by indicating they produced all responsive documents "they have." Defs.' Mem. of Law at 5-6 (Dkt. 29) (emphasis added). This representation glaringly avoids any pledge that Defendants have fulfilled their "duty to conduct a reasonable and diligent search for responsive documents" within their possession, custody, or control. *See Wilson v. Town of Cheektowaga*, No. 18-CV-1255, 2021 WL 195348, at \*3 (W.D.N.Y. Jan. 20, 2021). Put differently, Defendants have refused to search for responsive

UCS records that UCS has asserted are within Defendants' control. *See* Terragnoli Dec. ¶ 29 (Ex. A) (declining to withdraw the control objections). Instead Defendants attempt to flip their burden and force Plaintiff to guess what documents may exist which have not been produced. *Id.* This scheme runs afoul to mandates of the FRCP should be soundly rejected.

UCS chooses to point the finger at Defendants, claiming that they should be responsible for discovering and producing responsive documents maintained by UCS. *See* UCS's Mem. of Law at 10 (Dkt. 30-8). Rule 45, however, obligates a non-party to provide responsive documents in its "possession, custody, or control."

The dispute about these FMLA-related documents is not about relevance, but rather who is responsible for their production. Plaintiff respectfully requests that both Defendants and UCS be ordered to withdraw their objections to Plaintiff's 1st RFP No. 27 and Subpoena Request No. 27, and further, "provide an affidavit by a person or persons who conducted such searches, describing in reasonable detail how such search or searches were conducted and the locations of all potential responsive documents searched." *See Capaccio v. Zafuto*, No. 23-CV-540, 2025 WL 723207, at *6 (W.D.N.Y. Mar. 6, 2025).

## B. Defendant Porsch's involvement with the New York State Commission on Judicial Conduct.

Defendant Porsch asserted only two timely objections to the Rule 34 quests on this topic: relevance and lack of control. His response failed to object based on relevance. Nor does he claim that he lacks control over them, as Judiciary Law §§ 44 and 45 give him the express right to request such documents. His only objection is that these documents are exempt from discovery as "confidential/privileged."

First, this confidential/privilege argument is waived as it was not timely asserted in his responses to Plaintiff's Rule 34 requests. *See Holmes v. Fischer*, No. 09-CV-00829S, 2013 WL 1309157, at *5 (W.D.N.Y. Mar. 28, 2013) (privilege assertion waived

because the defendants did not object on this basis, seek a protective order, or file a privilege log); Silverman Dec. ¶ 6, Ex. 3 at Nos. 30-31.

Second, even assuming this objection was not waived, Defendant Porsch should be compelled to request Commission documents available to him under the Judiciary Law. Such documents are relevant to Plaintiff's claims and can remain confidential under the parties' existing protective order (Dkt. 17).

Under the principle of comity, "state rules may illustrate important privacy interests, and a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Howard v. City of Rochester*, No. 23-CV-6561, 2024 WL 4884216, at *10 (W.D.N.Y. Nov. 25, 2024). But comity "does not involve rote application of state law." *Id.* A state provision which deems certain documents confidential "does not govern discoverability and confidentiality in federal civil rights actions." *Id.* (*citing King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (compelling disclosure of law enforcement records kept confidential by now-repealed Civil Rights Law § 50-a)).

Rather, state laws governing confidentiality "should never be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in" federal civil rights laws. *Id.* Unless "the applicant, through competent declarations, shows the court what [privacy] interests…would be harmed, how disclosure...would cause the harm, and how much harm there would be, the court cannot conduct a meaningful balancing analysis." *Id.*

4

Here, Plaintiff has a strong interest in discovering any Commission records concerning Defendant Porsch. These records are effectively a state court judge's personnel file concerning their conduct. Such documents are relevant to Plaintiff's claims because Defendant Porsch is the alleged wrongdoer, and they could shed light on issues like motive, intent, or knowledge, and be used to impeach. *See* Pltf.'s Mem. of Law, at 9-10; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). Nor must these documents be "admissible as evidence to be subject to discovery as provided in Rule 26(b)(1)." *Matalavage v. Sheriff of Niagara County*, 2023 WL 2043865, at * 2 (W.D.N.Y. Feb. 16, 2023).

