UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JESSICA B. SERRETT, | **DECISION** |
| | **and** |
| Plaintiff, | **ORDER** |
| v. | |
| BARRY PORSCH, | 23-CV-6291-LJV(F) |
| RONALD PAWELCZAK, | |
| AMY FIELDS, | |
| JANE DOES, | |
| | |
| Defendants. | |

_____

APPEARANCES:          GREGORY L. SILVERMAN, ESQ., PLLC
                     Attorneys for Plaintiff
                     GREGORY L. SILVERMAN, of Counsel
                     118 Genesee Street
                     Geneva, New York  14456

                     BOSMAN LAW FIRM LLC
                     Attorneys for Plaintiff
                     A.J. BOSMAN, of Counsel
                     3000 McConnellsville Road
                     Blossvale, New York  13308

                     LETITIA JAMES
                     Attorney General of the State of New York
                     Attorneys for Defendants Porsch, Pawelczak, Fields, Does
                     DENETRA ROBERTS,
                     JOEL J. TERRAGNOLI,
                     Assistant Attorneys General, of Counsel
                     Main Place Tower, Suite 300A
                     350 Main Street
                     Buffalo, New York  14202

                     NYS OFFICE OF COURT ADMINISTRATION
                     Attorney for Defendant NYS Unified Court System
                     PEDRO MORALES, of Counsel
                     25 Beaver Street
                     11th Floor
                     New York, New York  10004

In this action Plaintiff alleges violations of Plaintiff's rights under the Fourteenth Amendment, Equal Protection Clause (42 U.S.C. § 1983) (Plaintiff's First Cause of Action), N.Y. Human Rights Law (N.Y. Exec. Law § 290, *et seq.*) (Plaintiff's Second and Third Cause of Action), and the Family and Medical Leave Act (29 U.S.C. § 2612(a)(1)(B) ("FMLA") (Plaintiff's Fourth Cause of Action). In particular, Plaintiff alleges Defendant Porsch, a N.Y. State Supreme Court Justice, terminated Plaintiff's employment as a law clerk because of Plaintiff's stated intention to be granted an infant as a foster child. Plaintiff alleges Defendants Porsch, Pawelczak and Fields violated Plaintiff's rights under the Equal Protection Clause based on a termination of Plaintiff's employment because of Plaintiff's desire to become a working mother of a foster child. Defendant Ronald Pawelczak is District Executive of the Seventh Judicial District in New York State. Plaintiff alleges Defendant Pawelczak violated her rights under the N.Y. Human Rights Law. Defendant Amy Fields is a human resource representative for the Seventh Judicial District. Plaintiff alleges Defendant Pawelczak facilitated Defendant Porsch's wrongful termination of Plaintiff; Defendant Fields is alleged to have failed to properly advise Plaintiff of Plaintiff's rights under the FMLA thereby interfering with Plaintiff's rights under the Act.

In neither of Plaintiff's Second or Third Causes of Action does Plaintiff particularize the exact sections of the NYHRL Defendants are alleged to have violated nor does Plaintiff reference any specific section of the FMLA which Defendants allegedly violated. However, the court presumes Plaintiff intends to assert Defendants violated 28 U.S.C. § 2612(a)(1)(B) of the FMLA which grants to an employee 12 work weeks of leave because of the placement of a son or daughter with the employee for

2

adoption or foster care.  By papers filed March 31, 2025, Plaintiff moves, pursuant to Fed.R.Civ.P. 37(a)(1) to compel Defendants' document production.  Plaintiff also requests non-party, N.Y. State Unified Court System ("UCS") be compelled to produce documents as requested in Plaintiff's subpoena issued July 31, 2024 pursuant to Fed.R.Civ.P. 37(a)(1) and 45(d)(2)(B)(i).

(1)   Plaintiff's First Document Request Re: Plaintiff's Communication with Defendant Fields Regarding FMLA Leave.

