

**Office of the New York State Attorney General**

**Letitia James Attorney General**

Telephone: (716) 853-8449

August 27, 2025

**VIA CM/ECF**

Hon. Leslie G. Foschio
United States Magistrate Judge
United States Courthouse
2 Niagara Street
Buffalo, New York 14202

      RE: **Serrett v. Porsch, W.D.N.Y. No. 23-cv-6291**

Dear Judge Foschio:

      My office represents defendants Amy Fields, Judge Barry Porsch, and Ronald Pawelczak in the above-referenced action. I am writing concerning the Court's August 26, 2025 decision and order (ECF No. 40, the "Order") on Plaintiff's motion to compel discovery. ECF No. 26. I would like to request a telephone conference regarding the Order's directive that my clients produce documents pertaining to any New York State Commission on Judicial Conduct investigation involving Defendant Porsch ("CJC Records"). ECF No. 40, at Point 2.

      In pertinent part, the Order noted Defendants "failed to assert any privilege" with respect to any CJC Records in response to Plaintiff's document requests Nos. 30 and 31, and thus held "Defendants' privileged objection was waived." *Id.* at *6. It is true that Defendants' October 27, 2023, discovery responses did not invoke any privilege concerning any CJC Records. But that was because Defendants were not (and are still not) aware of any CJC Records that existed on or prior to the date those responses were provided, and did not become aware of any relevant complaint to the CJC until after that. In other words, defendants did not assert any privilege because there were seemingly no records over which the privilege could be asserted, meaning no privilege objection could have been made in good faith at the time. That is why defendants replied by stating they "have no responsive documents". ECF No. 26-5, at *13.

Plaintiff did not affirmatively argue that Defendants waived privilege with respect to any CJC Records (*see* ECF No. 26-1, at *9-11 (memo of law in support of motion)), and only raised a waiver argument for the first time in her reply memorandum of law. ECF No. 35, at *4-5. Thus, Defendants had no opportunity to address the waiver argument or explain why that such no waiver could have occurred under the circumstances, as they could not waive a privilege over documents that did not exist at the time.

Thus, Defendants respectfully request the opportunity to show, by *in camera* submission, motion for reconsideration, or through some other manner satisfactory to the court, that no privilege objection was made on the date of Defendants' October 27, 2023 discovery responses because there were no CJC Records that Defendants could have produced (or withheld as privileged) at the time. Your declarant is requesting a telephone conference to discuss this request because will likely affect other timelines referenced in the Order, and because resolution of this issue may also factor into the court's analysis of any related request for expenses and fees in connection with Plaintiff's motion.

    Very Truly Yours,

    *s/ Joel J. Terragnoli*
    JOEL J. TERRAGNOLI
    Assistant Attorney General