UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

JESSICA B. SERRETT,

                Plaintiff,

    v.                                           Index No. 6:23-cv-06291

BARRY PORSCH, et al,

                Defendants.

―――――――――――――――――――――――――

## DEFENDANTS' OBJECTIONS TO ORDER
## ON PLAINTIFF'S MOTION TO COMPEL

LETITIA JAMES
Attorney General of the State of New York
JOEL J. TERRAGNOLI
*Attorney for Defendants*
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
Tel: (716) 853-8449
Joel.Terragnoli1@ag.ny.gov

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND .................................................................................... 2

STANDARD OF REVIEW ...................................................................................... 3

ARGUMENT ............................................................................................................. 3

  I.    DEFENDANTS COULD NOT WAIVE A PRIVILEGE OBJECTION
  THAT THEY LACKED A GOOD FAITH BASIS TO INVOKE. ...................... 3

  II.    DEFENDANTS HAD GOOD CAUSE FOR THE TIMING IN WHICH
  THEY INVOKED PRIVILEGE OVER THE CJC RECORDS. ........................ 5

  III.    DEFENDANTS HAD NO OPPORTUNITY TO REBUT THE
  PLAINTIFF'S WAIVER ARGUMENT MADE FOR THE FIRST TIME
  ON REPLY. ...................................................................................................... 7

CONCLUSION ......................................................................................................... 8

## PRELIMINARY STATEMENT

The Court's order (ECF No. 40, the "Order") on Plaintiff's motion to compel (ECF No. 26) acknowledged records of judicial disciplinary proceeding are confidential, privileged and generally exempt from disclosure under *Kamasinski v. Judicial Review Council*, 44 F.3d 106, 110 (2d Cir. 1994). ECF No. 40, at *6. And a state's interest in the quality of its judiciary, which is furthered by maintaining the confidentiality of such proceedings, "is an interest of the highest order." *Kamasinski*, 44 F.3d at 110. But the Order still directed Defendants[1] to produce records of proceedings involving Judge Porsch before the New York State Commission on Judicial Conduct ("CJC" and the "CJC Records"), based solely on a finding that Defendants waived that privilege by failing to assert it in Defendants' October 27, 2023, responses (the "Responses") to Plaintiff's document demands (the "Demands"). *See id.* *6.

This waiver finding was clearly erroneous and contrary to the law. The Responses ***did*** generally object to Plaintiff's requests to the extent they sought privileged materials. ECF No. 26-5, at *2. Defendants did not specifically assert a privilege in response to Plaintiffs' demands for CJC Records because Defendants had no such records when the Responses were made and did not come to possess any such records until sometime later. Thus, the Order punishes Defendants for not invoking a specific privilege when they lacked a good faith basis to assert it at the time the Responses were timely served.

Plaintiff's follow-up letter alleging discovery deficiencies was not served until March 8, 2024, an inquiry Defendants' prior counsel was apparently unable to respond to before his untimely death around six weeks later. When potentially responsive CJC Records came into the possession of Defendants' current counsel late last year, Defendants objected to their disclosure

---

[1] Together, the Hon. Barry Porsch, Amy Fields, and Ronald Pawelczak.

on privilege grounds, and, as Plaintiff admits, served a privilege log. ECF No. 26-2, ¶ 20.

It would also be inequitable to compel the production of privileged CJC Records when Plaintiff did not affirmatively raise a waiver argument in his motion to compel, doing so only in one sentence for the first time on reply, and with no oral argument being ordered by the Court. And after the Order was issued, Defendants' request to raise their concerns with the privilege waiver finding with the Court was summarily rejected. ECF Nos. 41-42. Thus, Defendants had no chance to address or rebut Plaintiff's waiver claim.

The Order's finding that Defendants waived any applicable privilege over the CJC Records should be set aside as clearly erroneous and contrary to the law, and the Order should be revised to deny Plaintiff's motion to compel the admittedly privileged CJC Records.

