UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSICA B. SERRETT

        Plaintiff,

  v.

BARRY PORSCH, RONALD PAWELCZAK, AMY FIELDS, and JANE DOES

        Defendants.

Civil Action No. 6:23-cv-06291

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PORSCH'S OBJECTION TO THE ORDER ON PLAINTIFF'S MOTION TO COMPEL

Dated: September 23, 2025

**GREGORY L. SILVERMAN, ESQ., PLLC**

s/ Gregory L. Silverman
118 Genesee St.
Geneva, NY 14456
Telephone: (585) 480-6686
greg@silverman-law.com
*Attorney for Plaintiff Jessica Serrett*

i

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STANDARD OF REVIEW ...................................................................................................2

LEGAL ARGUMENT............................................................................................................2

    A.  Porsch's Arguments are Unpreserved, and Thus Waived ...................................2

    B.  The Order is Not Contrary to Law or Clearly Erroneous ....................................3

        1.  The Order follows well-established caselaw on privilege waivers..............3

        2.  Porsch's unsworn assertions that he "had no" CJC documents should be disregarded ...................................................................................................5

        3.  Porsch's Responses stated that the NYS Courts "maintained" CJC documents, over which he had control...........................................................................5

        4.  Porsch's counsel's representation about when he first "possessed" responsive documents is insufficient to disturb the Order...............................................6

        5.  Plaintiff would be prejudiced if responsive CJC records were withheld.......7

    C.  Comity Requires Disclosure Even if the Order was Contrary to Law................7

CONCLUSION.......................................................................................................................9

**INTRODUCTION**

Plaintiff Jessica Serrett served as a law clerk in the Seneca County Supreme Court for Defendant Barry Porsch. She alleges that Porsch unlawfully terminated her because sought to grow her family and foster a child.

In response to Plaintiff's motion to compel, Judge Foschio ordered that Porsch produce documents concerning complaints against him at the Commission for Judicial Conduct (CJC) based on his failure to assert a privilege objection in his responses to Plaintiff's documents requests (the Responses). Porsch now argues that Order was contrary to law or clearly erroneous under Federal Rule of Civil Procedure (Rule) 72(a). His Objection should be denied.

First, Rule 72(a) prohibits a party from advancing new arguments in an objection. Porsch could have – but did not – make the arguments he now asserts to Judge Foschio. They should be deemed waived. Without any preserved arguments, his Objection should be denied.

Second, the Order is not clearly erroneous or contrary to law. The ruling that Porsch waived any privilege concerning CJC records follows well-established caselaw. Porsch cites no controlling authorities which might show the Order was contrary to law. His belated allegation that he "had no" CJC documents at the time of his Responses should be disregarded as unsworn. But even if assumed true, Porsch's bald allegation is insufficient to show clear error because it omits whether he had any such records within his *control*. His Responses represented that the NYS court system "maintained" CJC documents, over which he had a right to obtain.

Finally, even if the ruling that Porsch waived any privilege was contrary to law, the Order compelling disclosure was not clearly erroneous. Under the doctrine of comity, state laws designating certain documents as confidential, like CJC records, must yield to the federal interest in discovering the truth and presenting relevant information to a trier of fact.

Porsch's Objection should be denied.

1

**STANDARD OF REVIEW**

"The standard of review with respect to [Porsch's] appeal is highly deferential—the Magistrate Judge's determination is non-dispositive, and therefore it may be set aside only if clearly erroneous or contrary to law." *Adams v. Taylor*, 717 F. Supp. 3d 300, 303 (W.D.N.Y. 2024). This standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* "These criteria are strictly construed against the moving party so as to avoid repetitive arguments." *Id.*

**LEGAL ARGUMENT**

**A. Porsch's Arguments Are Unpreserved, and Thus Waived.**

Porsch could have, but did not, present to Judge Foschio his contentions that ground his Objection. They should be deemed waived.

Rule 72(a) states that a party may not object to an unpreserved argument: a "party may not assign as error a defect in the order not timely objected to." Indeed, it is well-established that:

> A party's failure to present timely arguments, case law, or evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those arguments or materials to the district court on appeal from the magistrate's nondispositive order.

