UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA B. SERRETT,

                                Plaintiff,

v.

BARRY PORSCH, et al,

                                Defendants.

**DECLARATION**

Index No. 6:23-cv-06291

---

**AMY B. FIELDS** declares under penalty of perjury the following is true and correct, in accordance with 28 U.S.C. § 1746:

1.    I work as a management analyst for the New York State Unified Court System ("UCS"), at the Seventh Judicial District offices of UCS in Rochester, New York, a role I have held since September 15, 2022. I am also a defendant in this action.

2.    I make this declaration in response to the Court's August 26, 2025, order on Plaintiff's motion to compel (the "Order"). ECF No. 40.

3.    As a management analyst I have a wide variety of human resources-related duties concerning non-judicial UCS employees working in the Seventh Judicial District, including but not limited to: processing appointment related paperwork, assisting the District Executive and Deputy District Executive with handling or triaging personnel issues, reviewing and processing leave-related paperwork, and handling minor time and attendance issues.

4.    I have been told the Order directs defendants to produce records of proceedings before the New York State Commission on Judicial Conduct involving defendant Porsch (the "CJC Records"), documents concerning a January 7, 2022 meeting involving defendants Pawelczak and Porsch, and Inspector General ("IG") reports concerning Plaintiff and defendants.

1

5. I have not seen (nor am I personally aware of) any CJC Records.

6. I did not participate in the January 7, 2022 meeting with defendants Pawelczak and Porsch, and do not know what records were generated as a result of that meeting.

7. I am only aware of one IG investigation involving Plaintiff: the investigation resulting the IG's February 2022 report concerning her technology usage, which I have been told was previously produced to Plaintiff. I am not aware of any IG investigation or report involving Plaintiff and myself, or Plaintiff and defendants Porsch or Pawelczak.

8. I was also told the Order directs Defendants to provide an affidavit describing the efforts taken to find documents responsive to Plaintiff's request for documents concerning the reason for Plaintiff's termination as represented by the NYS Department of Labor ("DOL").

9. I am guessing this relates to Plaintiff's allegation in the complaint that someone in the Seventh Judicial District reported to DOL that Plaintiff was terminated because she had not received a COVID vaccine. *See* ECF No. 1, ¶¶ 76-77.

10. I conducted several searches of my own UCS work records and UCS personnel records in response to Plaintiff's demands for documents, including searching my own electronic work files (such as Microsoft Word files, .pdfs, Microsoft Outlook/emails, etc.), as well as paper records maintained in the Seventh Judicial District Offices in the Hall of Justice in Rochester, New York (including Plaintiff's personnel and human resources ("HR") files).

11. I searched my electronic files by searching for the Plaintiff's name (first name, last name, and/or combinations of those), with a focus on the time periods described in the complaint. When I found documents referencing Plaintiff, even if those records extended beyond the times noted in the complaint, I provided those records to my counsel to be produced.

2

12.    Records concerning DOL and Plaintiff have been produced, including the records attached as **Exhibit A** (Defendants000113-115, 000470-472 and 0001667-1668).

13.    Those records indicate DOL was to be advised that Plaintiff chose to resign in lieu of being terminated "D/T" (due to) performance issues. Ex. A (0001667-1668).

14.    To my knowledge, only a single email chain I found concerning myself and the Plaintiff, which consisted of my inquiry to OCA counsel's office asking for legal advice concerning this lawsuit after the filing of the complaint, was withheld on privilege grounds. I have been told Plaintiff has not challenged that privilege designation.

15.    During my search for responsive records, I also manually reviewed numerous hard-copy files maintained by UCS, including Plaintiff's "blue" personnel file (Defendants000148-000229), and her "green" (Defendants001554-001584) and "red" (Defendants001585-001679) HR files, all of which were previously produced.

16.    An employee's "blue" file is also known as their "personnel file". That contains documents such as nominations for appointment, oaths of office, performance evaluations, acknowledgement forms, probationary notices, and other similar employment records.

17.    An employee's "green" file is their time and leave file. This contains records that might be needed in the result of a time and leave audit completed by the UCS Auditor's Unit, such as an employee's request for us to make a time or leave correction on their behalf, supporting documentation for various excused leaves, or other time/attendance related records.

18.    The "red" file is a confidential collection of materials concerning issues that might arise during one's employment with UCS. Some examples might include, but are not limited to: medical documentation, proof of a request by an employee for FMLA paperwork, completed FMLA leave request forms and related approvals, basic notes and information the

3

employee may have shared about their leave, performance related notes that may have been sent to the human resources department or District Executive's office by a supervisor asking for guidance, emails concerning requests for permission to terminate an employee, or information provided by HR regarding an employee holding rights to another position. In the event that HR asks a question to a UCS employee, the response is typically printed and filed in the employee's red folder in case reference to it is needed in the future.

19.    I did not find any record or other reference in these blue, green or red files of Plaintiff being terminated for having failed to receive the COVID vaccine.

20.    If Plaintiff had been terminated for that reason, a related record would have been kept those files. I know this because I personally helped prepare an official memo and mailing sent on April 7, 2022, to the affected UCS employees in the Seventh Judicial District that were terminated for having failed to receive the COVID vaccine. Copies of that memo and correspondence were retained in the affected employees' (blue) personnel files.

21.    No such records were in Plaintiff's personnel file because, as noted above, she resigned for reasons unrelated to her COVID vaccination status.

22.    During my review I was also able to confirm that Plaintiff's HR files contained a copy of her COVID-19 vaccination records (*see* Defendants001575-1580), including her requests for leave to get the COVID vaccine, which were also previously produced to Plaintiff as part of her "red" and "green" files. *See* **Exhibit B.**

23.    These documents included an email stating that Plaintiff was "compliant with the current COVID 19 vaccination mandate". *See id.*

24.    I do not know if DOL has any records that suggest otherwise, but I have not seen any UCS files that support this allegation.

4

DATED:     September 15, 2025
                Rochester, New York

                                  AMY B. FIELDS

5