UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSICA B. SERRETT,

                Plaintiff,

    v.                                 Index No. 6:23-cv-06291

BARRY PORSCH, et al,

                Defendants.

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF OBJECTIONS TO ORDER ON MOTION TO COMPEL

LETITIA JAMES
Attorney General of the State of New York
JOEL J. TERRAGNOLI
*Attorney for Defendants*
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
Tel: (716) 853-8449
Joel.Terragnoli1@ag.ny.gov

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ......................................................................................... 1

**ARGUMENT** ...................................................................................................................... 1

    **I.**       **DEFENDANTS DID NOT WAIVE PRIVILEGE OVER
THE CJC RECORDS.** ......................................................................................... 1

    **II.**     **DEFENDANTS TIMELY AND PROPERLY OBJECTED
TO THE ORDER.** .................................................................................................. 3

    **III.**    **PLAINTIFF'S REMAINING ARGUMENTS ARE INAPPOSITE.** ........................ 5

**CONCLUSION** .................................................................................................................... 6

## PRELIMINARY STATEMENT

Defendants make this reply in further support of their objections to the part of the Court's order (ECF No. 40, the "Order") on Plaintiff's motion to compel (ECF No. 26), that found Defendants "waived" privilege over records from the New York State Commission on Judicial Conduct (the "CJC" and "CJC Records") concerning defendant Porsch, by failing to invoke such a privilege in their October 27, 2023 document demand responses (the "Responses").

## ARGUMENT

### I.    DEFENDANTS DID NOT WAIVE PRIVILEGE OVER THE CJC RECORDS.

Defendants' main objection to the waiver finding was that when the Responses were made, they had no responsive documents over which to make a good faith claim of privilege. The Responses said that verbatim (ECF No. 26-5, at *14), so the basis for Plaintiff's claim that defendants argued this for the "first time" in their objections (ECF No. 50, at *5) is unclear.

Plaintiff misrepresents the record by claiming the Responses stated, "any responsive CJC records were 'maintained by the' NYS Office of Court Administration (OCA)." ECF No. 50, at *5; *see also id.* at *6 ("Besides Porsch's assertion that he 'had no' documents because they were 'maintained by the OCA' . . . ."). Defendants did not say OCA had CJC Records they were unwilling to request. They objected to Plaintiffs' document demands to the extent they sought records maintained by some third party, such as the New York State Office of Court Administration ("OCA"), or the CJC,[1] if such records existed. *See* ECF No. 26-5, at *14

---

[1] The CJC is an independent state agency comprised of 11 members appointed by the Governor, the Chief Judge of the New York Court of Appeals, and members of the State Legislature. *See* New York State Commission on Judicial Conduct, "About Us", *available at* https://cjc.ny.gov/General.Information/Gen.Info.Pages/About.us.html. Despite separately subpoenaing both bodies, Plaintiff seems to improperly conflate the CJC with the New York State Unified Court System's Office of Court Administration, which is the administrative arm of the New York State Unified Court System. *See* ECF No. 50, at *9.

("Defendants object to the extent it seeks information and/or documents not in Defendants' possession, control, or custody such as records maintained by OCA.").

Plaintiff asks the Court to impose an impossible burden on Defendants. While seeking to acknowledge Defendants had no records to specifically invoke a privilege over, Plaintiff also argues the Responses' "conclusory" or "blanket" assertions of privilege intended to generally preserve those rights were "insufficient to satisfy the requested party's burden to supply opposing counsel with sufficient information to assess the applicability of the privilege without revealing information which is privileged or protected." ECF No. 50, at *6-*7. But that is the point. What information could Defendants give Plaintiff about records they did not have? Defendants could not in good faith make a claim of privilege under Federal Rule of Civil Procedure ("FRCP") 26(b)(5) because they had no responsive documents, and thus lacked the same facts Plaintiff indicts them for failing to provide. *See, e.g., Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237-38 (W.D.N.Y. 1998) (waiver occurred where a party failed to provide the information required to invoke a privilege under FRCP 26(b)(5)).