Defendant Porsch's arguments otherwise should be rejected. He fails to analyze how the comity balancing test he concedes applies would weigh in favor of nondisclosure. He submits no affidavit showing how disclosure might "cause the harm, and how much harm there would be." *Howard*, 2024 WL 4884216, at *8. Instead he devotes virtually all of his argument to the inapposite case of *Kamasinski v. Jud. Rev. Council*, 44 F.3d 106, 108 (2d Cir. 1994). There the court held that Connecticut state law maintaining confidentiality for judicial grievances did not violate the First Amendment. *Id.* Plaintiff did not bring this case seeking public access to all Commission records.

The germane decision Defendant Porsch does cite holds that state confidentiality statutes "must yield when outweighed by a federal interest in presenting relevant information to a trier of fact." *United States v. One Parcel of Prop. at 31-33 York St.*, 930 F.2d 139, 141 (2d Cir. 1991). Here, the policy justifications to maintain confidentiality over Commission records should yield to the federal interest of broad discovery and

truth-seeking in Plaintiff's attempt to vindicate her federal civil rights. Plaintiff narrowly seeks Commission records only involving Defendant Porsch, which are extremely probative to her claims. Any potential harm flowing from the production of such records can be avoided by subjecting them to the party's protective order. (Dkt. 17.)

He should be ordered to withdraw his objections, and request from the Commission the documents available to him under Judiciary Law §§ 44 and 45.

**C. Plaintiff's intentions or plans to become pregnant or foster/adopt a child.**

The same issues exist here as described earlier concerning FMLA records with Defendant Fields. Neither Defendants nor UCS claim these documents are irrelevant. Defendants cannot genuinely claim that they lack control over UCS documents because UCS argues that Defendants should be responsible for production. Defs.' Mem. of Law at 5-6; UCS's Mem. of Law at 10; Morales Dec. ¶¶ 25-26.

Plaintiff respectfully requests that Defendants and UCS be ordered to withdraw their respective objections to Plaintiff's 2nd RFP No. 1 and Subpoena Request No. 41, and further provide an affidavit concerning the details of their searches. *See Capaccio* at *8.

**D. Documents and communications concerning a January 7, 2024 meeting involving Defendants Porsch and Pawelczak.**

Like above, Defendants claim they do not "have" any additional responsive documents to this request, but fail to rebut, let alone acknowledge, Plaintiff's argument about control. UCS asserts that Defendants are better equipped to search for and produce documents. *See* Mem. of Law at 10 ("Pawelczak, the author of Defendants000230, is clearly the proper source for this information"). Plaintiff simply wants Defendants and/or UCS to fulfil their obligations to conduct a diligent search for and production of responsive documents.

Defendants and UCS should be ordered to withdraw their respective objections to Plaintiff's 2nd RFP No. 3 and Subpoena Request No. 42, and further provide an affidavit concerning details of their searches. *See Capaccio* at *8.

**E.     Documents concerning Defendant Porsch's former law clerk Christopher Folk.**

        1.  <u>Communications concerning Mr. Folk's separation of employment with Defendant Porsch.</u>

Defendants' only objection to this request is that they produced all documents "they have." As shown above, such a representation does not comply with Defendants' Rule 34 obligation to obtain documents within their control, with which UCS pledges cooperation.

UCS objects on relevance and confidentiality grounds, which as shown in the next section below on Mr. Folk's personnel file, should be disregarded.

Defendants and UCS should be ordered to withdraw their respective objections to Plaintiff's 1st RFP No. 12 and Subpoena Request No. 12, and further provide an affidavit concerning details of their searches. *See Capaccio* at *8.

        2.  <u>Mr. Folk's personnel file.</u>

UCS objects based on relevance and confidentiality. Neither Defendants nor UCS dispute that Mr. Folk was Defendant Porsch's law clerk before Plaintiff. It follows that documents in Mr. Folk's personnel file are relevant because he is a comparator. "[O]ne method by which the plaintiff may raise an inference of discrimination is to show that she was treated less favorably than similarly situated employees outside of her protected class." *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013). A "key determinant as to the employees who are proper comparators with an employment discrimination plaintiff is whether they shared a common supervisor." *Id*. Overall, "the purpose of discovery here is, in part, to help identify the universe of proper comparators. Pending discovery, the Court is not in a position to hold that those persons are necessarily improper comparators." *Id.* UCS's relevancy objection is meritless.