Specifically, Plaintiff seeks (1) all documents and communications concerning Plaintiff's communications with Defendant Fields in 2022 about potentially taking FMLA leave.  Plaintiff's First Request for Document Production (Dkt. 26-4) ¶ 27; Plaintiff's Memorandum of Law (Dkt. 26-1) at 6.  Defendants objected to this request asserting that having produced 3,000 pages of documents in addition to the 870 pages of documents produced by the non-party UCS in response to Plaintiff's subpoena, Defendants have produced all responsive documents in Defendant's possession. Defendants' Memorandum of Law (Dkt. 29) at 7.  *See also* Terragnoli Declaration (Dkt. 29-1) ¶ 26.  Plaintiff nevertheless contends that as Defendant Fields, an UCS employee, has practical ability to obtain such documents from UCS, Defendant Fields has "control" over the requested documents such that she should produce them upon request to UCS.  Plaintiff's Memorandum of Law (Dkt. 26-1) at 7 (citing *Hamilton v. Kerik*, 2002 WL 31834428, at **1-2 (S.D.N.Y. Dec. 17, 2002); *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177, 181-82 (S.D.N.Y. 2006)).  In response, the UCS does not argue it has conducted a reasonable search for responsive documents, rather, UCS contends it is Defendant Field's responsibility to search her own e-mail records for responsive documents, *see* Morales Declaration (Dkt. 30) ¶¶ 21-

24 (¶ 23 – "she [Fields] is in a better position to locate [responsive documents] in her UCS email account and produce them") and that it will be "unnecessary[ily] burdensome for UCS to duplicate actions which may have already been taken by [Defendant] Fields." Morales Declaration ¶ 24.  However, UCS's opposition overlooks that under Fed.R.Civ.P. 34(a), applicable to a Rule 45 subpoena, *Alexander's Dept. Stores, Inc. v. E.J. Korvetter, Inc.,* 198 F.Supp. 28, 29 (S.D.N.Y. 1961) (the scope of discovery is the same under Rules 34 and 45), a requested party is obliged to conduct a reasonable search for responsive documents, *Top Jet Enterprises, Ltd. v. Kulowiec*, 2022 WL 280459, at * 5 (S.D.N.Y. Jan. 31, 2022) ("An individual responding to a subpoena issued pursuant to Rule 45 has an obligation to conduct a reasonable search for documents."), and generalized assertions of undue burden are not entitled to credit absent an affidavit from a knowledgeable person explaining why the request would impose an undue burden. *California Attorney Lending, LLC v. Legal Recovery Associates, LLC*, 2023 WL 7037474, at * 4 (W.D.N.Y. Oct. 26, 2023) (citing cases). Here, according to Defendants, Defendants have conducted a thorough search and were unable to locate responsive documents.  *See* Terragnoli Declaration (Dkt. 29-1) ¶¶ 26-31.  The court thus accepts Defendants' representations regarding Defendants' efforts to produce. It is well-settled that a requested party is not obligated to produce documents over which it lacks possession, custody or control.  *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." (citing Fed.R.Civ.P. 34(a)).

4

UCS further objects to Plaintiff's request based on a lack of relevance. Relevancy is broadly defined for purposes of federal civil discovery. *See Orbit One Communications, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 436-37 (S.D.N.Y. 2010) (in the context of discovery, "relevance" is "'an extremely broad concept.'" (citing cases)). Here, Plaintiff alleges Defendants violated her FMLA rights. As such, Plaintiff's request for documents pertaining to Defendant Fields's communication with Plaintiff concerning Plaintiff's entitlement to leave under the FMLA seeks relevant information and UCS's relevancy objection is therefore OVERRULED. Therefore, Plaintiff's motion is DENIED as to Defendant Fields; the motion is GRANTED as to non-party UCS. UCS shall respond to the court's decision within 30 days.

(2)   Plaintiff's Request for Documents Pertaining to N.Y. State Commission on Judicial Conduct Investigation Involving Defendant Porsch.

In response to this request, *see* (Dkt. 26-4) ¶¶ 30, 31, Defendants assert Defendants lack possession, custody or control of responsive documents as such documents are records maintained by the Judicial Conduct Commission ("the CJC"), a non-party. Defendants also assert complaints to the CJC are privileged. *See* Defendants' Memorandum of Law (Dkt. 30-8) at 4-7. As noted, where a party has practical or legal control over documents held by third parties, *see Hamilton,* 2002 WL 31834428, at **1-2, the requested party is deemed to control such documents for purposes of Rule 34(a). Defendants contend such records are privileged under state law and that Porsch cannot be compelled to waive such privilege. Defendants' Memorandum of Law (Dkt. 29) at 4-7 (citing caselaw). In opposition, Plaintiff argues that the N.Y. Judicial Law §§ 44[3] and 45 permits a N.Y. State judge, who is subject to CJC scrutiny, to obtain copies of, *inter alia*, the complaint and transcript of any hearing

5

conducted by the CJC regarding such complaint and made available to the public at the judge's request. Thus, according to Plaintiff, Defendant Porsch has practical control over the requested documents and as such investigation may include subject matter relevant to Plaintiff's claims Defendants should be directed to apply to the CJC to provide copies of requested documents for production to Plaintiff. Plaintiff's Memorandum of Law (Dkt. 26-1) at 11.