## FACTUAL BACKGROUND

Plaintiff served Defendants with Rule 34 document demands on September 29, 2023 (the "Demands"). ECF No. 26-4. The Demands included requests for records related to any CJC complaints or related proceedings involving Defendant Porsch. *Id.* (Requests 30, 31).

Defendants timely served the Responses on October 27, 2023. ECF No. 26-5. The Responses generally objected to the Demands to the extent they requested production of documents that were privileged. *See Id.* ¶ 2. With respect to Plaintiff's request for CJC Records, Defendants specifically objected on relevance grounds, and on the grounds that they sought documents not in Defendants' possession or control, "such as records maintained by OCA." *Id.* at *14 (Responses to Demands 30, 31). Defendants also stated, "[w]ithout waiving the foregoing objections, Defendants state they have no responsive documents." *See id.*

Defendants replied as such because they did not obtain any CJC Records over which any privilege could have been asserted until after the Responses were served.

2

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("FRCP") 72(a), a party may file objections to a non-dispositive order issued by a magistrate judge within 14 days of service of the order at issue. *Id.* Where an objection is timely made, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." *Id.*

"A finding is clearly erroneous if, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Encarnacion v. Goord*, 2018 U.S. Dist. LEXIS 141896, at *2-3 (W.D.N.Y. 2018) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Kozak v. Office Depot, Inc.*, 2020 U.S. Dist. LEXIS 178372, at *3 (W.D.N.Y. 2020).

## ARGUMENT

### I.    DEFENDANTS COULD NOT WAIVE A PRIVILEGE OBJECTION THAT THEY LACKED A GOOD FAITH BASIS TO INVOKE.

Subpart (A) of FRCP 26(b)(5), "Claiming Privilege or Protecting Trial-Preparation Materials," lists the steps a party must take to invoke a privilege when it withholds otherwise discoverable material on privilege grounds, including invoking the privilege and describing the nature of the materials to be protected, allowing the other parties to assess that privilege claim. *See, e.g., Chevron Corp. v. Salazar*, 275 F.R.D. 437, 444-45 (S.D.N.Y. 2011) (party invoking a privilege under Rule 26(b) has the burden of showing facts sufficient to establish an attorney-client relationship, that the material at issue is protected work product, etc.).

The Responses did not invoke privilege as to any CJC Records because the Defendants had no such responsive documents at that time. Defendants thus lacked a good-faith basis to invoke any privilege under Rule 26(B)(5)(A) over materials they did not have and could not

3

describe with any (non-speculative) particularity. Parties are "not required to produce documents or a privilege log for documents [they] do[ ] not possess." *Jeanty v. Bagley*, 2025 U.S. Dist. LEXIS 53525, at *19 (N.D.N.Y. 2025).

Further, "[f]ederal common law and New York common law both define waiver as an intentional relinquishment and abandonment of a known right or privilege." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 2002 U.S. App. LEXIS 24460, at *9 (2d Cir. 2002)) (emphasis added); *see also Boro Precision Prods. Corp. v. John Hancock Mut. Life Ins. Co.*, 223 F. Supp. 584, 588 (E.D.N.Y. 1963) ("before one can be charged with waiver of a right he must have full knowledge of that right. Intent to relinquish a defense cannot be inferred from the conduct of a party who has no knowledge of that defense.").

Under this definition, the Order's erroneously found Defendants "waived" privilege over any CJC Records. The Responses generally objected to the Demands to the extent they sought privileged materials, showing Defendants' intent to preserve applicable privileges to the extent possible. *See* ECF No. 26-5, ¶ 2. Yet when the Responses were made, Defendants had no CJC Records to produce, and no records to attach a claim of privilege to.