*Grand River Enters. Six Nations, Ltd. v. King*, Case No. 02-CIV-5068, 2009 WL 1360686, at *2–3 (S.D.N.Y. May 15, 2009); *see also Lakehal-Ayat v. St. John Fisher Coll.*, No. 18-CV-6916, 2022 WL 17687822, at *5 (W.D.N.Y. Dec. 15, 2022) (because a "party may not assign as error a defect in the order not timely objected to," the plaintiff waived his argument by "failing to raise

2

it" to the magistrate below); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) (Rule 72 "does not permit a litigant to present new initiatives to the district judge.").

It is undisputed Porsch never asserted below the arguments he makes now. Indeed, he complains that he had "no opportunity" to rebut Plaintiff's waiver argument made in her Reply. But in this instance, a sur-reply would have been available to Porsch. *See* L.R. 7(a)(6); *see also Escobar v. Correa*, No. 22-CV-8434, 2024 WL 4042122, at *6 (S.D.N.Y. Sept. 4, 2024) ("district courts have discretion to consider arguments first raised in reply briefs, which discretion can be exercised by either ignoring the new arguments or granting permission for a sur-reply"); *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 386 (W.D.N.Y. 2018) (a sur-reply is appropriate "where the opposing party raises new arguments…for the first time in a reply brief, such that the party seeking leave to file the sur-reply had no opportunity to address the arguments or evidence in its prior submissions."). While a sur-reply was available to Porsch, he never sought to file one.

In sum, Rule 72(a) prohibits a party from making new arguments in an objection. Porsch could have, but did not, make the arguments set forth here to Judge Foschio. They should be deemed waived. Without any preserved arguments, Porsch's Objection should be denied.

**B.  The Order is Not Clearly Erroneous or Contrary to Law.**

Even if Porsch's new contentions are considered here, Judge Foschio's determination that Porsch waived any privilege he may have had over CJC records concerning any complaint against him was no mistake, and is supported by longstanding decisions in the WDNY.

1.  <u>The Order follows well-established caselaw on privilege waivers.</u>

Judge Foschio concluded that Porsch waived any privilege objection by failing to assert it and otherwise comply with Rule 26(b)(5). (Dkt. 40 at 6.) To support this proposition, he cited

3

*Holmes v. Fischer*, No. 09-CV-00829S, 2013 WL 1309157, at *5 (W.D.N.Y. Mar. 28, 2013). In *Holmes*, the defendants did not specify their objection to discovery "was a 'privilege," nor did [the d]efendants move for a protective order or file any privilege log with regard to the requested information." The *Holmes* Court thus determined the party had waived privilege. *Id.* In support, *Holmes* cited *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, which is even more exacting on privilege waivers. 181 F.R.D. 229, 237-38 (W.D.N.Y. 1998). It determined that a party's conclusory assertion that the requested documents were protected by a privilege was insufficient to satisfy the requested party's burden to "supply opposing counsel with sufficient information to assess the applicability of the privilege without revealing information which is privileged or protected." *Id.* Porsch never claims that there exists any controlling decision which effectively overruled *Holmes* and *Land Ocean*.

In a similar vein, Porsch misreads Rule 34 and *Chinn v. Elmwood Franklin Sch.* to argue that Rule 34 does not include an automatic waiver for untimely objections. Rule 34(b) requires that a party who is served a document request "shall" respond within 30 days. In *Chinn v. Elmwood Franklin Sch.*, the WDNY acknowledged that even through Rule 34 does not include an express waiver provision like in Rule 33, it "should be implied into all rules using the use of the various discovery mechanisms." No. 15-CV-00938, 2018 WL 10509568, at *2 (W.D.N.Y. June 21, 2018); *see also Favors v. Cuomo*, No. 11-CV-5632, 2013 WL 12358269, at *3 (E.D.N.Y. Aug. 27, 2013) ("courts have reasoned that a Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms," and thus "failure to make particularized objections to document requests constitutes a waiver").

Finally, Porsch's unsupported argument that his generalized privilege objection was effective should be rejected. His privilege objection under "General Objections" only mentioned the "attorney client-privilege" or the "Deliberative Process Privilege." (Dkt. 26-5 at 1.)

4

Regardless, a blanket privilege objection is ineffective. *See In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982) ("Such a blanket claim of privilege is improper. The extent to which any conversation or document is privileged must be determined on an individual case-by-case basis and not based on a blanket assertion by the party claiming the privilege.").