Despite trying to distinguish Defendants' authority, Plaintiff cite no cases where an automatic waiver of an admittedly applicable privilege was found under similar facts. ECF No. 50, at *5-6. Plaintiffs' own cases show automatic waivers of objections under Rule 34(b) are only found in egregious circumstances where parties make untimely responses, stubbornly refuse to answer discovery demands, or otherwise engage in action bad faith conduct. *See id.* at *4 (citing *Chinn v. Elmwood Franklin Sch.*, 2018 U.S. Dist. LEXIS 235062, at *7 (W.D.N.Y. 2018) ("in light of plaintiff's flippant attitude toward her discovery obligations, she will not be excused from waiver of any objections which might have been timely asserted.") *and Favors v. Cuomo*, 2013 U.S. Dist. LEXIS 202767, at *15 (E.D.N.Y. 2013) (finding "the Senate Majority provides

no explanation whatsoever for its strategic decision not to timely object to the production of post-enactment documents, in clear violation of Rule 34(b)(2)," so "[i]n these circumstances, the Senate Majority's belatedly disclosed objection to the temporal scope of discovery has been waived."). Or as another court noted, "waiver is generally imposed only where the party is unable to provide an explanation for its late response[ ], fails to respond despite court intervention [ ], or fails to respond entirely." *Callaway Golf Co. v. Corp. Trade Inc.,* 2011 U.S. Dist. LEXIS 1642377, at *6-*7 (S.D.N.Y. 2011) (citations omitted). That did not occur here.

Defendants could not in good faith claim privilege in the Responses over records they did not have, and, as Plaintiffs argue, nor could Defendants speculatively invoke privilege over records that might exist elsewhere. Therefore, the Order's finding that Defendants "waived" (i.e., "intentionally relinquished" or "abandoned") any privilege that might apply to the CJC Records by failing to invoke privilege in the Responses was clearly erroneous and/or contrary to the law.

## II.    <u>DEFENDANTS TIMELY AND PROPERLY OBJECTED TO THE ORDER.</u>

Defendants' objections to the Order were timely filed within the 14-day period prescribed by FRCP 72(a). ECF Nos, 40, 43. Yet Plaintiff still argues Defendants "waived" their ability to file timely objections to the Order because they did not seek permission to file a sur-reply.

Under Rule 7(a)(2) of the local rules of civil procedure, sur-replies are not permitted absent permission of the presiding judge, and neither the federal nor local rules seem to place any obligation on the parties to make such applications to preserve defenses to arguments improperly made by their opponents for the first time on reply. *Mikado v. Allbaugh*, 2016 U.S. Dist. LEXIS 83599, at *3 (W.D. Okla. 2016) ("there is no obligation for an opponent to submit a sur-reply under LCvR 7.1(i), and failure to do so does not constitute a waiver of defenses.").

Plaintiff cites the same line of authority as Defendants, which says that if the court

3

intends to consider new arguments made for the first time on reply, the adverse party should be given notice and the opportunity to file (or request) a sur-reply to address the issue on the merits and mitigate the possibility of unfair prejudice. ECF No. 50, at *5 (citing *Escobar v. Correa*, 2024 U.S. Dist. LEXIS 158838, at *14 (S.D.N.Y. 2024) ("Plaintiff was explicitly given notice that this Court was inclined to consider the Moving Defendants' arguments regarding the § 1983 claims, and Plaintiff was given leave to file a sur-reply addressing the issue.")); *see also* ECF No. 50, at *2-3 (*citing Lakehal-Ayat v. St. John Fisher Coll.*, 2022 WL 17687822, at *5 (W.D.N.Y. 2022) (finding party waived its right to object to magistrate's handling of discovery dispute where no timely objection was made, where plaintiff had the opportunity to submit a nine-page letter brief on related issues and then participated in oral argument, after which he was advised the magistrate intended to rule on the matter)). No oral argument was had on Plaintiff's motion, which could have provided notice of the Court's intention to consider the waiver issue as being potentially dispositive, so Defendants were denied that opportunity.[2]