Next, UCS claims that relevant documents in Mr. Folk's personnel file are "confidential business records" and cannot be produced. The only support for this is a conclusory declaration of counsel and two inapposite cases. As for UCS's counsel's declaration, any privacy issue can be remediated by subjecting the documents to a protective order. Moreover, the caselaw UCS cites simply suggests that in camera reviews are possible under the NY CPLR, which is obviously inapplicable here. *See Harris v. Schmidt*, 985 N.Y.S.2d 811 (4th Dept. 2014); *Stevens v. Metro. Suburban Bus Auth.*, 498 N.Y.S.2d 459 (2d Dept. 1986).

While an employer has an "interest in maintaining the confidentiality of employee personnel files," there is "no rigid rule prohibiting discovery of employee personnel files." *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y. 2013). "Indeed, in most cases, a protective order can 'appropriately remedy privacy concerns arising from discovery of personnel records.'" *Id.* This case is no different. Accordingly, UCS should be ordered to withdraw its objections to Subpoena Request No. 5 and produce Mr. Folk's personnel file.

**F. The reason for Plaintiff's termination as represented by the NYS DOL.**

Defendants allege they have produced all responsive documents to this request that "they have," ignoring Plaintiff's argument that responsive documents maintained by UCS are in their control. This is improper, as demonstrated above.

UCS asserts two objections: relevancy and that Plaintiff should instead obtain these documents from the NYS DOL. First, the request is relevant because it concerns the justification for termination. Plaintiff specifically alleges that she was informed by the DOL that the justification for her termination was a failure to obtain a Covid vaccine, but she had already obtained her required shots. Compl. ¶¶ 76-77. "Inconsistent or even post-hoc explanations for a termination decision may suggest discriminatory motive." *Weiss v. JPMorgan Chase & Co.*, 332 F. App'x 659, 663 (2d Cir. 2009). This request is thus relevant.

UCS's argument Plaintiff must obtain these documents from the DOL should be rejected. It is well-established that such an "equally available" objection "is insufficient to resist a discovery request." *Charter Pracs. Int'l, LLC v. Robb*, No. 3:12CV1768, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) (collecting cases).

Accordingly, UCS and Defendants should be ordered to withdraw their objections to Plaintiff's 1st RFP No. 19 and Subpoena Request No. 19, and further provide an affidavit concerning details of their searches. *See Capaccio* at *8

## DEFENDANTS AND/OR UCS SHOULD BE REQUIRED TO PAY THE REASONABLE COSTS OF THIS MOTION

This motion should have been unnecessary. Before it was brought, the relevance of the documents Plaintiff now seeks was detailed to both Defendants and UCS. Defendants could have also accepted UCS's offer to assist them in their obligation to search for and produce responsive UCS records, but did not. Now, Defendants' response to this motion failed to present any facts or authority to support their argument that they lack control over UCS records. Nor could they, as UCS reiterated that it would assist Defendants in their search for responsive documents. Defendants continue to refuse this offer without justification.

For UCS's part, once subpoenaed, it had an obligation to produce responsive documents, instead of attempting to pass the buck back onto Defendants.

Plaintiffs should not be required to bear the costs of this motion when Defendants' and UCS's failure to cooperate and abide by their duties under the FRCP required it.

## CONCLUSION

As set forth here, and in Plaintiff's Memorandum of Law (Dkt. 26-1), Defendants and UCS should be ordered to withdraw their objections, and provide detailed affidavits concerning their searches for responsive documents.

Dated: April 23, 2025

**GREGORY L. SILVERMAN, ESQ., PLLC**

s/Gregory L. Silverman
118 Genesee St.
Geneva, NY 14456
Tel: (585) 480-6686
greg@silverman-law.com
*Attorney for Plaintiff Jessica Serrett*