However, it is basic that federal discovery requests are limited to "non-privileged matter that is relevant to the party's claim or defense" and are proportional to the case. *See* Fed.R.Civ.P. 26(b)(1). In *Kamasinski v. Judicial Review Council*, 44 F.3d 106, 110 (2d Cir. 1994), the Second Circuit held that judicial disciplinary proceedings are confidential and privileged. In reply, Plaintiff asserts Defendant Porsch waived this objection by failing to assert it in response to Plaintiff's Rule 34(a) request. *See* Plaintiff's Reply (Dkt. 35) at 4 (citing *Holmes v. Fischer*, 2013 WL 1309157, at *5 (W.D.N.Y. March 28, 2013) (privilege objections waived where defendant failed to timely object on this ground, seek a protective order, or file a privilege log)). Here, it is clear based on Defendants' stated objection to Plaintiff's document requests Nos. 30 and 31 requesting CJC records covering Defendant Porsch that Defendants failed to assert any privilege. *See* Dkt. 26-5 at 14 (Defendants object to this request "as it seeks documents neither relevant [and] documents [within] Defendants' possession, control or custody."). Accordingly, the court finds Defendants' privilege objection was waived. Defendant Porsch shall produce copies of responsive documents within 30 days.[1]

---

[1] Although UCS did object to Plaintiff's Requests for CJC records pertaining to Defendant Porsch based on the confidential nature of such records, *see* (Dkt. 30-3) at 37, Plaintiff has not pursued UCS for such records. *See* Plaintiff's Memorandum of Law (Dkt. 26-1) at 9-11; Plaintiff's Reply (Dkt. 35) at 4-8.

(3)   <u>The UCS Subpoena</u>.

On August 6, 2024, Plaintiff served the UCS with a Rule 45 subpoena requesting *inter alia* as relevant to Plaintiff's motion (1) all documents within the personnel file of one Christopher Folk regarding his former employment as a law clerk to Defendant Porsch (Dkt. 30-2) (Request No. 5) and (2) all communications regarding the possible or actual termination of Christopher Folk as Defendant Porsch's law clerk involving Defendants Porsch, Pawelczak and non-parties Craig Doran, William Taylor, and any other person (Dkt. 30-2) (Request No. 12).  On August 20, 2024, UCS objected to these requests asserting a lack of relevancy, overbreadth, undue burdensomeness and confidentiality.  (Dkt. 30-3) at 5, 9.

Plaintiff also requested Defendants to produce the same information for Folk's personnel file (Dkt. 26-5) at 5 (Plaintiff's Request No. 5); (Dkt. 26-5) at 8 (Plaintiff's Request No. 12).  Defendants objected to these requests asserting a lack of relevancy, attorney-client privilege, and lack of custody, possession and control as such records were maintained by the N.Y.S. Office of Court Administration (OCA).  Dkt. 30-3 at 5, 8-9.  In response to Plaintiff's motion, Defendants contend that they have produced 3,000 pages of documents and that the requested documents are not in Defendants' possession, control or custody  *See* Defendants' Memorandum of Law (Dkt. 29) at 7-8 (citing caselaw).  In Plaintiff's Reply (Dkt. 35) Plaintiff asserts that based on assurances by the UCS, *see* (Dkt. 35) at 3, to assist Defendants in obtaining responsive documents by making relevant UCS records available, (referencing (Dkt. 26-8) ¶ 11; (Dkt. 30) ¶ 22) Defendants have failed to avail themselves of such assistance.  Plaintiff's Reply (Dkt.

7

35) at 3-4.  However, the UCS refuses such access to the Folk records based on their lack of relevance to Plaintiff's claim and confidential status.  See (Dkt. 30) at 6.