Any claim of privilege at that time would have been inconsistent with Defendants' statement that they had no responsive records. It is also doubtful that any speculative claim of privilege made concerning documents Defendants might obtain in the future would have been sufficient to invoke privilege over those materials under Rule 26. *See, e.g., Pegoraro v. Marrero*, 281 F.R.D. 122, 133 (S.D.N.Y. 2011) (speculation that documents might be protected by the attorney client privilege or any other privilege "is not sufficient to invoke a privilege").[2]

---

[2] Penalizing parties for failing to include every conceivable objection in a discovery response would also trivialize the objection process and result in discovery responses that are needlessly lengthy out of a fear of waiving some objection that may or may not be applicable.

Thus, it was clear error for the Order to conclude Defendants "waived" privilege as to CJC Records they did not have when the Responses were made, as Defendants had no documents to withhold and also seemingly lacked the ability to comply with the requirements of FRCP 26(b)(5)(A). That part of the Order should be set aside.

## II.    DEFENDANTS HAD GOOD CAUSE FOR THE TIMING IN WHICH THEY INVOKED PRIVILEGE OVER THE CJC RECORDS.

FRCP 33(b)(4) states that, with respect to responses to interrogatories, any grounds for objecting "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." But Rule 34 "does not contain an automatic waiver provision for untimely objections as found in Rule 33(b)(4)." *Owen v. Elastos Found.*, 343 F.R.D. 268, 283 (S.D.N.Y. 2023). And "[a]lthough some courts have reasons that a Rule 33(b)(4) type waiver should be implied into Rule 34 [ ], they tend to reserve that remedy for situations involving lengthy delays (or failure to respond entirely) and demonstrable prejudice to the opposing party." *Id.* (collecting cases).[3]

For example, in the sole WDNY case Defendants know of where an implied waiver of objections was found concerning a Rule 34 request for documents, the plaintiff "completely ignored [ ] repeated requests for production," including a "specific inquiry as to whether there is some reason you are asserting you do not need to respond to those demands," then failed to raise any objections to the demands at issue. *See Chinn v. Elmwood Franklin Sch.*, 2018 U.S. Dist. 235062, at *7 (W.D.N.Y. 2018). The court concluded, "in light of plaintiff's flippant attitude toward her discovery obligations, she will not be excused from waiver of any objections which

---

[3] There is also authority suggesting Rule 33(b)(4)'s automatic objection waiver should not be applied to Rule 34 demands at all. *See, e.g., Imperati v. Semple*, 2020 U.S. Dist. 125897, at *16-17 (D. Conn. 2020) ("if the drafters of the Federal Rules saw fit to include an automatic waiver provision in Rule 33 and to omit such a provision in Rule 34, that implies that there is no automatic waiver of an untimely objection under Rule 34.").

5

might have been timely asserted." *See id.*

Assuming *arguendo* Defendants failed to invoke a privilege over documents they did not have when the Reponses were made, which would seem to constitute "good cause" sufficient to excuse that failure under the Rule 34(b) standard, the facts here do not support "the harsh remedy of waiver". *Owen*, 343 F.R.D. at 283. The Responses timely responded to Plaintiff's Rule 34 demands and generally objected to the production of privileged materials. Defendants did not invoke a privilege objection as to any CJC Records in the Responses because they had no such records to withhold as privileged. At all stages of the discovery process, through Defendants' prior and current counsel, Defendants have responded to Plaintiff's discovery demands, conferred with Plaintiff's counsel repeatedly to attempt to resolve various discovery issues without court intervention, supplemented their disclosures under Rule 26, and asserted applicable privileges when they had a good-faith basis to do so.

Nor was Plaintiff prejudiced. "The Second Circuit has found that a state may prevent the disclosure of records from a judicial conduct proceeding to serve the compelling interest of ensuring the quality of the state's judiciary." *Jackson v. Pfau*, 2011 U.S. Dist. LEXIS 158318, at *53 (N.D.N.Y. 2011) (citing *Kamasinski*, 44 F.3d at 110-12). The Order found such records are generally privileged. Plaintiff knew this before her motion to compel was filed, as she tried to subpoena those materials from CJC in March 2024, but withdraw the subpoena after the CJC stated those materials were protected under the Judiciary Law. ECF No. 26-14, at *15.