> 2. Porsch's unsworn assertion that he "had no" CJC documents at the time of his Responses should be disregarded.

For the first time Porsch says that he did not object based on privilege because at the time he "had no" responsive documents. (Dkt. 43 at 3.) This factual assertion should be disregarded as it is unsupported by any affidavit or sworn declaration. *See Yeremis v. Amerit Fleet Sols.*, Case No. 1:20-CV-04723-GHW, 2021 WL 1565693, at *2 (S.D.N.Y. Apr. 21, 2021) (on a motion to compel, the court was "unable and unwilling to endorse factual findings unsupported by affidavits…"); *cf.* L.R. 7(a)(3) ("motions and opposition to motions shall be supported by" sworn facts as appropriate).

> 3. Porsch's Responses stated that the NYS Courts "maintained" CJC documents, over which he had control.

Even if considered, however, Porsch's claim that he "had no" responsive documents does not answer whether he had *control* over responsive CJC documents. While his Responses also stated that he had no such documents, he added that any responsive CJC records were "maintained by the" NYS Office of Court Administration (OCA). (Dkt. 26-5 at Nos. 30-31.) Of course, a party's declaration that they do not "have" responsive documents glaringly avoids the party's "duty to conduct a reasonable and diligent search for responsive documents" within their control. *See Wilson v. Town of Cheektowaga*, No. 18-CV-1255, 2021 WL 195348, at *3 (W.D.N.Y. Jan. 20, 2021); *see also In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177 (S.D.N.Y. 2006) ("If the producing party has the legal right or the practical ability to

5

obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.").

If the OCA "maintained" responsive documents, then Porsch had control over them. Particularly, he could have requested the specific documents available to him under Judiciary Law § 44 (the complaint and a transcript of his testimony), along with all other documents concerning a CJC complaint about him, as Plaintiff requested. *See* Advisory Comm. on Jud. Ethics Op. 93-06 (Jan. 28, 1993) (a judge may "waive the confidentiality of all records of the Commission relating to a complaint against him or her, and to designate that such records be made available…to any designated person").[1] His assertion that he "had no" responsive CJC documents neglects his duty to declare whether any relevant CJC records were in his control.

    4. <u>Porsch's counsel's representation about when he first "possessed" responsive documents is insufficient to upend the Order.</u>

Besides Porsch's assertion that he "had no" documents because they were "maintained by the OCA," Porsch's counsel represented that responsive CJC records "came into the <u>possession</u> of Defendants' current counsel late last year." (Dkt. 43 at 3) (emphasis added). Even if Porsch's counsel's unsworn assertion is considered, it is insufficient to show a timely privilege objection.

Rule 26(e)(1)(A) requires a party to "supplement or correct its…response" to RFPs "in a timely manner if the party learns that in some material respect the…response is incomplete or incorrect." (Emphasis added.) Rule 26(e)'s duty to supplement or correct applies regardless of "whether the corrective information is learned by the client or by the attorney," and is triggered when the client or counsel "reasonably ought to have been aware" of the obligation to supplement. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012).

---

[1] Available at: https://www.nycourts.gov/legacyhtm/ip/judicialethics/opinions/93-06.htm (Last accessed Sept. 18, 2025).

Porsch's counsel's statement, like Porsch's, is silent about what truly matters: when responsive CJC documents were first in Porsch's possession, custody, or *control*. Porsch's counsel's representation is insufficient to show a timely privilege assertion was made.

     5.  <u>Plaintiff would be prejudiced if responsive CJC records were withheld.</u>

Porsch misreads *Jackson v. Pfau* to argue that Plaintiff would face no prejudice if responsive CJC documents were withheld. 2011 WL 13127988, at *14 (N.D.N.Y. May 12, 2011). But *Jackson* simply recognized that Judiciary Law §§ 44 and 45 governed the confidentiality of CJC documents, and ultimately held that the plaintiff could not recover on his Section 1983 claim contending that CJC employees "did not follow the provisions of the New York Judiciary Law" in response to his "complaint of judicial conduct." *Id.* at *15.