If accepted, Plaintiff's behavior and arguments would encourage parties to cram their replies with as many one sentence, undeveloped arguments as space permitted. Non-movants would then be in the position of having to guess which undeveloped claim or passing comment might merit burdening the Court with the inconvenience of considering an application for a sur-reply out of a fear of "waiving" a defense to an argument that was improperly raised for the first time on reply, even though such claims are ordinarily not considered. Requests for the filing of

---

[2] It seems to be the regular practice of Judge Foschio to hold oral argument on motions to compel. United States District Court, Western District of New York, Judges' Info, Hon. Leslie G. Foschio, "Motions", *available at* https://www.nywd.uscourts.gov/content/hon-leslie-g-foschio ("Motions to compel will be scheduled for oral argument at a date determined by Court. Dispositive motions will not be scheduled for oral argument unless the Court deems it necessary . . . "). For Plaintiff's motion, oral argument was set to be "at the discretion of the court," and then no such argument was scheduled before the Order issued. ECF No. 27.

4

sur-replies would then become the norm, as opposed to the exception to the rule. *See* ECF No. 50, at *5 (citing *Travelers Propr. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 383 (W.D.N.Y. 2018) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs.")).

### III.    PLAINTIFF'S REMAINING ARGUMENTS ARE INAPPOSITE.

Plaintiff's remaining arguments are either irrelevant or not persuasive. The issue of whether Defendants had "control" over the CJC Records is separate and distinct from whether those records were privileged such that Defendants could resist their disclosure.

Plaintiff's examination of the timing of Defendants' supplemental rule 26 disclosures is also irrelevant because the CJC Records were not disclosed. In any event, after Defendants' counsel came into possession of those records, Defendants replied to this portion of Plaintiff's discovery "deficiency" letters by stating the CJC Records were privileged and serving an accompanying privilege log. *See* ECF. No. 26-19, at *2-3. Thus, the finding in *Holmes v. Fischer*, 2013 U.S. Dist. LEXIS 45263, at *16-*17 (W.D.N.Y. 2013), where neither a privilege objection was made nor a privilege log was served, is distinguishable.

Plaintiff claims she would be prejudiced if the waiver finding is overturned because she would be unable to obtain "documents highly probative to her claims". But a standalone claim of "I want the discovery" cannot be the "demonstrable prejudice" required to support an automatic waiver finding under Rule 34. *See Owen v. Elastos Found*, 343 F.R.D. 268, 283 (S.D.N.Y. 2023). If it was, such prejudice would exist in every case any time a defendant objected to a discovery demand, making the prejudice analysis meaningless.

Lastly, Plaintiff improperly attacks the Order's finding that the CJC Records are

privileged, arguing the "New York State Judiciary Law does not govern discoverability in a federal court action." ECF No. 50, at *7. Plaintiff waived her right to challenge the Order's finding that the CJC Records are privileged by not objecting to that determination. FRCP 72(a). Moreover, as recognized by the Order, the Second Circuit's in *Kamasinski v. Judicial Review Council,* 44 F.3d 106, 110 (2d Cir. 1994) concluded that judicial disciplinary records like the CJC Records are privileged. That determination, and not the provisions New York state law, control the privilege analysis in this proceeding.

## CONCLUSION

Therefore, for the reasons stated above and in Defendants' affirmative objections, the Court should determine the Order's finding that Defendants waived privileged with respect to the CJC records was clearly erroneous and/or contrary to the law, and deny Plaintiff's motion to compel with respect to any CJC Records sought.

DATED:       September 30, 2025
             Buffalo, New York

                                LETITIA JAMES
                                Attorney General of the State of New York
                                *Attorney for Defendants*

                                BY:  */s/ Joel J. Terragnoli*
                                JOEL J. TERRAGNOLI
                                Assistant Attorney General, of Counsel
                                350 Main Street
                                Main Place Tower, Suite 300A
                                Buffalo, New York 14202
                                (716) 853-8449
                                Joel.Terragnoli1@ag.ny.gov

6