Specifically, the UCS contends that given Plaintiff alleges Defendants terminated her based on Plaintiff's desire to receive a foster child the circumstances surrounding Mr. Folk's termination, which Plaintiff does not allege occurred under similar circumstances to her's, are not relevant to Plaintiff's claim.  See UCS Memorandum of Law (Dkt. 30-8) at 5.  Rather, the gravamen of Plaintiff's complaint relates to Plaintiff's primary allegation of Defendants' alleged adverse action against her because Plaintiff intended to receive a foster child.  See Complaint ¶¶ 5, 81, 82.  In paragraph five of the Complaint, Plaintiff alleges Defendant Porsch's "disposition toward Plaintiff made it obvious that he disapproved of her plans to foster a child."  Paragraphs 81 and 82 allege Defendants "violated Plaintiff's constitutional rights by terminating her employment because she sought to care for a foster child."  Significantly, here,  Plaintiff does not allege she was subject to disparate treatment in comparison to the circumstances of Folk's termination.  Thus, Plaintiff's reliance on *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000) (Dkt. 26-1) at 16, is in error.  In *Graham*, plaintiff alleged he was discharged under circumstances giving right to an inference of discrimination based on his membership in a protected class.  *Graham*, 230 F.3d at 38.  As noted, Plaintiff makes no such similar claim.  Moreover, even assuming Plaintiff had asserted she was discriminated against because of her gender or membership in other protected group, Plaintiff fails to allege her circumstances were substantially similar to Folk's in all material respects.  *Id.* at 39.  Specifically, according to Plaintiff, Folk was an employee with a poor performance record yet was not terminated as abruptly as was

8

Plaintiff. (Dkt. 26-1) at 16. *See Finn v. N.Y. State Office of Mental Health*, 2011 WL 4639827, at *17 (S.D.N.Y. Oct. 6, 2011) (disparity in receipt of disciplinary warning between plaintiff and her co-wroker such that any delay in terminating co-worker "not significant to determining whether plaintiff and [co-worker] are similarly situated." As co-worker received same discipline as plaintiff, co-worker "cannot serve as a comparator."). How such facts support that Plaintiff was in substantially similar circumstances as Folk yet subject to an immediate termination is therefore not supported by the record. Accordingly, the court finds these requests seek irrelevant information based on Plaintiff's claims and Plaintiff's motion with respect thereto is DENIED.

(4)   Plaintiff's Request For Documents Related To January 7, 2024 Meeting of Defendants Porsch and Pawelczak Re: Plaintiff.

Based on Defendants' disclosure of Document 000230, which describes a January 7, 2024 meeting involving Defendants Porsch and Pawelczak, concerning Plaintiff's employment status with Defendant Porsch, Plaintiff requests further documents relating to this document. *See* Plaintiff's Exh. 16 (Dkt. 26-18) ¶ 3. Defendants objected to this request asserting lack of relevancy and prior disclosure. *See* (Dkt. 26-18) at 7. *See also* UCS Subpoena Request No. 42 (Dkt. 26-9) at 9. Plaintiff's requests included a request for OCA Inspector General ("IG") reports concerning Plaintiff and Defendants. *See Id.* The UCS opposes Plaintiff's request for IG reports asserting confidentiality. UCS Memorandum of Law (Dkt. 30-8) at 7-8. In Defendants' response, Defendants argue that Defendants have personally produced all responsive documents in Defendants' possession, custody and control. *See* Defendants' Memorandum of Law (Dkt. 30) at 7-8. Non-Party UCS's objection to

9

production is based on the UCS's assertion that the IG reports are confidential. *See* (Dkt. 30-8) at 7-8. First, there is no merit in Defendants' assertion that Plaintiff's request lacks relevancy. That the conversations occurred in the timeframe of the events leading up to Plaintiff's termination points in favor of finding the requests seeks relevant information. *See Patane v. Clark*, 508 F.3d 106, 116-17 (2d Cir. 2007) (temporal proximity of comments overheard by the plaintiff regarding the defendants' conspiring to terminate the plaintiff's employment followed by a negative job review were sufficient to establish a causal connection for discriminatory discharge). Second, as to the UCS's assertion of IG report confidentiality, under Fed.R.Civ.P. 45(e)(2)(A)(ii) ("Rule 45(e)(2)(A)(ii)") a claim that requested information is privileged requires that the person withholding documents or communications describe the nature of the withheld materials in a manner that without revealing the information itself is privileged or protected will enable the parties to assess the claim. Here, the record indicates that the UCS have failed to comply with Rule 45(e)(2)(A)(ii) with respect to the requested information. Moreover, state IG investigation files are not privileged under federal law. *See Bianchi v. Green*, 2018 WL 10667434, at *2 (N.D.N.Y. Oct. 5, 2018) (citing caselaw). Accordingly, UCS's objection to production of the requested communications, including the IG reports, if any, is OVERRULED. Defendants and UCS shall provide the requested information to Plaintiff <u>within 30 days</u> subject to the terms of a suitable non-disclosure agreement to be entered into by the parties prior to such disclosure.