Yet the Order set aside this compelling state interest through its finding of waiver without any evidence of prejudice to Plaintiff, and without finding Defendants failed to respond to Plaintiff's demands, which were answered in a timely manner. Defendants had no CJC Records over which they could have made a good-faith claim of privilege when the Responses were

6

made. Thus, "good cause" existed for Defendants' lack of a privilege objection to Plaintiff's demand for the CJC Records, making the "harsh" remedy of automatic waiver inappropriate. The Order's finding of waiver should be set aside as clearly erroneous and contrary to the law.

### III.    DEFENDANTS HAD NO OPPORTUNITY TO REBUT THE PLAINTIFF'S WAIVER ARGUMENT MADE FOR THE FIRST TIME ON REPLY.

"[I]t is well settled that arguments raised for the first time in reply papers are improper and will not be considered by the court." *Ward v. Concentrix Corp.*, 2016 U.S. Dist. LEXIS 10202 (W.D.N.Y. 2016). While district courts retain discretion to consider such arguments, the exercise of that discretion is typically accompanied by affording the parties "an adequate opportunity to respond to particular arguments [such as] by ordering additional briefing or an extra round of oral argument." *See Booking v. General Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001). Given the general rule that new arguments on reply are generally prohibited, to prevent unfair surprise to the opposing party, the court "does not abuse its discretion in considering [new] arguments . . . in reply papers when the adverse party is not surprised or prejudiced by the consideration, or when the Court allows the adverse party to submit a sur-reply." *Ashby v. Murphy*, 2022 U.S. Dist. LEXIS 213971, at *22 (W.D.N.Y. 2022).

Plaintiff's waiver argument, which was absent from his affirmative legal claims, consists of one sentence in his reply brief. *Compare* ECF No. 26-1, at Part B *with* ECF No. 35, at *4-5. As the court declined to schedule oral argument on the motion, Defendants had no opportunity to rebut that claim. As the Order's finding of waiver resulted in its command to produce admittedly privileged documents, Defendants were prejudiced by the Court's consideration of that passing claim. The Order should have declined to consider it. *See, e.g., Yager v. Cnty of Erie*, 2025 U.S. Dist. LEXIS 8798, at *28 n.9 (W.D.N.Y. 2025) (declining to consider two-sentence, "perfunctory" and "underdeveloped" argument concerning a lack of personal involvement that

7

was raised for the first time on reply); *Yager v. Cnty of Erie*, WDNY No. 1:21-cv-00068-WMS-HKS, ECF No. 21, at *9 (argument).

At the very least, given principles of comity and the compelling state and party interests at stake in the CJC Records, when the Court decided to exercise its discretion to consider the waiver argument, Defendants should have been given the opportunity to address it. *See, e.g., Cleary v. Kaleida Health*, 2024 U.S. Dist. LEXIS 55136, at *13-14 (W.D.N.Y. 2024) (on motion to quash, denying motion without prejudice based on recognition that issue was raised by the court *sua sponte* as to one party and only raised for the first time in reply by another, to give the parties the opportunity to address it).

## CONCLUSION

Therefore, Defendants respectfully object to the Court's finding that Defendants waived privilege with reject to the CJC Records, ask that this portion of the Order be set aside, and deny Plaintiff's motion to compel with respect to any CJC Records sought.

DATED:    September 2, 2025
              Buffalo, New York

                                LETITIA JAMES
                                Attorney General of the State of New York
                                *Attorney for Defendants*

                                BY: /s/ *Joel J. Terragnoli*
                                Joel J. Terragnoli
                                Assistant Attorney General
                                  of Counsel
                                Main Place Tower
                                350 Main Street, Suite 300A
                                Buffalo, NY 14202
                                (716) 853-8449
                                Joel.Terragnoli1@ag.ny.gov