As detailed below, under the doctrine of comity, a state's law governing confidentiality of certain records should not be permitted to frustrate the strong federal interest of truth-seeking. Not disclosing responsive CJC documents to Plaintiff would prejudice her right to discover documents highly probative to her claims and present relevant evidence to the factfinder

    **C.  Comity Requires Disclosure Even if the Order was Contrary to Law.**

As shown above, there is no controlling law that renders Judge Foschio's Order contrary to law or clearly erroneous. Regardless, Porsch should nevertheless be compelled to produce records concerning any CJC complaint against him. The doctrine of comity demands that any policy justification concerning confidentiality over CJC records must yield to the federal interest of broad discovery and truth-seeking in Plaintiff's attempt to vindicate her federal civil rights.

It is undisputed that CJC documents are generally considered confidential and not available to the public. But the New York State Judiciary Law does not govern discoverability in a federal court action. Under the principle of comity, "state rules may illustrate important privacy interests, and a strong policy of comity between state and federal sovereignties impels federal

7

courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Howard v. City of Rochester*, No. 23-CV-6561, 2024 WL 4884216, at *10 (W.D.N.Y. Nov. 25, 2024). But comity "does not involve rote application of state law." *Id.* A state provision which deems certain documents confidential "does not govern discoverability and confidentiality in federal civil rights actions." *Id.* (*citing King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (compelling disclosure of law enforcement records kept confidential by now-repealed Civil Rights Law § 50-a)).

Rather, state laws governing confidentiality "should *never* be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in" federal civil rights laws. *Id.* (emphasis added). Unless "the applicant, through competent declarations, shows the court what [privacy] interests…would be harmed, how disclosure...would cause the harm, and how much harm there would be, the court cannot conduct a meaningful balancing analysis." *Id*. Porsch submitted no such declaration to Judge Foschio. Nor could he, as the parties' protective order ensures confidentiality of these sensitive records.

Here, Plaintiff has a strong interest in discovering any CJC records concerning Porsch. These records are effectively a state court judge's personnel file concerning their conduct. Such documents are relevant to Plaintiff's claims because Porsch is the alleged wrongdoer, and they could shed light on issues like motive, intent, or knowledge, and be used to impeach. *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). Nor must these documents be "admissible as evidence to be subject to discovery as provided in Rule 26(b)(1)." *Matalavage v. Sheriff of Niagara County*, 2023 WL 2043865, at * 2 (W.D.N.Y. Feb. 16, 2023).

8

It is well-established that state confidentiality statutes "must yield when outweighed by a federal interest in presenting relevant information to a trier of fact." *United States v. One Parcel of Prop. at 31-33 York St.*, 930 F.2d 139, 141 (2d Cir. 1991); *see also Progressive Garden State Ins. Co. v. Metius, No.* CV 18-2893 (WJM), 2019 WL 1468155, at *2 (D.N.J. Apr. 3, 2019) ("confidentiality is not a basis to withhold discovery") (*citing Fed. Open Mrkt. v. Merrill*, 443 U.S. 340, 362 (1979)); G*en. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 643 (D. Kan. 2003) (overruling confidentiality objections because "a stipulated order protecting the confidentiality of documents produced already is in place.").

Here, any policy justifications to maintain confidentiality over CJC records should yield to the federal interest of broad discovery and presenting relevant information to the factfinder. CJC records concerning a complaint against Porsch are highly probative to Plaintiff's claims. Any harm that might flow from production can be avoided by subjecting them to the party's protective order. (Dkt. 17.)

## CONCLUSION

Defendant Porsch's new arguments all fall well short of meeting Rule 72(a)'s highly deferential standard. Judge Foschio's determination that Porsch waived any privilege over CJC records is supported by longstanding caselaw. Porsch never referenced any *controlling* decisions which were potentially overlooked. He only makes vague and incomplete allegations about when such records may have been in his possession. He ignores his obligation to provide documents within his control – or his CJC records which were "maintained" by the state court system. Even if the unsworn assertions are assumed true, they still do not show that Porsch had no responsive documents in his possession, custody, or *control* at the time of his Responses.

Regardless, the Order was not clearly erroneous. The doctrine of comity demands that these CJC records relevant to Plaintiff's claims be produced. The Objection should be denied.

9

Dated: September 23, 2025            **GREGORY L. SILVERMAN, ESQ., PLLC**

<u>s/Gregory L. Silverman</u>
118 Genesee St.
Geneva, NY 14456
Tel: (585) 480-6686
greg@silverman-law.com
*Attorney for Plaintiff Jessica Serrett*