(5)    <u>Plaintiff's Requests Regarding Plaintiff's Intentions to Become Pregnant or to Foster or Adopt a Child</u>.

In Plaintiff's Second Document Request (Dkt. 26-7) and Rule 45 subpoena to UCS (Request No. 41), Plaintiff requested all documents and communications

10

concerning Plaintiff's intention or plans to become pregnant or foster/adopt a child. Defendants' and UCS's objection is based on undue burdensomeness and overbreadth. UCS also objects based on a lack of relevancy. (Dkt. 16-11) at 22.  Defendants' objection to further production is based on Defendants' belief that all responsive documents in Defendants' possession, custody or control have been produced. Terragnoli Declaration (Dkt. 29-1) at ¶¶ 22, 26.  UCS objects based on overbreadth and undue burdensomeness.  *See* (Dkt. 26-11) at 22.  Based on these circumstances, the court in its discretion, *see Stadtwerke Frankfurt am Main Holding GmbH v. RWE Trading Americas Inc.*, 813 Fed.Appx. 6, (2d Cir. 2020) (holding district court did not abuse its "wide discretion" in quashing subpoena seeking documents where court determined the subpoenaed party's search for the documents was reasonable and sufficient), determines that Defendants have made a sufficient effort to search for and produce all requested documents as Plaintiff's have sought in this request.  Plaintiff's motion regarding this request is therefore DENIED.

(6)    <u>Plaintiff's Request for Documents Related to the Reason for Plaintiff's Termination as Represented by the NYS Department of Labor. *See* (Dkt. 26-4) ¶ 19</u>.

Defendants objected to this request contending that the requests are attorney-client privileged matters, and lack of relevancy.  (Dkt. 26-5) at 10.  Defendants also object that the request seeks documents not within Defendants' possession, custody or control.  *Id.*  At the outset, the court notes Defendants' failure to provide a privilege log in support of Defendants' asserted attorney-client privilege as required by Local R.Civ.P. 26(d)(2).  *See Aurora Loan Servs. v. Posner*, 499 F.Supp.2d 475, 479 (S.D.N.Y. 2007) ("Failure to furnish an adequate privilege log is grounds for rejecting a clai of attorney

11

client privilege.") (citing *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (failure by party invoking attorney client privilege to provide information in privilege log sufficiently detailing application of privilege was ground to reject claimed privilege)).  Defendants aver that they have thoroughly searched available records for responsive documents.  *See* Terragnoli Declaration (Dkt. 29) at 7 (referencing (Dkt. 29-1) ¶¶ 6-31).  However, given the potential significance of this request, the court will require Defendants to provide an affidavit from someone who actually coordinated the search for responsive documents.  *See Capaccio v. Zafuto*, 2025 WL 723207, at *6 (W.D.N.Y. Mar. 6, 2025) (requiring defendant to "provide an affidavit by a person or persons who conducted such searches, describing in reasonable detail how such search or searches were conducted and the locations of all potential responsive documents searched").  Such affidavit shall be served by Defendants within 30 days.  Pending Defendants' service of such affidavit, Plaintiff's motion is DENIED.

(7)   Expenses of Plaintiff's Motion.

Pursuant to Fed.R.Civ.P. 37(a)(5)(A), (B), the parties shall show cause within 30 days as to why expenses in connection with the prosecution and defense of Plaintiff's motion should not be granted.  Opposition shall be filed within 10 days; replies, if any, should be within 5 days.  Oral argument shall be at the court's discretion.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel (Dkt. 26) is GRANTED in part and DENIED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: August 26, 2025
       Buffalo, New York